UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

                Plaintiff,

-against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL
CONTRACTORS CORP., CONSOLIDATED EDISON
OF NEW YORK, INC., TERRA DINAMICA, LLC,
CORESLAB STRUCTURES, and NICOLSON
CONSTRUCTION CO.,

                Defendants.
------------------------------------------------------------------X

Docket No.: 07 CV 3148 (KMK)

**ANSWER AND
DEMAND FOR JURY**

DEFENDANT BUILDING RESOURCES, INC., by its attorneys, Lambert & Weiss, as for its answer to the complaint alleges as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "1" of the complaint.

2. Denies the allegations contained in paragraph "2" of the complaint, except admits that at certain times it did business within the State of New York.

3. Denies having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "3" of the complaint.

4. Denies having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "4" of the complaint.

5. Denies having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "5" of the complaint.

6. Denies having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "6" of the complaint, except alleges upon

information and belief that D'Onofrio was believed to be the general contractor for a certain project.

7. Denies the allegations contained in Paragraph "7" of the complaint.

### IN ANSWER TO THE FIRST CAUSE OF ACTION

8. Denies the allegations contained in paragraph "8" of the complaint.

9. Denies the allegations contained in paragraph "9" of the complaint.

10. Denies the allegations contained in paragraph "10" of the complaint.

11. Denies the allegations contained in paragraph "11" of the complaint.

12. Denies the allegations contained in paragraph "12" of the complaint.

13. Denies the allegations contained in paragraph "13" of the complaint.

14. Denies the allegations contained in paragraph "14" of the complaint.

15. Denies the allegations contained in paragraph "15" of the complaint.

16. Denies the allegations contained in paragraph "16" of the complaint.

17. Denies the allegations contained in paragraph "17" of the complaint.

### IN ANSWER TO THE SECOND CAUSE OF ACTION

18. In response to paragraph "18" of the complaint, this defendant repeats and realleges each and every allegation contained herein in response to paragraphs "1" through "17" of the complaint, as though fully set forth at length herein.

19. Denies the allegations contained in paragraph "19" of the complaint.

20. Denies the allegations contained in paragraph "20" of the complaint.

21. Denies the allegations contained in paragraph "21" of the complaint.

## IN ANSWER TO THE THIRD CAUSE OF ACTION

22. In response to paragraph "22" of the complaint, defendant repeats and realleges each and every allegation contained herein in response to paragraphs "1" through "21" of the complaint, as though fully set forth at length herein.

23. Denies the allegations contained in paragraph "23" of the complaint.

24. Denies the allegations contained in paragraph "24" of the complaint.

## IN ANSWER TO THE FOURTH CAUSE OF ACTION

25. In response to Paragraph "25" of the complaint, defendant repeats and realleges each and every allegation contained herein in response to paragraphs "1" through "24" of the complaint, as though fully set forth at length herein.

26. Denies having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "26" of the complaint.

27. Denies having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "27" of the complaint.

28. Denies having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "28" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29. The complaint fails to state a claim for which relief may be granted as against this defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. Plaintiff has waived any and all claims asserted in its complaint and is estopped from asserting those claims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. To the extent that any alleged loss occurred, such loss directly and proximately resulted from plaintiff's own independent mishandling of its own affairs and any purported damage caused to plaintiff is wholly unrelated to any purported acts, statements or alleged obligations of defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. Plaintiff has failed to mitigate its damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred by release, payment and/or waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims, or portions thereof, are barred by plaintiff's failure to satisfy statutory and/or contractual conditions precedent and/or requirements.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35. Upon information and belief, any monies due or owing to plaintiff, if any, are less than pleaded and/or improperly calculated.

36. By reason of the foregoing, defendant is not liable to plaintiff, or in the alternative, plaintiff's claim should be reduced and defendant is entitled to a set off.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims, or portions thereof, are barred by the applicable statutes of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

38. Upon information and belief, plaintiff does not have a valid mechanic's lien under the laws of the State of New York.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

39. There was no privity between plaintiff and this defendant.

## DEMAND FOR JURY

Defendant requests a jury for all counts that are triable before a jury.

**WHEREFORE**, defendant Building Resources, Inc. demands judgment dismissing plaintiff's complaint with costs, fees and disbursements.

Dated: New York, New York
April 26, 2007

Yours, etc.

LAMBERT & WEISS
*Attorneys for Defendant*

By: *[signature]*
STEPHEN H. MARCUS (SHM 2370)
61 Broadway, Suite 2020
New York, New York 10006
(212) 344-3100

To: BAHN, HERZFELD & MUTLER, LLP
*Attorneys for Plaintiff*
555 Fifth Avenue
New York, New York 10017
Attn: Richard L. Herzfeld

Thomas W. Moore, III
TREACY SCHAFFEL MOORE & MUELLER
*Attorneys for Defendant*
D'Onofrio General Contractors Corp.
111 Broadway, Suite 402
New York, New York 10006

CONSOLIDATED EDISON COMPANY
4 Irving Place
New York, New York 10003

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK           )
                            ) SS.:
COUNTY OF NEW YORK          )

**STEPHANIE PAONESSA**, being duly sworn deposes and says: deponent is not a party to this action, is over 18 years of age, and resides in STATEN ISLAND, NEW YORK.

On the 26th day of April, 2007, I served a copy of the within:

## ANSWER AND DEMAND FOR JURY

upon the following party(ies):

BAHN, HERZFELD & MUTLER, LLP
*Attorneys for Plaintiff*
555 Fifth Avenue
New York, New York 10017
Attn: Richard L. Herzfeld

Thomas W. Moore, III
TREACY SCHAFFEL MOORE & MUELLER
*Attorneys for Defendant*
*D'Onofrio General Contractors Corp.*
111 Broadway, Suite 402
New York, New York 10006

CONSOLIDATED EDISON COMPANY
4 Irving Place
New York, New York 10003

TERRA DINAMICA, LLC
5 Meadow Brook Road
Granby, Connecticut 06035

CORESLAB STRUCTURES, INC.
1023 Waterbury Road
Thomaston, Connecticut 06787

NICHOLSON CONSTRUCTION CO.
12 McClane Street
Cuddy, Pennsylvania 15031

By causing to be delivered a copy of the same by first class mail in a postage paid properly addressed wrapper, in a depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
STEPHANIE PAONESSA

Sworn to before me this
26th day of April, 2007

_____
NOTARY PUBLIC

JEFFREY MAXWELL RUBINSTEIN
Notary Public - State of New York
No. 02RU6126802
Qualified in New York County
Commission Expires May 23, 2009