UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

       Plaintiff,

  -against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL
CONTRACTORS. CORP., CONSOLIDATED EDISON
OF NEW YORK, INC., TERRA DINAMICA, LLC,
CORESLAB  STRUCTURES,  and  NICOLSON
CONSTRUCTION CO.,

       Defendants.
-------------------------------------------------------------------X
BUILDERS RESOURCE, INC.,

       Third-Party Plaintiff,

  -against-

BAY CRANE SERVICE INC.,

       Third-Party Defendant.
-------------------------------------------------------------------X

Docket No.:  07 CV 3148 (KMK)

**THIRD-PARTY COMPLAINT**

RECEIVED
MAY 0 4 2007
U.S.D.C. S.D. N.Y.
CASHIERS

   DEFENDANT AND THIRD-PARTY PLAINTIFF Builders Resource, Inc., as and for its

third-party complaint, by its attorneys Lambert & Weiss, alleges upon information and belief as

follows:

   1.  Defendant and third-party plaintiff Builders Resource, Inc. is a Massachusetts

corporation with offices at 180 Main Street, Blackstone, Massachusetts.

   2.  Upon information and belief, third-party plaintiff Bay Crane Service Inc. is a New

York corporation with offices located at 11-02 43rd Avenue, Long Island City, New York 11101.

   3.  Starting in or about May, 2006, third-party plaintiff entered into certain rental

agreements with third-party defendant whereby third-party defendant provided certain cranes to

the defendant and third-party plaintiff, along with timber crane mats, at a certain construction site located in Bronx County, City and State of New York.

4.    In or about March, 2007, plaintiff ALF Rental Company, Inc. commenced an action against defendant and third-party plaintiff Builders Resource, Inc. and other defendants in the Supreme Court, Bronx County, alleging that defendant and third-party plaintiff owed the plaintiff a certain sum for the rental of hardwood crane mats.  A copy of ALF's complaint is annexed hereto as Exhibit "A".

5.    Thereafter, on or about April 19, 2007, defendant and third-party plaintiff filed   a notice of removal in the U.S. District Court, Southern District of New York to remove the <u>ALF</u> action from the Supreme Court, Bronx County to the U.S. District Court, Southern District of New York.

6.    Thereafter, defendant and third-party plaintiff interposed an answer to the complaint, a copy of which is annexed hereto as Exhibit "B".

7.    In its answer, the defendant and third-party plaintiff alleged that it had no privity of contract with the plaintiff ALF Rental Company, Inc., and that the third-party plaintiff did not owe any money to the plaintiff for the timber crane mats.

8.    The obligation, if any, to pay the plaintiff for the timber crane mats is the obligation of the third-party defendant and not of the third-party plaintiff.

9.    In the event that the plaintiff ALF recovers a judgment against the third-party plaintiff in this action by reason of the allegations set forth in its complaint, such responsibility on the part of the third-party defendant by operation of law or otherwise, would have been caused and brought about by the failure of the third-party defendant to pay the plaintiff for the timber crane mats.

10.    Accordingly, the third-party defendant would be liable to the third-party plaintiff, Builders Resource, Inc. for any amounts recoverable upon the claims made against the third-party plaintiff in this action.

**WHEREFORE**, in the event that plaintiff recovers judgment against defendant Builders Resource, Inc., said defendant and third-party plaintiff demands judgment over and against third-party defendant Bay Crane Services Inc. for full indemnification, or, in the alternative, for contribution, awarding defendant and third-party plaintiff Builders Resource, Inc. such other, and further relief as may be just and proper, and awarding defendant and third-party plaintiff Builders Resource, Inc., fees, costs and disbursements.

Dated: New York, New York
May 4, 2007

Yours, etc.

LAMBERT & WEISS
*Attorneys for Defendant and*
*Third-Party Plaintiff Builders Resource, Inc.*

By:    STEPHEN H. MARCUS (SHM 2370)
61 Broadway, Suite 2020
New York, New York 10006
(212) 344-3100

H:\SHM\5790-Private-Builders\Legal\ALF Third-Party Complaint.doc

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No. 89/0/07
Date Purchased: 3/15/07

------------------------------------x

ALF RENTAL COMPANY, INC. ,

                    Plaintiff,

          - against -

BUILDERS RESOURCE, INC., D'ONOFRIO
GENERAL CONTRACTORS CORP., CONSOLIDATED
EDISON OF NEW YORK, INC., TERRA DINAMICA,
LLC, CORESLAB STRUCTURES and NICOLSON
CONSTRUCTION CO.,

                    Defendant.

------------------------------------x

**SUMMONS**

Plaintiff designates
Bronx County as
the place of trial.

The basis of venue is
the location of the
subject property

To the above named Defendant(s):

     YOU ARE HEREBY SUMMONED to answer the complaint in this action
and serve a copy of your answer, or, if the complaint is not served
with this summons, to serve a notice of appearance, on the
plaintiff's attorneys within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after
the service is complete if this summons is not personally delivered
to you within the State of New York); and in case of your failure
to appear or answer, judgment will be taken against you by default
for the relief demanded in the complaint.

          NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT

     THE OBJECT of the above captioned action is to foreclose
mechanics liens totaling $77,149 recorded in the office of the
Clerk of the County of the Bronx, covering the premises known as
Mott Haven Substation, located at 415 Bruckner Blvd., Bronx, NY,
Bronx County, City and State of New York, Block 2599, Lot 5, and a
judgment for moneys due and owing.
     The relief sought in the within action is a final judgment
directing the sale of the premises described above to satisfy the
debt secured by the mechanics lien and a judgment for moneys due
and owing.

Dated:  New York, New York
        March 14, 2007

                              Bahn, Herzfeld & Multer, LLP,

                              _____
                              By: RICHARD L. HERZFELD
                              Attorneys for Plaintiffs
                              555 Fifth Avenue
                              New York, N.Y.  10017
                              (212) 818-9019

To: BUILDERS RESOURCE, INC.
101 Nasonville Road
Nasonville RI 02830

D'ONOFRIO GENERAL CONTRACTORS CORP.
202 28th Street
Brooklyn, NY 11232

CONSOLIDATED EDISON OF NEW YORK, INC.
4 Irving Place
NY NY 10003

TERRA DINAMICA, LLC
5 Meadowbrook Road
Granby Ct.  06035

CORESLAB STRUCTURES
1023 Waterbury Rd.
Thomaston, Ct.

NICOLSON CONSTRUCTION CO.
12 McClane Street
Cuddy, Pa. 15031

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------x
ALF RENTAL COMPANY, INC.                         :
                                                        VERIFIED
                              Plaintiff,         : COMPLAINT

                                                 : Index No.
          -against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL       :
CONTRACTORS CORP., CONSOLIDATED EDISON OF
NEW YORK, INC., TERRA DINAMICA, LLC, CORESLAB    :
STRUCTURES and NICOLSON CONSTRUCTION CO.,
                              Defendants         :
-----------------------------------------------x

        Plaintiff, ALF RENTAL COMPANY, INC., by its attorneys, BAHN,

HERZFELD & MULTER, LLP, for its complaint, alleges as follows:

        1.    Plaintiff, ALF RENTAL COMPANY, INC. ("ALF"), is and at

all times hereinafter mentioned was, a corporation organized and

existing pursuant to the laws of the State of New Jersey.

        2.    Upon information and belief, defendant Builders Resource,

Inc. ("Builders") is, and at all times hereinafter mentioned was,

a corporation organized and exiting under the laws of the State of

Rhode Island, doing business within the State of New York.

        3.    Upon information and belief, defendant D'Onofrio General

Contractors Corp. ("D'Onofrio"), is, and at all times hereinafter

mentioned was,  a corporation, organized under and existing

pursuant to the laws of the State of New York.

        4. Upon information and belief, defendant Consolidated Edison

of New York, Inc. ("Con Ed") is, and at all times hereinafter

mentioned was, is the fee owner of premises known as Mott Haven

Substation, located at 415 Bruckner Blvd., Bronx, NY, Bronx County,

City and State of New York, Block 2599, Lot 5 (Exhibit A) (the

"Property").

5.    Upon information and belief, defendants Terra Dinamica, LLC, Coreslab Structures and Nicolson Construction Co. are parties claiming to have some interest in the Property by the filing of a Mechanic's Lien and/or a lis pendens in the Office of the Clerk of the County of the Bronx.

6.    Upon information and belief, D'Onofrio was the general contractor on a project for the improvement of the Property on behalf of Con Ed (the "Project").

7.    Upon information and belief, Builders was a subcontractor to D'Onofrio on the Project.

### FIRST CAUSE OF ACTION AGAINST BUILDERS

8.    On or about May 1, 2006, plaintiff and Builders entered into an agreement whereby plaintiff agreed to furnish certain hardwood crane mats to Builders for use in connection with the Project.

9.    The terms of the agreement were as set forth in the confirmation provided by plaintiff and provided to Builders, annexed as Exhibit B.

10.    Plaintiff's compensation was agreed to as set forth in the confirmation.

11.    Thereafter, plaintiff delivered the mats which were used in connection with the Project.

12.    Rental charges were paid by Builders pursuant to the agreement, but in or about June 1, 2006, Builders failed and refused to pay the monthly charges as they accrued.

13. Unpaid rental charges as of October 1, 2006 totaled $58,538.

14. Additional rental charges of $13,746.30 accrued through March 1, 2007 and continue to accrue at approximately $84 per diem.

15. In addition, in accordance with the parties' agreement, any mats which were not returned were to be paid for at a rate set forth in Exhibit B.

16. 12 mats were not returned and Builders has claimed it cannot locate them. Based upon the parties' agreement, there is due and owing an additional $17,200.

17. Pursuant to the parties' agreement, there is due and owing from Builders to plaintiff, the sum of $89,484.41.

SECOND CASE OF ACTION AGAINST BUILDERS

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 of the complaint as if fully set forth herein.

19. Plaintiff invoiced Builders for the periodic rentals in the total amount of $72,284.41 to date.

20. Builders made no complaint with respect to the amount of the invoices.

21. By reason of the foregoing, there is an account stated and there is due and owing from Builders to plaintiff the sum of $72,284.41.

THIRD CAUSE OF ACTION AGAINST BUILDERS

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 of the complaint as if fully

3

set forth herein.

23. The amounts set forth above are a fair and reasonable value for the materials supplied by the Plaintiff.

24. By reason of the foregoing, there is due and owing from Builders to plaintiff the sum of $89,484.41.

FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of the complaint as if fully set forth herein.

26. On or about October 5, 2006 and March 5, 2007, each within eight (8) months after the last items of work and materials were furnished to the premises, plaintiff filed Notices of Lien in writing in the Office of the Clerk of the County of Bronx against the Property in the respective amounts of $58,538.11 and $18,611, for an aggregate of $77,149.11 (Exhibit C).

27. Said Notices contained all of the information required by the appropriate sections of the N.Y. Lien Law.

28. Said Liens have not been paid, cancelled or discharged of record, and no other proceeding has heretofore been brought in law or in equity to recover the amount claimed therein.

WHEREFORE, Plaintiff demands judgment as follows:

(1) On the first and third causes of action against BUILDERS, for the sum of $89,484.41, with interest thereon from the June 1, 2006;

(2) On the second cause of action against BUILDERS, for the sum of $72,284.41, with interest thereon from the June 1, 2006;

4

(3) On the fourth cause of action against Defendants, adjudging and determining that the Notices of Lien filed by Plaintiff are good, valid and subsisting liens in the total amount of $77,149.11 against the interest of the Defendants in the real property above described;

(4) That the Defendants and all persons claiming under them or either of them or any of them subsequent to the filing of the Notice of Pendency in this action in the office of the Clerk of the County of the Bronx in which said real property is situate, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, filed, or docketed, be forever barred and foreclosed of all right, claim, lien, and equity of redemption in said real property or any part thereof;

(5) That the interest of the Defendants as of the date of filing of said Notices of Lien may be decreed to be sold according to law:

(6) That the moneys arising from said sale may be brought into court;

(7) That Plaintiff may be paid therefrom the amount adjudged to be due to the Plaintiff, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of such sale, so far as the amount of such money properly applicable thereto will pay the same;

(8) That Builders may be adjudged to pay any deficiency which may remain after applying all of such moneys so applicable thereto;

(9) That, in case it be determined and adjudged that Plaintiff

5

does not have a valid and subsisting lien upon said real property,

the Plaintiff may have a personal judgment against Builders for the

sum of $89,484.41 with interest thereon from the June 1, 2006; and

(10) That Plaintiff have such other and further relief, or

both, as shall be equitable, just and proper.

Dated:  New York, New York
        March 14, 2007

                              BAHN, HERZFELD & MULTER, LLP
                              Attorneys for Plaintiff


                              By: RICHARD L. HERZFELD
                              555 Fifth Avenue
                              New York, N.Y.  10017
                              (212) 818-9019

6

## VERIFICATION

STATE OF NEW YORK:
                 s.s.:
COUNTY OF NEW YORK:

    RICHARD L. HERZFELD, being duly sworn, deposes and says:

    I am the attorney for plaintiff in this action and the foregoing complaint is true to my own knowledge, except as to matters therein stated on information and belief and as to those matters I believe to be true; the grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by plaintiff and interviews with officers and employees of plaintiff; and the reason why the verification is not made by plaintiff is that the plaintiff is not in the county where I maintain my office.

                             _____
                             RICHARD L. HERZFELD

Sworn to before me this
14ᵗʰ day of March, 2007
_____
      Notary Public

ANDREW JAY MULTER
Notary Public, State of New York
No. 02MU5066724
Qualified in New York County
Commission Expires 09/30/20 10

7

EXHIBIT A

**HARVEY-GEARY ASSOCIATES, INC.**
387 Sixth Avenue
Brooklyn, New York 11215

(718)768-3500.                                          Fax: (718)768-2550

### SCHEDULE "A"

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of The Bronx, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northwesterly side of Bruckner Boulevard with the southerly side of East 144th Street;

RUNNING THENCE westerly along the southerly side of East 144th Street, 360.45 feet to a point;

RUNNING THENCE southerly along a line forming an angle of 90 degrees 17 minutes 00 seconds on the southwest with the southerly side of East 144th Street, part of the distance through a party wall, 37.56 feet to a point;

RUNNING THENCE easterly at right angles to the last mentioned course, part of the distance through a party wall, 14.67 feet to a point;

RUNNING THENCE southerly at right angles to the last mentioned course, part of a distance through a party wall, 220.07 feet to a point;

RUNNING THENCE westerly at right angles to the last mentioned course, part of a distance through a party wall, 30.00 feet to a point;

RUNNING THENCE southerly at right angles to the last mentioned course, part of a distance through a party wall, 1.16 feet to a point;

RUNNING THENCE westerly at right angles to the last mentioned course, 259.55 feet to the easterly side of Southern Boulevard;

RUNNING THENCE southerly along the easterly side of Southern Boulevard, 378.19 feet to the land now or formerly of New York and Harlem Rail Road;

RUNNING THENCE southeasterly along the land now or formerly of New York and Harlem Rail Road along a line forming an angle of 122 degrees 41 minutes 38 seconds on the northeast with the easterly side of Southern Boulevard, 138.78 feet to the northwesterly side of Bruckner Boulevard;

**HARVEY-GEARY ASSOCIATES, INC.**
387 Sixth Avenue
Brooklyn, New York 11215

(718)768-3500                                     Fax: (718)768-2550

SCHEDULE "A" (continued)

RUNNING THENCE northeasterly along the northwesterly side of Bruckner Boulevard, along a curve bearing to the left having a radius of 1000 feet an arc length of 362.88 feet to a point of tangency;

RUNNING THENCE northeasterly along the northwesterly side of Bruckner Boulevard, 521.94 feet to the corner the point or place of BEGINNING.

EXHIBIT B

# ALF RENTAL COMPANY INC.
### 122 W. Sheffield Avenue
### Englewood, New Jersey 07631
### (201) 871-9889 • Fax (201) 871-9858

## EQUIPMENT
## RENTAL AGREEMENT

BUILDERS RESOURCE INC.
101 Nasonville Road
Nasonville, RI 02830

Tel.#401-762-0262
Fax#401-762-0312

Attention: Steve Allard (Cell#401-623-6135)

WE PROPOSE to rent you the following equipment subject to terms and conditions hereinafter stated:
**Seventy Eight (78) Hardwood Crane Mats: (50) 24'x4'x1', (20) 26'x4'x1' & (8) 30'x4'x1'.**
If rented equipment is not returned or returned in a damaged condition, you are responsible for the amount of
**$1,300.00 per 24' Mat, $1,450 per 26' Mat & $1,700 per 30' Mat.**

RENTAL is to be at the rate of **$6.00 per 24' Mat/Day, $7.50 per 26' Mat/Day & $9.00 per 30' Mat/Day** from the date of delivery
until equipment is returned to us. Rental rate based on (7) day work week with a minimum of a (7) day rental.

TERMS: **NET 30 DAYS FOB OUR YARD.**

DELIVERY of equipment is to be made to you on: Rental on all Mats began on May 1, 2006 (Mats held for this job), for use at
Mott Haven (Bronx).
 ALL TRANSPORTATION CHARGES from point of delivery to destination and return charges to point of delivery are to be
paid by you. **Loading Charge of $150 per trailer and an Unloading Charge of $150 per trailer in our yard.**

 YOU ARE TO ASSUME full responsibility for equipment during rental period, and are to return it to us in as good condition as
received less wear incident to normal use. An $80 per Unit cleaning and/or maintenance charge will be incurred if the item is returned
to us with debris (dirt, garbage, steel, etc.). If wood dunnage (spacers) are not returned, a charge of $6.00 per unit will be incurred.

 WE ASSUME NO LIABILITY for loss or damage on account of accidents, delays due to defective material or delays in the
delivery or removal of equipment.
 YOU REPRESENT THAT YOU ARE FULLY RESPONSIBLE with proper methods for installation, use and maintenance of
the equipment. You are solely responsible for its installation, use and maintenance and agree to do so in a proper and safe manner.
 YOU SHALL INDEMNIFY US AND HOLD US HARMLESS against all losses, claims, suits, damages, expenses and/or
penalties, including attorney's fees, arising out of any matter concerning the equipment occurring during the rental period or while the
equipment is otherwise in your possession, including but not limited to claims of personal injury or property damage.
 YOU SHALL SECURE general liability insurance policy, naming us as a coinsured, to afford protection with limits, for each
occurrence, of not less than Two Million Dollars ($2,000,000.00) with respect to personal injury and death, and Five Hundred
Thousand Dollars ($500,000.00) with respect to property damage.

 WE RESERVE THE RIGHT, if rental is in default under the terms of this agreement, or if in our opinion equipment is being
damaged in excess of ordinary wear and tear, to take possession of our property at once.

 ENTIRE AGREEMENT. This agreement sets forth the entire agreement and understanding between the parties on the subject
matter thereof, and merges all prior discussions and negotiations between them. Neither of the parties shall be bound by any
conditions, definitions, representatives or warranties with respect to the subject matter of this agreement other than as expressly
provided herein or as duly set forth on or subsequent to the date hereof in a writing signed by a duly authorized representative of the
party to be bound thereby.

 ATTORNEYS FEES. In the event of a breach of this agreement, the injured party shall be entitled to recover reasonable
attorneys' fees and costs of collection.

NOTICE: - If shipment of this equipment is ordered by Lessee who neglects to return this contract signed, It shall be considered as in
full effect when such shipment is made.

NOTE: Please sign copy of this contract & return to, **ALF RENTAL COMPANY, INC.**

By: *Robert L. Jeromsky.*

VICE PRESIDENT

## ACCEPTANCE

Accepted this, on the 1st. day of May, 2006.
 Accepted by (Builders Resource Inc.):

_____
Signature

_____
Print Name

_____
Title

EXHIBIT C

187 – Notice of mechanic's lien, affidavits of service, individual, partnership or corporation, New York City, to be filed with County Clerk. Livw Livw, 9 et seq. 9.06

Blumberg Excelsior. Publisher. NYC 10013
www.blumberg.com

## NOTICE OF MECHANIC'S LIEN

To the Clerk of the County of Bronx                                    and all others whom it may concern:

**Please Take Notice,** that ALF Rental Company, Inc.

as lienor(s) have and claim a lien on the real property hereinafter described as follows:

(1) The names and residences of the lienor(s) are
ALF Rental Company, Inc.

being a  (partnership) (corporation) composed of  3  shareholders

whose business address is at 122 W. Sheffield Avenue, Englewood, NJ 07631
and whose principal place of business is at  same

(1a) The name and address of lienor's attorney, if any Bahn Herzfeld & Multer, LLP
555 Fifth Avenue, NY NY 10017

(2) The owner of the real property is Consolidated Edison Co. of NY, Inc.
and the interest of the owner as far as known to the lienor(s) is  fee

(3) The name of the person by whom the lienor(s) was (were) employed is Builders Resource, Inc.
The name of the person to whom the lienor(s) furnished or is (are) to furnish material or for whom the lienor(s)
performed or is (are) to perform professional services is Builders Resource Inc.
The name of the person with whom the contract was made is Builders Resource
The labor performed was

The material furnished was timber mats to support cranes

The materials actually manufactured for but not delivered to the real property are

The agreed price and value of the labor performed is $
The agreed price and value of the material furnished is $
The agreed price and value of the material actually mfd. for but not delivered to the real prop. is $
                                                                 Total agreed price and value    $

(5) The amount unpaid to the lienor(s) for said labor performed is $
The amount unpaid to the lienor(s) for said material furnished is $ 58,538 to 10/1/06
The amount unpaid to lienor(s) for material actually mfd. for but not delivered to the real prop. is $
                                                                 Total amount unpaid    $

The total amount claimed for which this lien is filed is $58,538

(6) The time when the first item of work was performed was
The time when the first item of material was furnished was 5/9/06
The time when the last item of work was performed was
The time when the last item of material was furnished was open

(7) The property subject to the lien is situated in the Borough of Bronx        County of Bronx
City of New York, on the             side of                                        feet and
            inches wide, front and rear by            feet and            inches deep on each side,
and known as Number 415 Bruckner Blvd., Bronx, NY, Lot 5, Block 2599

That said labor and materials were performed and furnished for and used in the improvement of the real property
hereinbefore described. That 8 months (4 months if a single family dwelling) have not elapsed dating from the last item of work
performed, or from the last items of materials furnished, or since the completion of the contract, or since the final performance
of the work, or since the final furnishing of the materials for which this lien is claimed,

Dated 10/5/05 06

The name signed must be printed beneath
Robert L. Gerosa, Jr.

Verification

STATE OF NEW YORK, COUNTY OF                                ss.:                    INDIVIDUAL OR PARTNER

being duly sworn, says
that deponent is (one of the co-partnership named in the within notice of lien and) the lienor(s) mentioned in the foregoing
notice of lien; that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own
knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent
believes it to be true.

Sworn to before me on                          ...........................................................

STATE OF NEW ~~YORK,~~ COUNTY OF  _Jersey_  _Bergen_                    ss.:                    CORPORATION

Robert L. Gerosa, Jr.       _VICE PRESIDENT_  of ALF Rental Company, Inc.    being duly sworn, says
that deponent is the ~~President~~    _VICE PRESIDENT_ of ALF Rental Company, Inc.
herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to
deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to
those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is an officer,
to wit, the ~~President~~  _VICE PRESIDENT_ of Alf Rental Co, Inc.
which is a New Jersey                          corporation, and deponent is familiar with the facts and circumstances herein.
        The sources of deponent's information and the grounds of deponent's belief as to all matters not therein stated upon
deponent's knowledge are as follows:
personal knowledge and books and records

Sworn to before me on  _10-12-06_                _Bonnie P. Jackson_

                                    OFFICIAL SEAL
                                    BONNIE P. JACKSON
                                    NOTARY PUBLIC-NEW JERSEY
                                    My Commission Expires Oct. 28, 2008

Editor's note: Notice of Mechanic's Lien may be filed at any time during progress of the work and the furnishing of the materials,
or, within eight months (four months if a single family dwelling) after the completion of the contract, or the final performance of
the work, or the final furnishing of the materials, The Notice of Mechanic's Lien must be filed in the Clerk's office of the county
where the property is situated. If such property is situated in two or more counties, file the Notice of Mechanic's Lien in the office
of the Clerk of each county. See Lien Law §10.

77 10:08a    Richard L. Herzfeld    212-986-5316    P.2



167 - Notice of mechanic's lien, affidavits of service, individual, partnership or
corporation, New York City to be filed with County Clerk. Lien Law, 9 of seq. 9-96

BlumbergExcelsior, Publisher, NYC 10013
www.blumberg.com

## NOTICE OF MECHANIC'S LIEN

To the Clerk of the County of  Bronx                                and all others whom it may concern:

**Please Take Notice,** that  ALF Rental Company, Inc.

as lienor(s) have and claim a lien on the real property hereinafter described as follows:

(1) The names and residences of the lienor(s) are
ALF Rental Company, Inc.

being a  (partnership) ☒ (corporation) composed of  3 shareholders

whose business address is at 122 W. Sheffield Avenue, Englewood, NJ 07631
and whose principal place of business is at  same

(1a) The name and address of lienor's attorney, if any Bahn Herzfeld & Multer, LLP
555 Fifth Avenue, NY NY 10017

(2) The owner of the real property is Consolidated Edison Co. of NY, Inc.
and the interest of the owner as far as known to the lienor(s) is  fee

(3) The name of the person by whom the lienor(s) was (were) employed is Builders Resource, Inc.
The name of the person to whom the lienor(s) furnished or is (are) to furnish material or for whom the lienor(s)
performed or is (are) to perform professional services is Builders Resource Inc.
The name of the person with whom the contract was made is Builders Resource
The labor performed was

The material furnished was  timber mats to support cranes

The materials actually manufactured for but not delivered to the real property are

The agreed price and value of the labor performed is $
The agreed price and value of the material furnished is $
The agreed price and value of the material actually mfd. for but not delivered to the real prop. is $
Total agreed price and value    $

(5) The amount unpaid to the lienor(s) for said labor performed is $
The amount unpaid to the lienor(s) for said material furnished is $  18,611
The amount unpaid to lienor(s) for material actually mfd. for but not delivered to the real prop. is $
Total amount unpaid    $

The total amount claimed for which this lien is filed is $! 18,611

(6) The time when the first item of work was performed was
The time when the first item of material was furnished was  10/1/06
The time when the last item of work was performed was
The time when the last item of material was furnished was  10/16/06

(7) The property subject to the lien is situated in the Borough of Bronx        County of Bronx
City of New York, on the        side of        feet and
inches        of        , being        feet
and        inches wide, front and rear by        feet and        inches deep on each side,
and known as Number 415 Bruckner Blvd., Bronx, NY    Lot 5, block 2599

That said labor and materials were performed and furnished for and used in the improvement of the real property
hereinbefore described. That 8 months (4 months if a single family dwelling) have not elapsed dating from the last item of work
performed, or from the last items of materials furnished, or since the completion of the contract, or since the final performance
of the work, or since the final furnishing of the materials for which this lien is claimed.

Dated:  3/1/07

The name signed must be printed beneath
Robert L. Gerosa, Jr.

2007 MAR -5  AM 10: 21
COUNTY CLERK
BRONX COUNTY
DOCKET DEPARTMENT

FILED

17 10:08a    Richard L. Herzfeld              212-986-5316                      p.3

Verification

STATE OF NEW YORK, COUNTY OF                                    SS.:                    INDIVIDUAL OR PARTNER

being duly sworn, says that deponent is (one of the co-partnership named in the within notice of lien and) the lienor(s) mentioned in the foregoing notice of lien; that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

Sworn to before me on  1st March 2007

STATE OF NEW JERSEY    COUNTY OF BERGEN                              CORPORATION

Robert L. Gerosa, Jr.                                          being duly sworn, says that deponent is the _____ Vice President    of ALF Rental Company, Inc. herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is an officer, to wit, the  Vice President          of Alf Rental Co, Inc. which is a New Jersey corporation, and deponent is familiar with the facts and circumstances herein.

The sources of deponent's information and the grounds of deponent's belief as to all matters not therein stated upon deponent's knowledge are as follows:
personal knowledge and books and records

Sworn to before me on  1st

March 2007

Bonnie P. Jackson

OFFICIAL SEAL
BONNIE P. JACKSON
NOTARY PUBLIC-NEW JERSEY
My Commission Expires Oct. 28, 2008

Editor's note: Notice of Mechanic's Lien may be filed at any time during progress of the work and the furnishing of the materials, or, within eight months (four months if a single family dwelling) after the completion of the contract, or the final performance of the work, or the final furnishing of the materials, The Notice of Mechanic's Lien must be filed in the Clerk's office of the county where the property is situated. If such property is situated in two or more counties, file the Notice of Mechanic's Lien in the office of the Clerk of each county. See Lien Law § 10.

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

                                                                    Docket No.:  07 CV 3148 (KMK)

                              Plaintiff,

        -against-                                                   **ANSWER AND
                                                                    DEMAND FOR JURY**

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL
CONTRACTORS CORP., CONSOLIDATED EDISON
OF NEW YORK, INC., TERRA DINAMICA, LLC,
CORESLAB    STRUCTURES,    and    NICOLSON
CONSTRUCTION CO.,

                              Defendants.
-------------------------------------------------------------------X

        DEFENDANT BUILDING RESOURCES, INC., by its attorneys, Lambert & Weiss, as

for its answer to the complaint alleges as follows:

        1.      Denies having knowledge or information sufficient to form a belief as to the truth

thereof of the allegations contained in paragraph "1" of the complaint.

        2.      Denies the allegations contained in paragraph "2" of the complaint, except admits

that at certain times it did business within the State of New York.

        3.      Denies having knowledge or information sufficient to form a belief as to the truth

thereof of the allegations contained in paragraph "3" of the complaint.

        4.      Denies having knowledge or information sufficient to form a belief as to the truth

thereof of the allegations contained in paragraph "4" of the complaint.

        5.      Denies having knowledge or information sufficient to form a belief as to the truth

thereof of the allegations contained in paragraph "5" of the complaint.

        6.      Denies having knowledge or information sufficient to form a belief as to the truth

thereof of the allegations contained in paragraph "6" of the complaint, except alleges upon

information and belief that D'Onofrio was believed to be the general contractor for a certain project.

      7.     Denies the allegations contained in Paragraph "7" of the complaint.

## IN ANSWER TO THE FIRST CAUSE OF ACTION

      8.     Denies the allegations contained in paragraph "8" of the complaint.

      9.     Denies the allegations contained in paragraph "9" of the complaint.

      10.     Denies the allegations contained in paragraph "10" of the complaint.

      11.     Denies the allegations contained in paragraph "11" of the complaint.

      12.     Denies the allegations contained in paragraph "12" of the complaint.

      13.     Denies the allegations contained in paragraph "13" of the complaint.

      14.     Denies the allegations contained in paragraph "14" of the complaint.

      15.     Denies the allegations contained in paragraph "15" of the complaint.

      16.     Denies the allegations contained in paragraph "16" of the complaint.

      17.     Denies the allegations contained in paragraph "17" of the complaint.

## IN ANSWER TO THE SECOND CAUSE OF ACTION

      18.     In response to paragraph "18" of the complaint, this defendant repeats and realleges each and every allegation contained herein in response to paragraphs "1" through "17" of the complaint, as though fully set forth at length herein.

      19.     Denies the allegations contained in paragraph "19" of the complaint.

      20.     Denies the allegations contained in paragraph "20" of the complaint.

      21.     Denies the allegations contained in paragraph "21" of the complaint.

## IN ANSWER TO THE THIRD CAUSE OF ACTION

22.    In response to paragraph "22" of the complaint, defendant repeats and realleges each and every allegation contained herein in response to paragraphs "1" through "21" of the complaint, as though fully set forth at length herein.

23.    Denies the allegations contained in paragraph "23" of the complaint.

24.    Denies the allegations contained in paragraph "24" of the complaint.

## IN ANSWER TO THE FOURTH CAUSE OF ACTION

25.    In response to Paragraph "25" of the complaint, defendant repeats and realleges each and every allegation contained herein in response to paragraphs "1" through "24" of the complaint, as though fully set forth at length herein.

26.    Denies having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "26" of the complaint.

27.    Denies having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "27" of the complaint.

28.    Denies having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "28" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29.    The complaint fails to state a claim for which relief may be granted as against this defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30.    Plaintiff has waived any and all claims asserted in its complaint and is estopped from asserting those claims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31.    To the extent that any alleged loss occurred, such loss directly and proximately resulted from plaintiff's own independent mishandling of its own affairs and any purported damage caused to plaintiff is wholly unrelated to any purported acts, statements or alleged obligations of defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32.    Plaintiff has failed to mitigate its damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33.    Plaintiff's claims are barred by release, payment and/or waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34.    Plaintiff's claims, or portions thereof, are barred by plaintiff's failure to satisfy statutory and/or contractual conditions precedent and/or requirements.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35.    Upon information and belief, any monies due or owing to plaintiff, if any, are less than pleaded and/or improperly calculated.

36.    By reason of the foregoing, defendant is not liable to plaintiff, or in the alternative, plaintiff's claim should be reduced and defendant is entitled to a set off.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

37.    Plaintiff's claims, or portions thereof, are barred by the applicable statutes of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

38.    Upon information and belief, plaintiff does not have a valid mechanic's lien under the laws of the State of New York.

- 4 -

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

39.    There was no privity between plaintiff and this defendant.

## DEMAND FOR JURY

Defendant requests a jury for all counts that are triable before a jury.

**WHEREFORE**, defendant Building Resources, Inc. demands judgment dismissing plaintiff's complaint with costs, fees and disbursements.

Dated: New York, New York
        April 26, 2007

> Yours, etc.
>
> LAMBERT & WEISS
> *Attorneys for Defendant*
>
> By:    X⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
>         STEPHEN H. MARCUS (SHM 2370)
>         61 Broadway, Suite 2020
>         New York, New York 10006
>         (212) 344-3100

To:    BAHN, HERZFELD & MUTLER, LLP
        *Attorneys for Plaintiff*
        555 Fifth Avenue
        New York, New York 10017
        Attn: Richard L. Herzfeld

        Thomas W. Moore, III
        TREACY SCHAFFEL MOORE & MUELLER
        *Attorneys for Defendant*
        *D'Onofrio General Contractors Corp.*
        111 Broadway, Suite 402
        New York, New York 10006

        CONSOLIDATED EDISON COMPANY
        4 Irving Place
        New York, New York 10003

TERRA DINAMICA, LLC
5 Meadow Brook Road
Granby, Connecticut 06035

CORESLAB STRUCTURES, INC.
1023 Waterbury Road
Thomaston, Connecticut 06787

NICHOLSON CONSTRUCTION CO.
12 McClane Street
Cuddy, Pennsylvania 15031

H:\SHM\5790-Private-Builders\Legal\ALF Answer & Demand for Jury.doc

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                        ) SS.:
COUNTY OF NEW YORK    )

    **STEPHANIE PAONESSA**, being duly sworn deposes and says: deponent is not a party to this action, is over 18 years of age, and resides in STATEN ISLAND, NEW YORK.

    On the 26th day of April, 2007, I served a copy of the within:

## ANSWER AND DEMAND FOR JURY

upon the following party(ies):

BAHN, HERZFELD & MUTLER, LLP
*Attorneys for Plaintiff*
555 Fifth Avenue
New York, New York 10017
Attn: Richard L. Herzfeld

Thomas W. Moore, III
TREACY SCHAFFEL MOORE & MUELLER
*Attorneys for Defendant*
*D'Onofrio General Contractors Corp.*
111 Broadway, Suite 402
New York, New York 10006

CONSOLIDATED EDISON COMPANY
4 Irving Place
New York, New York 10003

TERRA DINAMICA, LLC
5 Meadow Brook Road
Granby, Connecticut 06035

CORESLAB STRUCTURES, INC.
1023 Waterbury Road
Thomaston, Connecticut 06787

NICHOLSON CONSTRUCTION CO.
12 McClane Street
Cuddy, Pennsylvania 15031

By causing to be delivered a copy of the same by first class mail in a postage paid properly addressed wrapper, in a depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                           *STEPHANIE PAONESSA*
                                       **STEPHANIE PAONESSA**

Sworn to before me this
26th day of April, 2007

_____
NOTARY PUBLIC

JEFFREY MAXWELL RUBINSTEIN
Notary Public - State of New York
No. 02RU6126802
Qualified in New York County
Commission Expires May 3, 2009