# BAHN, HERZFELD & MULTER, LLP
ATTORNEYS AT LAW

555 FIFTH AVENUE
NEW YORK, NY 10017

ALLAN M. BAHN
RICHARD L. HERZFELD
ANDREW MULTER

TELEPHONE: (212) 818-9019
FACSIMILE: (212) 986-5316
E-MAIL: BHMLLP@AOL.COM

May 15, 2007

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street
Room 920
New York, New York 10007

  Re: ALF Rental Co., Inc. v. Builders Resource, Inc., et. al.
    Dcoket No. 07CV 3148 (KMK)

Dear Judge Karas:

  We represent plaintiff in the above action. In accordance with the rules of the court, please treat this letter as plaintiff's request for a pre-motion conference to address plaintiff's proposed motion to remand the instant action to the Supreme Court, Bronx County. I apologize for my oversight in moving for the relief requested without first making this request.

  The instant action is one to foreclose a mechanics lien on certain property located at 415 Bruckner Blvd., Bronx, N.Y., owned by defendant Consolidated Edison. After defendant Builder's Resources removed the action to this Court, it came to our attention that defendant Terra Dinamica, another lienor, had commenced a lien foreclosure action against the same property in Supreme Court, Bronx County (Terra Dinamica v. D'Onofrio General Contractors and Consolidated Edison, et. al., Supreme Court, Bronx County, index no. 6525/06). That action was commenced prior to the instant action.

  Although we believe that the removal of the instant lien foreclosure action was unwarranted in any event, the decision in York Hunter v. Avalon, 104 F.Supp.2d 211 (S.D.N.Y. 2000), makes it clear that given the prior pending foreclosure action, removal was not warranted.

  In York Hunter, the court concluded that because a foreclosure action is an in rem proceeding, the District Court should not take jurisdiction over the same res where there was a prior pending State court in rem proceeding involving the same property.

BAHN, HERZFELD & MULTER, LLP

Hon. Kenneth M. Karas
May 15, 2007
Page 2

  The same result should apply here; the Terra Dinamica action has priority and is an in rem proceeding involving the same property. This action should be remanded to allow consolidation with the Terra Dinamica action in Supreme Court, Bronx County.

  By letter dated May 2, 2007, I advised counsel for Builders Resource of the prior action and the decision in York Hunter and asked that he consent to a remand. I received no response.

  Based upon the decision in Hunter and the prior pending proceedings, we believe that a remand and consolidation of the actions is required.

  On a separate issue, if the matter were to remain with this court, I am advised by counsel for defendant Nicholson Construction that its lien has been withdrawn and as such it is not a proper party to ths litigation. The action against Nicholson should be discontinued.

Respectfully,

RICHARD L. HERZFELD

cc: Lambert & Weiss
   Leonard J. Catanzaro, Esq.
   Richard J. Giglio, Esq.
   Lindabury, McCormick, Estabrook & Cooper, PC
   Porzio Bromberg & Newman PC
   Treacy Schaffel Moore & Mueller
   Bay Crane Services, Inc.