UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALF RENTAL COMPANY, INC.

                Plaintiff,

- against -

BUILDERS RESOURCE, INC.; D'ONOFRIO
GENERAL CONTRACTORS CORP.;
CONSOLIDATED EDISON COMPANY OF NEW
YORK, INC.; TERRA DINAMICA, LLC;
CORESLAB STRUCTURES; and NICOLSON
CONSTRUCTION CO.,

                Defendants.

ANSWER

Defendant Consolidated Edison Company of New York ("Con Edison"), by its attorney, Richard J. Giglio, as and for its answer to the March 14, 2007 verified complaint ("Complaint"), alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that Con Edison is the owner of Section 10, Block 2599, Lot 5, known as 415 Bruckner Boulevard, Bronx, New York.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that D'Onofrio was the general contractor on the project located at Section 10, Block 2599, Lot 5, known as 415 Bruckner Boulevard, Bronx, New York.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Repeats and realleges each and every response contained in paragraphs "1" through "17" of this answer with the same force and effect as if fully set forth at length herein.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Repeats and realleges each and every response contained in paragraphs "1" through "21" of this answer with the same force and effect as if fully set forth at length herein.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Repeats and realleges each and every response contained in paragraphs "1" through "24" of this answer with the same force and effect as if fully set forth at length herein.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "28" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

29. All liens, if valid, have been bonded and no longer attach to the real property owned by Con Edison.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

30. Con Edison is not a proper party to this proceeding.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

31. No privity exists between plaintiff and Con Edison.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

32. Plaintiff failed to mitigate its damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

33. Plaintiff's claims are barred by its failure to satisfy requirements for the timely filing and perfecting of a lien.

## AS AND FOR A FIRST CROSS-CLAIM BY CON EDISON AGAINST D'ONOFRIO GENERAL CONTRACTORS CORP.

34. It is alleged in the Complaint that the damages sustained by the plaintiff were the result of the culpable conduct of defendant Con Edison, the contents of which Con Edison begs leave to refer to at the time of trial.

35. That prior to the date of the occurrence which forms the basis of the within action, Con Edison entered into a contract with the defendant D'Onofrio General Contractors Corp.

("D'Onofrio"), whereby the defendant D'Onofrio agreed to defend, indemnify and hold harmless defendant Con Edison. If plaintiff sustained any injuries and damages as alleged in the Complaint, they were sustained within the provisions of the aforesaid contract and the terms and conditions set forth therein.

36. If the plaintiff's injuries and damages were sustained as alleged in the plaintiff's Complaint, then, pursuant to the aforesaid contract, defendant D'Onofrio is obligated to defend, indemnify and hold harmless defendant Con Edison.

WHEREFORE, Con Edison requests judgment as follows:

a. Dismissing Plaintiff's Complaint, as against Con Edison, in its entirety, with prejudice;

b. Granting Con Edison's Cross-Claim in its entirety; and

c. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 24, 2007

RICHARD J. GIGLIO
Attorney for Defendant
Consolidated Edison Company
 of New York, Inc.
4 Irving Place – Room 1810S
New York, NY 10003
(212) 460-2941

By: _____
SCOTT A. LEVINSON
4 Irving Place – Room 1810S
New York, NY 10003
(212) 460-4089

TO:

Stephen H. Marcus, Esq.
LAMBERT & WEISS, ESQS.
Attorneys for Defendant Builders Resource, Inc.
61 Broadway – Suite 2020
New York, NY 11042
(212) 344-3100

Richard L. Herzfeld, Esq.
BAHN, HERZFELD & MUTLER, LLP
Attorneys for Plaintiff
555 Fifth Avenue
New York, NY 10017
(212) 818-9019
D'Onofrio General Contractor Corp.
202 28th Street
Brooklyn, NY 11232

Leonard J. Catanzaro
Attorney for Defendant
 Terra Dinamica, LLC
434 Broadway, Suite 900
New York, New York 10013

Coreslab Structures, Inc.
1023 Waterbury Road
Thomaston, Connecticut 06787

Nicholson Construction Co.,
12 McClane Street
Cuddy, Pennsylvania 15031

276145