UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

ALF RENTAL COMPANY, INC.

                                    NOTICE OF MOTION
                    Plaintiff,       TO REMAND

        -against-                    07 CV 3148 (LAK)

BUILDERS RESOURCE, INC., D'ONOFRIO
GENERAL CONTRACTORS CORP., CONSOLIDATED
EDISON OF NEW YORK, INC., TERRA
DINAMICA, LLC, CORESLAB  STRUCTURES
and NICOLSON CONSTRUCTION CO.,

                            Defendants

----------------------------------------x

SIRS:

        PLEASE TAKE NOTICE that upon the declaration of Richard L.
Herzfeld, dated July 2, 2007 and the exhibits annexed thereto,
plaintiff will move this Court, at 500 Pearl Street, N.Y., N.Y., at
a date to be determined by the court, for an order pursuant to 28
USC §1447, remanding this action to the Supreme Court of the State
of New York, Bronx County, dismissing the action without prejudice
as against Nicolson Construction and amending the caption
accordingly, together with such other and further relief as to this
Court seems proper.

Dated: New York, N.Y.
        July 2, 2007

                            BAHN HERZFELD & MULTER, LLP
                            Attorneys for Plaintiff

                            _____
                            By: Richard L. Herzfeld (0642)

1

```
                                        555 Fifth Avenue
                                        NY NY 10175
                                        212-818-9019


To:  Lambert & Weiss
     61 Broadway
     New York, NY 10006
     Attorneys for Defendant Builders Resource, Inc.

     Leonard J. Catanzaro, Esq.
     434 Broadway
     New York, NY 10013
     Attorneys for Defendant Terra Dinamica

     Richard J. Giglio
     4 Irving Place
     New York, NY 10003
     Attorneys for Defendant Consolidated Edison

     Lindabury, McCormick, Estabrook & Cooper, PC
     26 Broadway
     New York, NY 10004
     Attorneys for Defendant Coreslab Structure

     Porzio Bromberg & Newman PC
     100 Southgate Parkway
     Morristown, NJ 07962
     Attorneys for Defendant Nicholson Construction

     Treacy Schaffel Moore & Mueller
     111 Broadway
     New York, NY 10006
     Attorneys for Defendant D'Onofrio General Contractors

     Birnbaum and Birnbaum
     2 Birchwood Court
     Mineola, NY 11501
     Attorneys for Third Party Defendant Bay Crane Services, Inc.
```

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

ALF RENTAL COMPANY, INC.

                                     DECLARATION IN SUPPORT
               Plaintiff,         OF MOTION

     -against-                 07 CV 3148 (LAK)

BUILDERS RESOURCE, INC., D'ONOFRIO
GENERAL CONTRACTORS CORP., CONSOLIDATED
EDISON OF NEW YORK, INC., TERRA
DINAMICA, LLC, CORESLAB  STRUCTURES
and NICOLSON CONSTRUCTION CO.,

                       Defendants

----------------------------------------x

    RICHARD L. HERZFELD, an attorney duly admitted to practice before the courts of the State of New York, hereby declares under penalty of perjury, as follows:

    1.    I am a partner of Bahn, Herzfeld & Multer, LLP., attorneys for plaintiff and make this affirmation in support of the instant motion to remand the matter to Supreme Court of the State of New York, Bronx County.

    2.    The instant action is, in part, to foreclose a mechanics lien against the subject property, located at 415 Bruckner Blvd., Bronx, NY, Bronx County, City and State of New York, Block 2599, Lot 5, owned by defendant Consolidated Edison. The complaint without exhibits, is annexed as Exhibit A.

    3.    The instant action was commenced on March 15, 2007.

    4.    However, as reflected in the answer filed by defendant Terra Dinamica (Exhibit B) prior to the commencement of the action, defendant Terra Dinamica had commenced a foreclosure action against

1

the same property, arising out of the same project, <u>Terra Dinamica v. D'Onofrio General Contractors and Consolidated Edison</u>, et. al., also in Supreme Court, Bronx County, index no. 6525/06 (Exhibit B, par. 5).

5.    As the Bronx Supreme Court has prior jurisdiction over the res of this action, 415 Bruckner Blvd., Bronx, NY, this Court cannot exercise jurisdiction over the property as well. See <u>York Hunter v. Avalon</u>, 104 F.Supp.2d 211 (S.D.N.Y. 2000).

6.    Moreover, even if, as argued by counsel for defendant Builders Resource, the Terra Dinamica lien and the liens herein have been bonded, remand is still appropriate.

7.    In <u>York Hunter</u>, the court declined to retain jurisdiction, in part, based upon grounds of judicial abstention; that holding would apply with equal force here. The claims in the present case all flow from the same project, the Terra Dinamica action has priority, Terra Dinamica has interposed counterclaims against the bond herein which would necessarily be affected by the result of its pending Bronx County action, the parties are, at least in part, identical, there is the risk of piecemeal litigation, and the fora are equally convenient.  For purposes of judicial economy and consistent results, the actions should be consolidated.

8.    Indeed, that is exactly what Lien Law §43 contemplates, allowing the parties in <u>either</u> action or the court, sua sponte, to consolidate all subsequent actions into the first action. That is the appropriate result here as well.

9.    Accordingly, the matter should be remanded to State Court, at which time plaintiff will move to consolidate the 2 foreclosure actions.

10.    Finally, as the Nicolson liens have been withdrawn, we have agreed to discontinue the action against Nicholson, without prejudice.

WHEREFORE, it is respectfully requested that an order be entered granting plaintiff's motion in its entirety, together with such other and further relief as the court may deem appropriate.


Dated: New York, New York
        July 2, 2007
                        _____
                        RICHARD L. HERZFELD (0642)

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                          Index No. 8910/07
------------------------------------x    Date Purchased: 3/15/07

ALF RENTAL COMPANY, INC. ,                    **SUMMONS**

                    Plaintiff,           Plaintiff designates
                                         Bronx County as
        - against -                      the place of trial.

BUILDERS RESOURCE, INC., D'ONOFRIO       The basis of venue is
GENERAL CONTRACTORS CORP., CONSOLIDATED  the location of the
EDISON OF NEW YORK, INC., TERRA DINAMICA, subject property
LLC, CORESLAB STRUCTURES and NICOLSON
CONSTRUCTION CO.,

                    Defendant.
------------------------------------x
To the above named Defendant(s):

     YOU ARE HEREBY SUMMONED to answer the complaint in this action
and serve a copy of your answer, or, if the complaint is not served
with this summons, to serve a notice of appearance, on the
plaintiff's attorneys within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after
the service is complete if this summons is not personally delivered
to you within the State of New York); and in case of your failure
to appear or answer, judgment will be taken against you by default
for the relief demanded in the complaint.

           NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT

     THE OBJECT of the above captioned action is to foreclose
mechanics liens totaling $77,149 recorded in the office of the
Clerk of the County of the Bronx, covering the premises known as
Mott Haven Substation, located at 415 Bruckner Blvd., Bronx, NY,
Bronx County, City and State of New York, Block 2599, Lot 5, and a
judgment for moneys due and owing.
     The relief sought in the within action is a final judgment
directing the sale of the premises described above to satisfy the
debt secured by the mechanics lien and a judgment for moneys due
and owing.

Dated:  New York, New York
        March 14, 2007

                              Bahn, Herzfeld & Multer, LLP,


                              By: RICHARD L. HERZFELD
                              Attorneys for Plaintiffs
                              555 Fifth Avenue
                              New York, N.Y.  10017
                              (212) 818-9019

To:  BUILDERS RESOURCE, INC.
     101 Nasonville Road
     Nasonville RI 02830

     D'ONOFRIO GENERAL CONTRACTORS CORP.
     202 28th Street
     Brooklyn, NY 11232

     CONSOLIDATED EDISON OF NEW YORK, INC.
     4 Irving Place
     NY NY 10003

     TERRA DINAMICA, LLC
     5 Meadowbrook Road
     Granby Ct.  06035

     CORESLAB STRUCTURES
     1023 Waterbury Rd.
     Thomaston, Ct.

     NICOLSON CONSTRUCTION CO.
     12 McClane Street
     Cuddy, Pa. 15031

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------x
ALF RENTAL COMPANY, INC.                          :
                                                          VERIFIED
                                   Plaintiff,      : COMPLAINT

          -against-                                : Index No.

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL         :
CONTRACTORS CORP., CONSOLIDATED EDISON OF
NEW YORK, INC., TERRA DINAMICA, LLC, CORESLAB      :
STRUCTURES and NICOLSON CONSTRUCTION CO.,
                                   Defendants      :
-----------------------------------------------x

     Plaintiff, ALF RENTAL COMPANY, INC., by its attorneys, BAHN,
HERZFELD & MULTER, LLP, for its complaint, alleges as follows:

     1.   Plaintiff, ALF RENTAL COMPANY, INC. ("ALF"), is and at
all times hereinafter mentioned was, a corporation organized and
existing pursuant to the laws of the State of New Jersey.

     2.   Upon information and belief, defendant Builders Resource,
Inc. ("Builders") is, and at all times hereinafter mentioned was,
a corporation organized and exiting under the laws of the State of
Rhode Island, doing business within the State of New York.

     3.   Upon information and belief, defendant D'Onofrio General
Contractors Corp. ("D'Onofrio"), is, and at all times hereinafter
mentioned was,  a corporation, organized under and existing
pursuant to the laws of the State of New York.

     4. Upon information and belief, defendant Consolidated Edison
of New York, Inc. ("Con Ed") is, and at all times hereinafter
mentioned was, is the fee owner of premises known as Mott Haven
Substation, located at 415 Bruckner Blvd., Bronx, NY, Bronx County,
City and State of New York, Block 2599, Lot 5 (Exhibit A) (the

1

"Property").

5.    Upon information and belief, defendants Terra Dinamica, LLC, Coreslab Structures and Nicolson Construction Co. are parties claiming to have some interest in the Property by the filing of a Mechanic's Lien and/or a lis pendens in the Office of the Clerk of the County of the Bronx.

6.    Upon information and belief, D'Onofrio was the general contractor on a project for the improvement of the Property on behalf of Con Ed (the "Project").

7.    Upon information and belief, Builders was a subcontractor to D'Onofrio on the Project.

FIRST CAUSE OF ACTION AGAINST BUILDERS

8.    On or about May 1, 2006, plaintiff and Builders entered into an agreement whereby plaintiff agreed to furnish certain hardwood crane mats to Builders for use in connection with the Project.

9.    The terms of the agreement were as set forth in the confirmation provided by plaintiff and provided to Builders, annexed as Exhibit B.

10.    Plaintiff's compensation was agreed to as set forth in the confirmation.

11.    Thereafter, plaintiff delivered the mats which were used in connection with the Project.

12.    Rental charges were paid by Builders pursuant to the agreement, but in or about June 1, 2006, Builders failed and refused to pay the monthly charges as they accrued.

2

13. Unpaid rental charges as of October 1, 2006 totaled $58,538.

14. Additional rental charges of $13,746.30 accrued through March 1, 2007 and continue to accrue at approximately $84 per diem.

15. In addition, in accordance with the parties' agreement, any mats which were not returned were to be paid for at a rate set forth in Exhibit B.

16. 12 mats were not returned and Builders has claimed it cannot locate them. Based upon the parties' agreement, there is due and owing an additional $17,200.

17. Pursuant to the parties' agreement, there is due and owing from Builders to plaintiff, the sum of $89,484.41.

SECOND CASE OF ACTION AGAINST BUILDERS

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 of the complaint as if fully set forth herein.

19. Plaintiff invoiced Builders for the periodic rentals in the total amount of $72,284.41 to date.

20. Builders made no complaint with respect to the amount of the invoices.

21. By reason of the foregoing, there is an account stated and there is due and owing from Builders to plaintiff the sum of $72,284.41.

THIRD CAUSE OF ACTION AGAINST BUILDERS

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 of the complaint as if fully

3

set forth herein.

23.   The amounts set forth above are a fair and reasonable value for the materials supplied by the Plaintiff.

24.   By reason of the foregoing, there is due and owing from Builders to plaintiff the sum of $89,484.41.

FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

25.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of the complaint as if fully set forth herein.

26.   On or about October 5, 2006 and March 5, 2007, each within eight (8) months after the last items of work and materials were furnished to the premises, plaintiff filed Notices of Lien in writing in the Office of the Clerk of the County of Bronx against the Property in the respective amounts of $58,538.11 and $18,611, for an aggregate of $77,149.11 (Exhibit C).

27.   Said Notices contained all of the information required by the appropriate sections of the N.Y. Lien Law.

28.   Said Liens have not been paid, cancelled or discharged of record, and no other proceeding has heretofore been brought in law or in equity to recover the amount claimed therein.

WHEREFORE, Plaintiff demands judgment as follows:

(1) On the first and third causes of action against BUILDERS, for the sum of $89,484.41, with interest thereon from the June 1, 2006;

(2) On the second cause of action against BUILDERS, for the sum of $72,284.41, with interest thereon from the June 1, 2006;

4

(3) On the fourth cause of action against Defendants, adjudging and determining that the Notices of Lien filed by Plaintiff are good, valid and subsisting liens in the total amount of $77,149.11 against the interest of the Defendants in the real property above described;

(4) That the Defendants and all persons claiming under them or either of them or any of them subsequent to the filing of the Notice of Pendency in this action in the office of the Clerk of the County of the Bronx in which said real property is situate, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, filed, or docketed, be forever barred and foreclosed of all right, claim, lien, and equity of redemption in said real property or any part thereof;

(5) That the interest of the Defendants as of the date of filing of said Notices of Lien may be decreed to be sold according to law:

(6) That the moneys arising from said sale may be brought into court;

(7) That Plaintiff may be paid therefrom the amount adjudged to be due to the Plaintiff, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of such sale, so far as the amount of such money properly applicable thereto will pay the same;

(8) That Builders may be adjudged to pay any deficiency which may remain after applying all of such moneys so applicable thereto;

(9) That, in case it be determined and adjudged that Plaintiff

5

does not have a valid and subsisting lien upon said real property, the Plaintiff may have a personal judgment against Builders for the sum of $89,484.41 with interest thereon from the June 1, 2006; and

(10) That Plaintiff have such other and further relief, or both, as shall be equitable, just and proper.

Dated:    New York, New York
          March 14, 2007

                              BAHN, HERZFELD & MULTER, LLP
                              Attorneys for Plaintiff

                              By: RICHARD L. HERZFELD
                              555 Fifth Avenue
                              New York, N.Y.   10017
                              (212) 818-9019

6

VERIFICATION

STATE OF NEW YORK:
                                s.s.:
COUNTY OF NEW YORK:

RICHARD L. HERZFELD, being duly sworn, deposes and says:

I am the attorney for plaintiff in this action and the foregoing complaint is true to my own knowledge, except as to matters therein stated on information and belief and as to those matters I believe to be true; the grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by plaintiff and interviews with officers and employees of plaintiff; and the reason why the verification is not made by plaintiff is that the plaintiff is not in the county where I maintain my office.

RICHARD L. HERZFELD

Sworn to before me this
14th day of March, 2007

Notary Public

ANDREW JAY MULTER
Notary Public, State of New York
No. 02MU5066724
Qualified in New York County
Commission Expires 09/30/20 10

7

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------- X

ALF RENTAL COMPANY, INC.,

Index No. 8910/2007

                    Plaintiff,                           VERIFIED ANSWER
                                                         COUNTERCLAIMS AND
        - against -                                      CROSS-CLAIMS

BUILDERS RESOURCE, INC., D'ONOFRIO
GENERAL CONTRACTORS CORP., CONSOLIDATED
EDISON OF NEW YORK, INC., TERRA DINAMICA,
LLC, CORESLAB STRUCTURES AND NICOLSON
CONSTRUCTION CO.,

                    Defendants.

-------------------------------------------------------------------- X

        The defendant, TERRA DINAMICA, LLC, as and for their answer and

counterclaims, allege as follows:

        1.      Defendant admits paragraphs 3, 4 and 6 of the plaintiff's verified

complaint.

        2.      Defendants deny knowledge and information sufficient to form a

belief as to the truth or falsity of the allegations contained in paragraphs 1, 2, 5, 7, 8, 9, 10, 11,

12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 28 of the complaint.

                AS AND FOR A FIRST AFFIRMATIVE DEFENSE

        3.      The mechanic's lien of the defendant, TERRA DINAMICA, LLC is

superior to, and takes precedence over, any other mechanic's lien on the premises filed by any

party.

                AS AND FOR A SECOND AFFIRMATIVE DEFENSE

        4.      Improper service as per CPLR.

## I. AS AND FOR A FIRST COUNTERCLAIM AND CROSS-CLAIM

5. Defendant TERRA DINAMICA, LLC counterclaims against the plaintiff

ALF RENTAL COMPANY, INC. and cross-claims against the co-defendants BUILDERS

RESOURCE, INC., D'ONOFRIO GENERAL CONTRACTORS CORP., CONSOLIDATED

EDISON OF NEW YORK, INC., CORESLAB STRUCTURES AND NICOLSON

CONSTRUCTION CO. on the foreclosure of its mechanic's lien in the sum of $148,601.25,

filed on or about December 6, 2005, as set forth in the lien foreclosure action brought in the

Supreme Court of the State of New York, County of Bronx, under index number 6525/2006.

## II. AS AND FOR A SECOND CROSS-CLAIM

6. Defendant TERRA DINAMICA, LLC, cross-claims against the co-

defendant D'ONOFRIO GENERAL CONTRACTORS CORP. on action for work, labor and

services, and materials provided, and action for breach of contract for damages in the agreed

and reasonable sum of $148,601.25, no portion of which has been paid although duly

demanded.

**WHEREFORE,** the defendant Terra Dinamica requests that plaintiff's

complaint be dismissed, for the relief requested in this counter-claim and cross-claims, and for

the costs and disbursements of this action, and for whatever other and further relief this court

deems just and proper.

Dated:        New York, New York
              April 24, 2007

                                        Yours, etc.

                                        LEONARD J. CATANZARO
                                        Attorney for Defendant
                                        Terra Dinamica
                                        434 Broadway, Suite 900
                                        New York, New York 10013
                                        (212) 226-1234

TO:

BAHN, HERZFELD & MULTER, LLP
Attorneys for Plaintiffs
555 Fifth Avenue
New York, New York 10017
(212) 818-9019

BUILDERS RESOURCE, INC.
101 Nasonville Road
Nasonville, RI 02830

D'ONOFRIO GENERAL CONTRACTORS CORP.
202 28th Street
Brooklyn, New York 11232

CONSOLIDATED EDISON OF NEW YORK, INC.
4 Irving Place
New York, New York 10003

CORESLAB STRUCTURES
1023 Waterbury Road
Thomaston, CT 06787

NICOLSON CONSTRUCTION CO.
12 McClane Street
Cuddy, PA 15031

## VERIFICATION

STATE OF NEW YORK    )    ss.:

COUNTY OF NEW YORK  )

      I, LEONARD J. CATANZARO, the undersigned, being duly sworn, deposes and says I am the attorney for co-defendant TERRA DINAMICA, LLC in this action and the foregoing complaint is true to my own knowledge, except as to matters therein stated on information and belief and as to those matters I believe them to be true; the grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by plaintiff and interviews with officers and employees of plaintiff; and the reason why the verification is not made by plaintiff is that the plaintiff is not in the county where I maintain my office.

By: _____
                LEONARD J. CATANZARO

Sworn to before me on this
24th day of April, 2007

_____
NOTARY PUBLIC

STANLEY B. KATZ
Notary Public, State of New York
No. 31-4630171
Qualified in New York County
Commission Expires 2/28/2011 SK

STATE OF NEW YORK :

           ss.:

COUNTY OF NEW YORK:

Richard L. Herzfeld, being duly sworn, deposes and says:

    I am not a party to the action, am over the age of 18, and maintain offices at 555 Fifth Avenue, N.Y., N.Y.

    On May 11, 2007, I served the within notice of motion and declaration by mailing a true copy thereof in a sealed envelope, postage prepaid, in a post office or official depository of the U.S. Postal Service within the State of New York to each of the following persons at the address set forth after their names:

                 Lambert & Weiss
                 61 Broadway
                 New York, NY 10006
                 Attorneys for Defendant Builders
                 Resource, Inc.

                 Leonard J. Catanzaro, Esq.
                 434 Broadway
                 New York, NY 10013
                 Attorneys for Defendant Terra Dinamica

                 Richard J. Giglio
                 4 Irving Place
                 New York, NY 10003
                 Attorneys for Defendant Consolidated
                 Edison

                 Lindabury, McCormick, Estabrook &
                 Cooper, PC
                 26 Broadway
                 New York, NY 10004
                 Attorneys for Defendant Coreslab Structure

Porzio Bromberg & Newman PC
100 Southgate Parkway
Morristown, NJ 07962
Attorneys for Defendant Nicholson
Construction

Treacy Schaffel Moore & Mueller
111 Broadway
New York, NY 10006
Attorneys for Defendant D'Onofrio
General Contractors

Bay Crane Services, Inc.
11-02 43rd Avenue
Long Island City, New York 11101
Third Party Defendant

Sworn to me this 11th day
of May, 2007

ANDREW JAY MULTER
Notary Public, State of New York
No. 02MU5066724
Qualified in New York County
Commission Expires 09/30/2010