ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :   07-CV-03148 (LAK)
ALF RENTAL COMPANY, INC.,                                   :
                                                            :
                             Plaintiff,                     :
                                                            :
BUILDERS RESOURCE, INC., D'ONOFRIO                          :
GENERAL CONTRACTORS CORP.,                                  :
CONSOLIDATED EDISON OF NEW YORK,                            :   **VERIFIED ANSWER AND**
INC., TERRA DINAMICA LLC,                                   :   <u>**CROSSCLAIM**</u>
CORESLAB STRUCTURES and NICOLSON                            :
CONSTRUCTION CO.,                                           :
                             Defendants.                    :
                                                            :
------------------------------------------------------------X
                                                            :
BUILDERS RESOURCE, INC.,                                    :
                                                            :
                             Third-Party Plaintiff,         :
                                                            :
             -against-                                      :
                                                            :
BAY CRANE SERVICE, INC.,                                    :
                                                            :
                             Third-Party Defendant.         :
------------------------------------------------------------X

Defendant, D'Onofrio General Contractors Corp. (hereafter D'Onofrio"), by its attorneys, Treacy, Schaffel, Moore & Mueller, answering the Verified Complaint of the Plaintiff, hereby avers as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraphs "1", "2" and "5"

of the Verified Complaint.

2. Admits the allegations stated and contained in paragraphs "3" and "6" of the Verified Complaint.

3. Admits upon information and belief the allegations stated and contained in paragraph "4" of the Verified Complaint.

4. Denies the allegation stated and contained in paragraph "7" of the Verified Complaint, and avers upon information and belief that Builders was a subcontractor to co-defendant Coreslab Structures on the Project, which in turn was a subcontractor to D'Onofrio.

### ANSWERING THE FIRST CAUSE OF ACTION

5. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraphs "8", "9" "10", "11", "12", "13", "14", "15", "16" and "17" of the Verified Complaint. In addition the allegations stated and contained in said paragraphs are directed to a party other than this answering defendant, and thus no further response is needed.

### ANSWERING THE SECOND CAUSE OF ACTION

6. D'Onofrio repeats and realleges each and every admission, denial and other averment stated and contained in paragraphs "1" through "5" of the Verified Answer, as if the same were set forth fully and in their entirety herein, in answer to the allegations stated and contained in paragraph "18" of the Verified Complaint.

7. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraphs "19", "20" and

"21" of the Verified Complaint. In addition, the allegations stated and contained in said paragraphs are directed to a party other than this answering defendant, and thus no further response is needed.

### ANSWERING THE THIRD CAUSE OF ACTION

8. D'Onofrio repeats and realleges each and every admission, denial and other averment stated and contained in paragraphs "1" through "7" of the Verified Answer, as if the same were set forth fully and in their entirety herein, in answer to the allegations stated and contained in paragraph "22" of the Verified Complaint.

9. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraphs "23" and "24" of the Verified Complaint. In addition, the allegations stated and contained in said paragraphs are directed to a party other than this answering defendant, and thus no further response is needed.

### ANSWERING THE FOURTH CAUSE OF ACTION

10. D'Onofrio repeats and realleges each and every admission, denial and other averment stated and contained in paragraphs "1" through "9" of the Verified Answer, as if the same were set forth fully and in their entirety herein, in answer to the allegations stated and contained in paragraph "25" of the Verified Complaint.

11. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraphs "26", "27" and "28" except as same may appear as of the public record, and defendant leaves plaintiff

to its proofs.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. Plaintiff fails to set forth a cause of action upon which relief can be granted against this answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13. Upon information and belief, some or all of the items claimed in plaintiff's Notice of Lien are not properly the subject of a mechanic's lien.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14. Upon information and belief, at the time of the filing of the mechanic's liens as alleged by plaintiff, there was not an accrued lien fund in existence running to plaintiff's contractor sufficient to satisfy the said liens of plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15. There is no privity of contract between plaintiff and this answering defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16. Upon information and belief, at the time of the filing of the alleged liens as aforesaid, there was not a sum due or to become due to plaintiff's immediate contractor, Builder's Resource, Inc. from its immediate contractor, Coreslab Structures, sufficient to pay the liens of plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17. Defendant D'Onofrio hereby incorporates all the defenses asserted by the other defendants in this action, as if the same were set forth fully and in their entirety herein.

## AS AND FOR A CROSS-CLAIM AGAINST
## <u>CO-DEFENDANT CORESLAB STRUCTURES</u>

18. Defendant D'Onofrio repeats and realleges each and every admission, denial and other averment stated and contained in paragraphs "1" through "16" of the Verified Answer as if the same were set forth fully and in their entirety herein.

19. On or about August 18, 2005, D'Onofrio entered into a contract in writing with Coreslab Structures (Conn), Inc., sued herein as Coreslab Structures (hereafter "Coreslab"), under and by which, for the consideration set forth therein, Coreslab was to provide all labor and material for Architectural and Structural Precast/Prestressed Concrete Products related to a project at the Mott Haven Substation in the Bronx, New York for Consolidated Edison (hereafter "the Contract"). Defendant D'Onofrio begs leave to refer to said contract for all its terms and conditions as if the same were set forth fully and in their entirety herein, as same will be produced upon the trial of this action.

20. Defendant Coreslab has failed and refused to perform its work under the Contract with D'Onofrio in a timely and workmanlike manner.

21. D'Onofrio has incurred additional cost and expense and will continue to incur additional cost and expense, all as a result of Coreslab's continuing breaches of its obligations under the Contract with D'Onofrio, including, but not limited to performing corrective work and employing others to perform work that Coreslab failed to perform and backcharging Coreslab for the cost thereof.

22. As a result of Coreslab's continuing breaches of its Contract with D'Onofrio, D'Onofrio has been damaged in an amount which is ongoing, but is

calculated to be in the sum of at least One Million and 00/100ths ($1,000,000.00) Dollars, and which damages continue to accrue.

WHEREFORE, defendant D'Onofrio General Contractors Corp. prays for judgment:

1. Dismissing the Verified Complaint in its entirety;

2. Discharging the mechanic's liens filed by plaintiff;

3. On the cross-claim, against defendant Coreslab Structures, in the sum of at least $1,000,000.00;

4. For the costs and disbursements of this action; and

5. For such other, further and different relief as to the Court may be just and proper in the premises.


Dated: New York, New York
       April 16, 2007

                        TREACY, SCHAFFEL, MOORE & MUELLER

                        By: _____
                            Gary J. Mueller, Esq. (GM1858)
                        Attorneys for D'Onofrio General Contractors Corp.
                        111 Broadway, Suite 402
                        New York, New York 10006
                        (212) 227-8150


To:    Richard Lewis Herzfeld, Esq. (via ECF)    Scott A. Levinson, Esq. (via ECF)
        Bahn, Herzfeld & Multer, LLP                  Attorney for Consolidated Edison
        Attorneys for Plaintiff                              Company of New York, Inc.

        Stephen H. Marcus, Esq. (via ECF)        Scott Mark Yaffe, Esq. (via ECF)
        Lambert & Weiss                                 Lindabury, McCormick, Estabrook & Cooper
        Attorneys for Builders Resource, Inc.       Attorneys for Coreslab Structures

-7-

STATE OF NEW YORK )
                  : ss.:
COUNTY OF NEW YORK )

GARY J. MUELLER, being duly sworn, deposes and says: That he is the attorney for the defendant, D'Onofrio General Contractors Corp., herein; that he resides at 500 Begonia Court, Jackson, New Jersey 08527; that he has read and knows the contents of the foregoing Verified Answer and Crossclaim; that the same is true of his own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true.

That the reason why this verification is made by deponent and not by defendant is that the defendant is not within the County of New York where deponent has his office; that the grounds of deponent's belief and the source of his information with respect to the matters set forth in the Verified Answer and Crossclaim, are derived from written communications of plaintiff and defendant and other documents relating to the transactions had between plaintiff and defendant, which are in deponent's possession.

_____
GARY J. MUELLER

Sworn to before me this
16 day of April 2007.

_____
Notary Public

THOMAS W. MOORE III
Notary Public, State of New York
No. 31-_____
Qualified in New York County
Commission Expires 30 June 2010

Verified answer (69314.WPD;1)

## AFFIRMATION OF SERVICE

GARY J. MUELLER, an attorney-at-law of the State of New York, hereby affirms the following as true pursuant to CPLR 2106 and under the penalties of perjury as follows:

That he is over the age of 18 years. That on April 18, 2007 he served the within Answer, Affirmative Defenses and Cross-Claim of D'Onofrio General Contractors, Inc. upon:

> Richard L. Herzfeld, Esq.
> Bahn, Herzfeld & Multer, LLP
> 555 Fifth Avenue
> New York, New York 10017
> Attorneys for Plaintiff

by depositing a true copy of same at a facility maintained by the United States Postal Service, that being the address designated by him for that purpose according to the best information which your deponent could conveniently obtain.

_____
GARY J. MUELLER

Dated: New York, New York
       April 18, 2007