UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

                      Plaintiff,

      -against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL
CONTRACTORS CORP., CONSOLIDATED EDISON
OF NEW YORK, INC., TERRA DINAMICA, LLC,
CORESLAB    STRUCTURES,   and    NICOLSON
CONSTRUCTION CO.,

                     Defendants.
------------------------------------------------------------------------X
BUILDERS RESOURCE, INC.,

              Third-Party Plaintiff,

      -against-

BAY CRANE SERVICE INC.,

             Third-Party Defendant.
------------------------------------------------------------------------X

Docket No.:  07 CV 3148 (LAK)

**DECLARATION IN OPPOSITION
TO MOTION FOR REMAND**

**STEPHEN H. MARCUS**, an attorney duly admitted to practice before the Courts of the

State and this District Court declares under penalty of perjury as follows:

      1.     I am of counsel to Lambert & Weiss, attorneys for the defendant Builders

Resource, Inc. ("BRI"). I make and submit this declaration in opposition to plaintiff's motion to

remand this action to the Supreme Court, Bronx County.

      2.     Plaintiff's motion to remand should be denied in all respects. As will be shown,

the mechanic's lien both of the plaintiff and of the co-defendant Terra Dinamica have been

replaced by individual lien discharge bonds. Thus, the actions are in reality suits against bonds

which are each contracts assumed by the surety on the bonds. In addition, Terra Dinamica has

asserted its own lien claim by counterclaim in the ALF suit.  Therefore, all parties and claims are before this Court, and remand is unjustified.

3.    However, in the event that this Court orders remand of ALF's suit, the cross-claims asserted by defendant Coreslab Structures (Conn.) Inc. ("CSCI") against BRI and its third-party action against Steven Allard ("Allard") should remain before this Court unless dismissed on the grounds, inter alia, of prior action pending.[1]  Allard is a Rhode Island resident.  BRI is a Massachusetts corporation and Coreslab is a Connecticut corporation.  Therefore, there is complete diversity among these parties, and federal court jurisdiction is thus appropriate.

4.    Annexed hereto as Exhibit "A" are copies of the lien discharge bonds filed in the office of the clerk of Bronx County relative to ALF's liens.

5.    Annexed hereto as Exhibit "B" is a copy of the lien discharge bond filed in the office of the clerk of Bronx County relative to Terra Dinamica's mechanic's lien.

6.    As shown in BRI's accompanying memorandum of law, as a consequence of the existence of the bonds, the liens detach from the realty and attach to the bonds.

7.    Annexed hereto as Exhibit "C" is a copy of Terra Dinamica's answer in the matter at bar.  By its answer, Terra Dinamica asserts its own claim for relief in the action under the Lien Law.

8.    Annexed hereto as Exhibit "D" is the answer, counterclaim and cross-claim of co-defendant CSCI.  CSCI asserts a cross-claim to enforce its mechanic's lien.

9.    Consequently, all claims and parties are before this Court, and remand is particularly inappropriate.

---

[1] BRI has moved to dismiss CSCI's cross-claims on the grounds that by reason of a prior action pending in U.S. District Court in Massachusetts, CSCI's cross-claims against BRI in the suit at bar should be dismissed.  BRI has also moved to discuss the third-party complaint against Allard.

10.    CSCI also asserts cross-claims against BRI based upon an alleged indemnity provision of a subcontract, breach of contract, fraud and misrepresentation. In addition, CSCI alleges a purported third-party claim against Steven Allard, who, CSCI alleges is the chief financial officer of BRI.

11.    Annexed hereto as Exhibit "E" is CSCI's notice of mechanic's lien filed in Bronx County, in which CSCI identifies itself as a Connecticut corporation with its office in Thomaston, Connecticut.

12.    Annexed hereto as Exhibit "F" is information obtained from the internet website of the New York Secretary of State reflecting that BRI is a Massachusetts corporation.

13.    Accompanying this declaration is the affidavit of Steven Allard in which he avers that he is a Rhode Island resident.

14.    For the reasons stated herein, and stated in BRI's accompanying memorandum of law, ALF's motion to remand the instant actions to the Supreme Court, Bronx County should be denied in all respects. In the alternative, in the event that ALF's action is remanded and BRI's motion to dismiss is denied, CSCI's cross-claims against BRI and third-party action against Allard should remain in this District Court.

Dated: New York, New York
      July 17, 2007

STEPHEN H. MARCUS (SHM 2370)

H:\SHM\5790-Private-Builders\Legal\ALF\Declaration in Opp to Mot for Remand.doc

- 3 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

                  Plaintiff,

    -against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL
CONTRACTORS CORP., CONSOLIDATED EDISON
OF NEW YORK, INC., TERRA DINAMICA, LLC,
CORESLAB STRUCTURES, and NICOLSON
CONSTRUCTION CO.,

                  Defendants.
-------------------------------------------------------------------X
BUILDERS RESOURCE, INC.,

                  Third-Party Plaintiff,

    -against-

BAY CRANE SERVICE INC.,

                  Third-Party Defendant.
-------------------------------------------------------------------X
STATE OF RHODE ISLAND     )
                       ) SS.:
COUNTY OF PROVIDENCE    )

Docket No.: 07 CV 3148 (LAK)

**<u>AFFIDAVIT</u>**

    **STEVEN ALLARD**, being duly sworn, deposes and says:

    1.    I am a resident of Rhode Island. I do not have a place of business in New York.

Builders Resource, Inc. ("BRI") is a Massachusetts corporation. I am neither the president,

secretary, or treasurer of BRI and therefore I am not a statutory officer of that corporation.

Neither am I, as alleged by Coreslab, BRI's chief financial officer.

    2.    I have never been served with the third-party summons and complaint of defendant

Coreslab Structures (Conn.) Inc.

                                             STEVEN ALLARD

Sworn to before me this
17 day of July, 2007

                    
NOTARY PUBLIC

**Exhibit "A"**

BOND TO DISCHARGE
MECHANIC'S LIEN

, Bond No <u>6393046</u>

KNOW ALL MEN BY THESE PRESENTS, That we, **D'Onofrio General Contractors Corp. of 202 28th Street, Brooklyn, NY 11232,** as Principal, and __ **Safeco Insurance Company of America** with an office and usual place of business at <u>1200 Mac Arthur Blvd. Mahwah, NJ 07430,</u> as Surety, are held and firmly bound unto <u>Clerk of the County of Bronx ,</u> as Obligee in the sum of <u>**Sixty Four Thousand Three Hundred Ninety One Dollars and 80/100($64,391.80)**</u>Dollars, lawful money of the United States, for which payment well and truly to be made we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

SIGNED and SEALED this <u>9th</u> day of <u>**November 2006.**</u>

WHEREAS, on the <u>**23rd**</u> day of <u>**October 2006,**</u> **ALF Rental Company, Inc. of 122 W. Sheffield Avenue, Englewood, NJ 07631,** caused to be filed in the office of the Clerk of the County of Bronx a Notice of Mechanic's Lien or Claim in the sum of **Fifty Eight Thousand Five Hundred Thirty Eight Dollars and 00/100-------($58,538.00) Dollars** against **D'Onofrio General Contractors Corp. as Contractor of property located at Block 2599, Lot 5 and known as number 415 Bruckner Blvd. Bronx, NY**

WHEREAS **D'Onofrio General Contractors Corp., as Contractor** desires to discharge said lien or claim pursuant to the Lien Law of the State of New York; and

**D'Onofrio General Contractors Corp.** have agreed to execute a bond in the sum of **Sixty Four Thousand Three Hundred Ninety One Dollars and 80/100 ($64,391.80)** to discharge such lien pursuant to New York State Statute; and

NOW, THEREFORE, the condition of this obligation is such that if the above bounden **D'Onofrio General Contractors Corp.,** its executors, administrators, successors and assigns shall well and truly pay any judgment which may be rendered in an action for the enforcement of said lien, not exceeding the sum **Sixty Four Thousand Three Hundred Ninety One Dollars and 80/100($64,391.80)** Dollars then this obligation to be void; otherwise to remain in full force and effect.

Principal: <u>**D'Onofrio General Contractors Corp.**</u>

by   VINCENT D'ONOFRIO, VICE PRESIDENT.

Surety:        **Safeco Insurance Company of America**

By:

Jennifer Weingarten   Attorney-in-Fact

!9-J) 7-78

867147 RC.

**Individual Acknowledgment**

State of _____

County of_____

On this _____day of_____, ____, before me personally came
_____to me known, and known to me
to be the individual in and who executed the foregoing instrument , and acknowledged to me that he/she
executed the same.

My commission expires_____        _____
                                                                    Notary Public

--------------------------------------------------------------------------------

**Corporation Acknowledgment**

ANDREA SAMARTANO
NOTARY PUBLIC, STATE OF NEW YORK
ID No. 01SA6145674
QUALIFIED IN KINGS COUNTY
MY COMMISSION EXPIRES 05/08/20_ _

State of ___New York___

County of _King_

On the _10__ day of _Nov___ of the year 2005  before me personally came _Vincent DeSario_
_____ to me known; who being by me duly sworn, did depose and say that he/she/they reside(s) in
_Brooklyn___ NY__ that he/she/they is (are) the _Vice President_
of the _Daytao General Contractor Corp_ the corporation described in and which executed the
above instrument; that he/she/they know(s) the seal of said corporation; that the seal affixed to said
instrument is such corporate seal; that it was so affixed by authority of the board of directors of said
corporation, and that he/she/they signed his/her/their name(s) thereto by like authority.

My Commission expires_____        _____
                                                                    Notary Public

--------------------------------------------------------------------------------

**Surety Acknowledgment**

State of ___New York_____

County of ___Nassau_____

On the _9th_____ day of **November** of the year _2006_ before me personally came **Jennifer
Weingarten** came known, who, being by me duly sworn, did depose and say that he/she/they is an
attorney in fact of **Safeco Insurance Company of America** corporation described in and which
executed the within instrument; that he/she/they know(s) the corporate seal of said corporation; that the
seal affixed to the within instrument is such corporate seal, and that he/she/they signed the said
instrument and affixed the said seal as Attorney-in-fact by authority of the Board of Directors of said
corporation and by authority of this office under the standing resolution thereof.

My commission expires _____        DENESE THOMPSON        _____
                                              Notary Public, State of New York            Notary Public
                                              No. 01TH4623317
                                              Qualified in Nassau County
                                              Commission Expires 2/28/07



**POWER OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

**KNOW ALL BY THESE PRESENTS:**

No. __10006__

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

**\*\*\*\*\*\*\*\*\*\*FRANK ABBATIELLO; TARA LAVERDIERE; ANTHONY J. PANNO; PHILIP SAMUELS; ANTHONY M. SPINA; LOUIS J. SPINA; KIM SPINELLO; DENESE THOMPSON; JENNIFER WEINGARTEN; Garden City, New York\*\*\*\*\*\*\*\*\*\***

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA** have each executed and attested these presents

this __31st__ day of __July__ , __2006__

_Stephanie Daley-Watson_

**STEPHANIE DALEY-WATSON, SECRETARY**

_T A Mikolajewski_

**TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY**

**CERTIFICATE**

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
   (i)   The provisions of Article V, Section 13 of the By-Laws, and
   (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
   (iii)  Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson   , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the facsimile seal of said corporation

this __9th__ day of __November__ , __2006__




_Stephanie Daley-Watson_

**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 4/05

WEB PDF

**Safeco.**

SAFECO INSURANCE COMPANY OF AMERICA

### FINANCIAL STATEMENT — DECEMBER 31, 2005

#### Assets

| | |
|---|---|
| Cash and Bank Deposits | $   84,906,669 |
| *Bonds — U.S Government | 242,950,999 |
| *Other Bonds | 2,682,145,557 |
| *Stocks | 428,624,237 |
| Real Estate | 9,291,339 |
| Agents' Balances or Uncollected Premiums | 629,634,432 |
| Accrued Interest and Rents | 40,360,895 |
| Other Admitted Assets | 351,037,705 |
| **Total Admitted Assets** | **$4,468,951,833** |

#### Liabilities

| | |
|---|---|
| Unearned Premiums | $  711,109,820 |
| Reserve for Claims and Claims Expense | 1,620,267,753 |
| Funds Held Under Reinsurance Treaties | 78,827 |
| Reserve for Dividends to Policyholders | 854,045 |
| Additional Statutory Reserve | — |
| Reserve for Commissions, Taxes and Other Liabilities | 938,766,902 |
| **Total** | **$3,271,077,347** |
| Capital Stock ................ $   5,000,000 | |
| Paid in Surplus ............. 240,451,979 | |
| Unassigned Surplus ......... 952,422,507 | |
| **Surplus to Policyholders** | **1,197,874,486** |
| **Total Liabilities and Surplus** | **$4,468,951,833** |

\*  Bonds are stated at amortized or investment value; Stocks at Association Market Values. Securities carried at $137,852,392 are deposited as required by law.



I, MICHAEL C. PETERS, President, Surety, Safeco Insurance Company, do hereby certify that the foregoing is a true, and correct statement of the Assets and Liabilities of said Corporation, as of December 31, 2005, to the best of my knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation at Seattle, Washington, this 1st day of March, 2006.

_____

President, Surety

S-1262a 3/06

Safeco and the Safeco logo are registered trademarks of Safeco Corporation

CERTIFICATE OF SOLVENCY UNDER SECTION 1111 OF THE NEW YORK
INSURANCE LAW

STATE OF NEW YORK

INSURANCE DEPARTMENT

It is hereby certified that

**SAFECO INSURANCE COMPANY OF AMERICA
OF SEATTLE, WASHINGTON**

a corporation organized under the laws of the State of Washington, and duly authorized
to transact the business of insurance in this State, is qualified to become surety or
guarantor on all bonds, undertakings, recognizances, guaranties and other obligations
required or permitted by law; and that the said corporation is possessed of a capital and
surplus including gross paid-in and contributed surplus and unassigned funds (surplus)
aggregating the sum of $1,043,397,228 (Capital $5,000,000.) as is shown by its sworn
financial statement for the year ended December 31, 2004 on file in this Department,
prior to audit.

The said corporation cannot lawfully expose itself to loss on any one risk or hazard to
an amount exceeding 10% of its surplus to policyholders, unless it shall be protected in
excess of that amount in the manner provided in Section 4118 of the Insurance Law of
this State.



In Witness Whereof, I have here-
unto set my hand and affixed the
official seal of this Department
at the City of Albany, this 31st
day of May, 2005.

Howard Mills
Superintendent of Insurance

By

Salvatore Castiglione
Special Deputy Superintendent

http://www.ins.state.ny.us

BOND TO DISCHARGE
MECHANIC'S LIEN

Bond No **6459483**

KNOW ALL MEN BY THESE PRESENTS, That we, **D'Onofrio General Contractors Corp. of 202 28th Street, Brooklyn, NY 11232,** as Principal, and __**Safeco Insurance Company of America**__ with an office and usual place of business at **1200 Mac Arthur Blvd. Mahwah, NJ 07430,** as Surety, are held and firmly bound unto __Clerk of the County of Bronx,__ as Obligee in the sum of **Twenty Thousand Four Hundred Seventy Two & 001/00($20,472.00)**Dollars, lawful money of the United States, for which payment well and truly to be made we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

SIGNED and SEALED this **20th** day of **March 2007.**

WHEREAS, on the **5th** day of **March 2007, ALF Rental Company, Inc.** caused to be filed in the office of the **Clerk of the County of Bronx** a Notice of Mechanic's Lien or Claim in the sum of **Eighteen Thousand Six Hundred Eleven & 00/100-------($18,611.00) Dollars** against **D'Onofrio General Contractors Corp. as Contractor of property located at Block 2599, Lot 5 and known as number 415 Bruckner Blvd., Bronx, NY**

WHEREAS **D'Onofrio General Contractors Corp., as Contractor** desires  to discharge said lien or claim pursuant to the Lien Law of the State of New York; and

**D'Onofrio General Contractors Corp.**have agreed to execute a bond in the sum of **Twenty Thousand Four Hundred Seventy Two & 00/100($20,472.00)** to discharge such lien pursuant to New York State Statute; and

NOW, THEREFORE, the condition of this obligation is such that if the above bounden **D'Onofrio General Contractors Corp.,** its executors, administrators, successors and assigns shall well and truly pay any judgment which may be rendered in an action for the enforcement of said lien, not exceeding the sum **Twenty Thousand Four Hundred Seventy Two & 00/100($202,472.00)** Dollars then this obligation to be void; otherwise to remain in full force and effect.

Principal: **D'Onofrio General Contractors Corp.**

Surety:         **Safeco Insurance Company of America**

By:

Jennifer Weingarten  Attorney-in-Fact

!9-J) 7-78

**Individual Acknowledgment**

State of _____

County of _____

On this _____ day of _____, _____, before me personally came
_____ to me known, and known to me
to be the individual in and who executed the foregoing instrument , and acknowledged to me that he/she
executed the same.

My commission expires_____          _____
                                                              Notary Public

-----------------------------------------------------------------------------------------------------

**Corporation Acknowledgment**

State of __New York__

County of _Kings_

ANDREA SAMARTANO
NOTARY PUBLIC, STATE OF NEW YORK
ID No. 01SA6145674
QUALIFIED IN KINGS COUNTY
MY COMMISSION EXPIRES 05/08/20_10_

On the _21_ day of _March_ of the year 2007  before me personally came _Vincent Davorio_
_____ to me known; who being by me duly sworn, did depose and say that he/she/they reside(s) in
_Brooklyn_ _NY_ that he/she/they is (are) the _Vice President_
of the _Davorio General Contractors Corp_ the corporation described in and which executed the
above instrument; that he/she/they know(s) the seal of said corporation; that the seal affixed to said
instrument is such corporate seal; that it was so affixed by authority of the board of directors of said
corporation, and that he/she/they signed his/her/their name(s) thereto by like authority.

My Commission expires _5/8/2010_          _____
                                                  Notary Public

-----------------------------------------------------------------------------------------------------

**Surety Acknowledgment**

State of __New York__

County of __Nassau__

On the _20th_ day of **March** of the year _2007_ before me personally came **Jennifer
Weingarten** came known, who, being by me duly sworn, did depose and say that he/she/they is an
attorney in fact of **Safeco Insurance Company of America** corporation described in and which
executed the within instrument; that he/she/they know(s) the corporate seal of said corporation; that the
seal affixed to the within instrument is such corporate seal, and that he/she/they signed the said
instrument and affixed the said seal as Attorney-in-fact by authority of the Board of Directors of said
corporation and by authority of this office under the standing resolution thereof.

My commission expires _____          _____
                                                              Notary Public

TARA LAVERDIERE
Notary Public, State of New York
No. 01LA6076587
Qualified in Nassau County
Commission Expires _____



**POWER OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

**KNOW ALL BY THESE PRESENTS:**                        No. 10006

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

***********FRANK ABBATIELLO; TARA LAVERDIERE; ANTHONY J. PANNO; PHILIP SAMUELS; ANTHONY M. SPINA; LOUIS J. SPINA; KIM SPINELLO; DENESE THOMPSON; JENNIFER WEINGARTEN; Garden City, New York***********

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA** have each executed and attested these presents

this  31st                        day of  July                        ,  2006

*Stephanie Daley Watson*                        *T A Mikolajewski*

**STEPHANIE DALEY-WATSON,SECRETARY**                **TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY**

**CERTIFICATE**

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
    (i)  The provisions of Article V, Section 13 of the By-Laws, and
    (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
    (iii)  Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson    , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the facsimile seal of said corporation

this  20th                        day of  March                        ,  2007

 

*Stephanie Daley Watson*

**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 4/05                                                                                WEB PDF



## SAFECO INSURANCE COMPANY OF AMERICA

### FINANCIAL STATEMENT — DECEMBER 31, 2006

| Assets | | Liabilities | |
|---|---:|---|---:|
| Cash and Bank Deposits | $ 86,659,875 | Unearned Premiums | $ 706,885,899 |
| *Bonds — U.S. Government | 134,111,814 | Reserve for Claims and Claims Expense | 1,563,240,516 |
| *Other Bonds | 2,821,326,707 | Funds Held Under Reinsurance Treaties | 139,204 |
| *Stocks | 523,881,548 | Reserve for Dividends to Policyholders | 2,116,676 |
| Real Estate | 0 | Additional Statutory Reserve | — |
| Agents' Balances or Uncollected Premiums | 626,775,902 | Reserve for Commissions, Taxes and Other Liabilities | 1,094,254,631 |
| Accrued Interest and Rents | 40,188,467 | **Total** | **$3,366,636,926** |
| Other Admitted Assets | 289,094,036 | Special Surplus Funds...... $ (504,853) | |
| | | Capital Stock | 5,000,000 |
| | | Paid in Surplus | 260,561,321 |
| | | Unassigned Surplus | 890,344,955 |
| | | Surplus to Policyholders | 1,155,401,423 |
| **Total Admitted Assets** | **$4,522,038,349** | **Total Liabilities and Surplus** | **$4,522,038,349** |



\* Bonds are stated at amortized or investment value; Stocks at Association Market Values.
Securities carried at $124,431,457 are deposited as required by law.

I, TIM MIKOLAJEWSKI, Senior Vice-President of SAFECO Insurance Company of America, do hereby certify that the foregoing is a true, and correct statement of the Assets and Liabilities of said Corporation, as of December 31, 2006, to the best of my knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation at Seattle, Washington, this 1st day of March, 2007.

Senior Vice-President

S-1262a 3/07

® A registered trademark of SAFECO Corporation

<u>CERTIFICATE OF SOLVENCY UNDER SECTION 1111 OF THE NEW YORK</u>
<u>INSURANCE LAW</u>

STATE OF NEW YORK

INSURANCE DEPARTMENT

It is hereby certified that

**SAFECO INSURANCE COMPANY OF AMERICA**
**OF SEATTLE, WASHINGTON**

a corporation organized under the laws of the State of Washington, and duly authorized
to transact the business of insurance in this State, is qualified to become surety or
guarantor on all bonds, undertakings, recognizances, guaranties and other obligations
required or permitted by law; and that the said corporation is possessed of a capital and
surplus including gross paid-in and contributed surplus and unassigned funds (surplus)
aggregating the sum of $1,043,397,228.(Capital $5,000,000.) as is shown by its sworn
financial statement for the year ended December 31, 2004 on file in this Department,
prior to audit.

The said corporation cannot lawfully expose itself to loss on any one risk or hazard to
an amount exceeding 10% of its surplus to policyholders, unless it shall be protected in
excess of that amount in the manner provided in Section 4118 of the Insurance Law of
this State.



In Witness Whereof, I have here-
unto set my hand and affixed the
official seal of this Department
at the City of Albany, this 31st
day of May, 2005.

Howard Mills
Superintendent of Insurance

By

Salvatore Castiglione
Special Deputy Superintendent

http://www.ins.state.ny.us

# Exhibit "B"

BOND TO DISCHARGE
MECHANIC'S LIEN

Bond No 6310216

KNOW ALL MEN BY THESE PRESENTS, That we, **D'Onofrio General Contractors Corp.,** **202 28th Street, Brooklyn, New York 11232** as Principal, and **Safeco Insurance Company of America** with an office and usual place of business at **1200 MacArthur Blvd., Mahwah, New Jersey 07430**, as Surety, are held and firmly bound unto **Clerk of the County of Bronx**, as Obligee in the sum of **One Hundred Sixty Three Thousand Four Hundred Sixty One Dollars and 38/100---($163,461.38)**, lawful money of the United States, for which payment well and truly to be made we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

SIGNED and SEALED this **15** day of **December 2005.**

WHEREAS, on the **11th** day of **November, 2005, Terra Dinamica, LLC., 5 Meadow Brook Road, Granby, CT 06035** caused to be filed in the office of the **Clerk of the County of Bronx** a Notice of Mechanic's Lien or Claim in the sum of **One Hundred Forty Eight Thousand Six Hundred One Dollars and 25/100 ----($148,601.25)** against **Bruckner Manufacturing Corp., 415 Bruckner Blvd., Bronx, NY 10454 and / or Gross & Gross, LLP., 371 Merrick Road, Rockville Centre, NY 11570 and/or Consolidated Edison Solutions, Inc., 415 Bruckner Blvd., Bronx, NY 10454 all as owner of property located at Block 2599, Lot 5 and known as Mott Haven Substation, 415 Bruckner Blvd., Bronx, New York .**

WHEREAS **D'Onofrio General Contractors Corp.** desires to discharge said lien or claim pursuant to the Lien Law of the State of New York; and

**D'Onofrio General Contractors Corp.** have agreed to execute a bond in the sum of **One Hundred Sixty Three Thousand Four Hundred Sixty One Dollars and 38/100--($163,461.38)** to discharge such lien pursuant to New York State Statute; and

NOW, THEREFORE, the condition of this obligation is such that if the above bounden **D'Onofrio General Contractors Corp.** its executors, administrators, successors and assigns shall well and truly pay any judgment which may be rendered in an action for the enforcement of said lien, not exceeding the sum **One Hundred Sixty Three Thousand Four Hundred Sixty One Dollars and 38/100--($163,461.38)** then this obligation to be void; otherwise to remain in full force and effect.

Principal: **D'Onofrio General Contractors Corp.**

VINCENT D'ONOFRIO

Surety: **Safeco Insurance Company of America**

By: 

**Nicole Gruter, Attorney-in-Fact**

FILED-RECORDED

2005 DEC 29 PH 1:09

BRONX COUNTY CLERK
DOCKET DEPARTMENT

7-78

## Individual Acknowledgment

State of _____

County of_____

On this _____day of_____, _____, before me personally came
_____to me known, and known to me
to be the individual in and who executed the foregoing instrument , and acknowledged to me that he/she
executed the same.

My commission expires_____     _____
                                                                          Notary Public

--------------------------------------------------------------------------------

## Corporation Acknowledgment

State of _New York_

County of _Kings_

On the _21_ day of _December_ of the year _2005_ before me personally came
_Vincent D'Onofrio_ to me known; who being by me duly sworn, did depose and say
that he/she/they reside(s) in _Brooklyn_ that he/she/they is (are) the
_Vice-President_ of the _D'Onofrio General Contractors Corp._ , the corporation
described in and which executed the above instrument; that he/she/they know(s) the seal of said
corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by
authority of the board of directors of said corporation, and that he/she/they signed his/her/their name(s)
thereto by like authority.

My commission expires_____

GABRIEL PALOMBO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01PA4951343
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES NOV. 30, 20__

_____
Notary Public

--------------------------------------------------------------------------------

## Surety Acknowledgment

State of ___New York___

County of ___Suffolk___

On the _15_ day of _December_ of the year __2005__ before me personally came
___Nicole Gruter___ to me known, who, being by me duly sworn, did depose and say that
he/she/they is an attorney in fact of ___Safeco Insurance Company of America___, the corporation
described in and which executed the within instrument; that he/she/they know(s) the corporate seal of
said corporation; that the seal affixed to the within instrument is such corporate seal, and that
he/she/they signed the said instrument and affixed the said seal as Attorney-in-fact by authority of the
Board of Directors of said corporation and by authority of this office under the standing resolution
thereof.

My commission expires _____

LOUIS J. SPINA
NOTARY PUBLIC, State of New York
No. 4966291
Qualified in Suffolk County
Commission Expires May 7, 20_06_

_____
Notary Public



## POWER
## OF ATTORNEY

Safeco Insurance Companies
PO Box 34526
Seattle, WA 98124-1526

No. **10006**

**KNOW ALL BY THESE PRESENTS:**

That SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, each a Washington corporation, does each hereby appoint

\*\*\*\*\*FRANK ABBATIELLO; JACLYN APONTE; TARA LAVERDIERE; ANTHONY J. PANNO; ANTHONY M. SPINA; LOUIS J. SPINA; KIM SPINELLO; DENESE THOMPSON; Garden City, New York; NICOLE GRUTER; LOUIS J. SPINA; DENESE THOMPSON; Smithtown, New York; ANTHONY J. PANNO; PHILIP SAMUELS; DENESE THOMPSON; Nanuet, New York\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA have each executed and attested these presents**

this ___29th___ day of ___June___ , ___2005___

*Stephanie Daley Watson*

**STEPHANIE DALEY-WATSON, SECRETARY**

*MW Peters*

**MIKE PETERS, PRESIDENT, SURETY**

### CERTIFICATE

Extract from the By-Laws of SAFECO INSURANCE COMPANY OF AMERICA
and of GENERAL INSURANCE COMPANY OF AMERICA:

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of SAFECO INSURANCE COMPANY OF AMERICA
and of GENERAL INSURANCE COMPANY OF AMERICA adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
   (i)   The provisions of Article V, Section 13 of the By-Laws, and
   (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
   (iii) Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson, Secretary of SAFECO INSURANCE COMPANY OF AMERICA and of GENERAL INSURANCE COMPANY OF AMERICA, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation**

this ___15___ day of ___December___ , ___2005___

 

*Stephanie Daley Watson*

**STEPHANIE DALEY-WATSON, SECRETARY**

S-0974/DS 4/05

Safeco and the Safeco logo are registered trademarks of Safeco Corporation.

WEB PDF

# SAFECO INSURANCE COMPANY OF AMERICA

## FINANCIAL STATEMENT — DECEMBER 31, 2004

| Assets | | Liabilities | |
|---|---:|---|---:|
| Cash and Bank Deposits | $ (52,492,321) | Unearned Premiums | $ 710,499,599 |
| *Bonds — U.S Government | 251,982,058 | Reserve for Claims and Claims Expense | 1,590,324,590 |
| *Other Bonds | 2,582,533,516 | Funds Held Under Reinsurance Treaties | 114,417 |
| *Stocks | 444,878,607 | Reserve for Dividends to Policyholders | 836,898 |
| Real Estate | 9,485,908 | Additional Statutory Reserve | — |
| Agents' Balances or Uncollected Premiums | 367,916,616 | Reserve for Commissions, Taxes and Other Liabilities | 440,428,802 |
| Accrued Interest and Rents | 39,230,044 | **Total** | $2,742,204,306 |
| Other Admitted Assets | 142,067,106 | Capital Stock | $ 5,000,000 |
| | | Paid in Surplus | 233,187,958 |
| | | Unassigned Surplus | 805,209,270 |
| | | Surplus to Policyholders | 1,043,397,228 |
| **Total Admitted Assets** | **$3,785,601,534** | **Total Liabilities and Surplus** | **$3,785,601,534** |



\* Bonds are stated at amortized or investment value; Stocks at Association Market Values. Securities carried at $153,000,775 are deposited as required by law.

I, MICHAEL C. PETERS, president of SAFECO Insurance Company, do hereby certify that the foregoing is a true, and correct statement of the Assets and Liabilities of said Corporation, as of December 31, 2004, to the best of my knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation at Seattle, Washington, this 1st day of March, 2005.

_____
President

S-1262a 3/02

® A registered trademark of SAFECO Corporation

General Contractors Corp.
# — 6310216
4/15/05

# EXHIBIT B

## IMPORTANT NOTICE TO SURETY BOND CUSTOMERS REGARDING
## THE TERRORISM RISK INSURANCE ACT OF 2002

As a surety bond customer of one of the SAFECO insurance companies (SAFECO Insurance Company of America, General Insurance Company of America, First National Insurance Company, American States Insurance Company or American Economy Insurance Company), it is our duty to notify you that the Terrorism Risk Insurance Act of 2002 extends to "surety insurance". This means that under certain circumstances we may be eligible for reimbursement of certain surety bond losses by the United States government under a formula established by this Act.

Under this formula, the United States government pays 90% of losses caused by certified acts of terrorism that exceed a statutorily established deductible to be paid by the insurance company providing the bond. The Act also establishes a $100 billion cap for the total of all losses to be paid by all insurers for certified acts of terrorism. Losses on some or all of your bonds may be subject to this cap.

This notice does not modify any of the existing terms and conditions of this bond, the underlying agreement guaranteed by this bond, any statutes governing the terms of this bond or any generally applicable rules of law.

At this time there is no premium change resulting from this Act.

CERTIFICATE OF SOLVENCY UNDER SECTION 1111 OF THE NEW YORK INSURANCE LAW

## STATE OF NEW YORK

## INSURANCE DEPARTMENT

It is hereby certified that

## SAFECO Insurance Company of America
## of Seattle, Washington

a corporation organized under the laws of the State of Washington and duly authorized to transact the business of insurance in this State, is qualified to become surety or guarantor on all bonds, undertakings, recognizances, guaranties and other obligations required or permitted by law; and that the said corporation is possessed of a capital and surplus including gross paid-in and contributed surplus and unassigned funds (surplus) aggregating the sum of $818,475,958. (Capital $5,000,000.), as is shown by its sworn financial statement for the year ended December 31, 2003, on file in this Department, prior to audit.

The said corporation cannot lawfully expose itself to loss on any one risk or hazard to an amount exceeding 10% of its surplus to policyholders, unless it shall be protected in excess of that amount in the manner provided in Section 4118 of the Insurance Law of this State.



In Witness Whereof, I have here-
unto set my hand and affixed the
official seal of this Department
at the City of Albany, this 25th
day of May, 2004.

Gregory V. Serio
Superintendent of Insurance

By

Special Deputy Superintendent

**Exhibit "C"**

SUPREME COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------ X    Index No. 8910/2007
ALF RENTAL COMPANY, INC.,

                Plaintiff,                        VERIFIED ANSWER
                                                COUNTERCLAIMS AND
    - against -                                CROSS-CLAIMS

BUILDERS RESOURCE, INC., D'ONOFRIO
GENERAL CONTRACTORS CORP., CONSOLIDATED
EDISON OF NEW YORK, INC., TERRA DINAMICA,
LLC, CORESLAB STRUCTURES AND NICOLSON
CONSTRUCTION CO.,

                Defendants.
------------------------------------------------------------------ X

        The defendant, TERRA DINAMICA, LLC, as and for their answer and

counterclaims, allege as follows:

        1.      Defendant admits paragraphs 3, 4 and 6 of the plaintiff's verified

complaint.

        2.      Defendants deny knowledge and information sufficient to form a

belief as to the truth or falsity of the allegations contained in paragraphs 1, 2, 5, 7, 8, 9, 10, 11,

12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 28 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

        3.      The mechanic's lien of the defendant, TERRA DINAMICA, LLC is

superior to, and takes precedence over, any other mechanic's lien on the premises filed by any

party.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

        4.      Improper service as per CPLR.

## I. AS AND FOR A FIRST COUNTERCLAIM AND CROSS-CLAIM

5. Defendant TERRA DINAMICA, LLC counterclaims against the plaintiff ALF RENTAL COMPANY, INC. and cross-claims against the co-defendants BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL CONTRACTORS CORP., CONSOLIDATED EDISON OF NEW YORK, INC., CORESLAB STRUCTURES AND NICOLSON CONSTRUCTION CO. on the foreclosure of its mechanic's lien in the sum of $148,601.25, filed on or about December 6, 2005, as set forth in the lien foreclosure action brought in the Supreme Court of the State of New York, County of Bronx, under index number 6525/2006.

## II. AS AND FOR A SECOND CROSS-CLAIM

6. Defendant TERRA DINAMICA, LLC. cross-claims against the co-defendant D'ONOFRIO GENERAL CONTRACTORS CORP. on action for work, labor and services, and materials provided, and action for breach of contract for damages in the agreed and reasonable sum of $148,601.25, no portion of which has been paid although duly demanded.

**WHEREFORE**, the defendant Terra Dinamica requests that plaintiff's complaint be dismissed, for the relief requested in this counter-claim and cross-claims, and for the costs and disbursements of this action, and for whatever other and further relief this court deems just and proper.

Dated:    New York, New York
        April 24, 2007

                    Yours, etc.

                    LEONARD J. CATANZARO
                    Attorney for Defendant
                    Terra Dinamica
                    434 Broadway, Suite 900
                    New York, New York 10013
                    (212) 226-1234

TO:

BAHN, HERZFELD & MULTER, LLP
Attorneys for Plaintiffs
555 Fifth Avenue
New York, New York 10017
(212) 818-9019


BUILDERS RESOURCE, INC.
101 Nasonville Road
Nasonville, RI 02830

D'ONOFRIO GENERAL CONTRACTORS CORP.
282 28th Street
Brooklyn, New York 11232

CONSOLIDATED EDISON OF NEW YORK, INC.
4 Irving Place
New York, New York 10003

CORESLAB STRUCTURES
1023 Waterbury Road
Thomaston, CT 06787

NICOLSON CONSTRUCTION CO.
12 McClane Street
Cuddy, PA 15031

## VERIFICATION

STATE OF NEW YORK     )     ss.:

COUNTY OF NEW YORK   )

      I, LEONARD J. CATANZARO, the undersigned, being duly sworn, deposes and says I am the attorney for co-defendant TERRA DINAMICA, LLC in this action and the foregoing complaint is true to my own knowledge, except as to matters therein stated on information and belief and as to those matters I believe them to be true; the grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by plaintiff and interviews with officers and employees of plaintiff; and the reason why the verification is not made by plaintiff is that the plaintiff is not in the county where I maintain my office.

By: _____
           LEONARD J. CATANZARO

Sworn to before me on this
29ᵗʰ day of April, 2007

_____
NOTARY PUBLIC

STANLEY B. KATZ
Notary Public, State of New York
No. 31-4630171
Qualified in New York County
Commission Expires 2/28/20__

# Exhibit "D"

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,                          Docket No.: 07 CV 3148 (KMK)

       Plaintiff,

vs.

BUILDERS RESOURCE, INC., D'ONOFRIO
GENERAL CONTRACTORS CORP.,                         **ANSWER, COUNTERCLAIM,**
CONSOLIDATED EDISON OF NEW YORK, INC.,             **CROSS CLAIMS, THIRD**
TERRA DINAMICA, LLC, CORESLAB                       **PARTY COMPLAINT AND**
STRUCTURES, and NICOLSON CONSTRUCTION              **DEMAND FOR JURY**
CO.,

       Defendants,
------------------------------------------------------------X
CORESLAB STRUCTURES (CONN), INC.
(MISNAMED AS CORESLAB STRUCTURES),

       Defendant/Third Party Plaintiff,

vs.

STEVE ALLARD, individually,

       Third Party Defendant.
------------------------------------------------------------X

      The defendant Coreslab Structures (Conn), Inc. ("Coreslab"), misnamed in the Verified

Complaint ("complaint") as Coreslab Structures, by way of answer thereto, says:

      1.     Coreslab is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the complaint.

      2.     Coreslab is without knowledge or information sufficient to form a belief as to the

truth of these allegations contained in paragraph 2 of the complaint, except it admits that

defendant Builders' Resources, Inc. ("BRI") has done business in the State of New York.

3.      Coreslab is without knowledge or information sufficient to form a belief as to the truth of these allegations contained in paragraph 3 of the complaint.

4.      Coreslab admits on information and belief the allegations contained in paragraph 4 of the complaint.

5.      Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, except it admits that it has an interest in the Property by the filing of a mechanic's lien.

6.      Coreslab admits the allegations contained in paragraph 6 of the complaint with respect to the so-called Mott Haven Substation project (as the "project"); otherwise, it is without knowledge or information sufficient to form a belief as to the truth of these allegations.

7.      Coreslab states that it was a project subcontractor to defendant D'Onofrio General Contractors Corp. ("D'Onofrio") and that BRI was a subcontractor to Coreslab; otherwise the allegations are denied.

8.   Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8 through 24 of the complaint.

9.      Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint, except it admits on information and belief that a record search has shown the filing of such notices of mechanic's liens.

10.     Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint.

2

11.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint, except it denies the allegation as to "not . . . discharged of record."

<u>Affirmative Defense, Counterclaim and First Cross-Claim Against All Parties</u>

The defendant Coreslab Structures (Conn), Inc. ("Coreslab"), by its attorneys, Lindabury, McCormick, Estabrook & Cooper, P.C., as an affirmative defense, and as a counterclaim against the plaintiff and cross-claim against all co-defendants, says:

12.    Coreslab repeats and re-alleges upon information and belief the allegations contained in paragraphs 1 through 6 of the complaint as if the same were set forth herein.

13.    In or about August 2005 by written contract, D'Onofrio subcontracted certain of the project's pre-cast concrete work to Coreslab at the stated price of $11,900,000.

14.    Coreslab performed all work for which it was obliged under its subcontract with D'Onofrio with the exception of certain work consisting of the pre-cast fence that it is currently performing that has a fair and reasonable value of $624,080 for a balance performed of $11,275,920.

15.    While performing its work Coreslab was directed and at times required to perform extra and additional work and to furnish extra and additional materials which were in excess of the work and materials required under the base contract between Coreslab and D'Onofrio.

16.    Coreslab's subcontractor (BRI) was directed to perform extra and additional work which included certain premium time work ordered by the Owner Con Edison, and in addition BRI has asserted that it was required to perform extra and additional work and to furnish extra and additional materials throughout the course of the project for which it seeks compensation.

3

17.    By virtue of the extra and additional work and extra and additional materials as aforesaid, Coreslab is entitled to the fair and reasonable value of the amount in excess of $4,392,598 as set forth in the change orders and request for change orders issued to and/or submitted by Coreslab to D'Onofrio.

18.    The aforesaid amount of $4,392,598 being added to the base contract balance performed of $11,275,920 results in an adjusted subcontract balance performed amount between Coreslab and D'Onofrio of $15,668,518.

19.    The amount paid to date by D'Onofrio to Coreslab is the sum of $9,499,425.

20.    There remains due and owing from D'Onofrio to Croeslab the sum of $6,169,093.

21.    The work, labor and services performed and the materials furnished by Coreslab were performed and furnished for the improvement of the said real property described above and in the Complaint and, upon information and belief, were performed and furnished with the knowledge and consent of defendant Consolidated Edison of New York, Inc. (Con Edison).

22.    On January 18, 2007, and within eight months after last performing work and furnishing materials, Coreslab filed in the Office of the Clerk of the County of Bronx, New York, in compliance with Lien Law Section 9, a notice of lien for the sum due of $6,169,093. A copy of the notice of lien is annexed as Exhibit A.

23.    On February 1, 2007, Coreslab served on Con Ed as owner and D'Onofrio as general contractor copies of the notice of lien in accordance with the New York Lien Law, and proof of service was duly and timely filed in the Office of the Clerk of the County of the Bronx, New York.

4

24.    The lien has not been paid, canceled, waived or discharged, and no other action or proceeding either at law or in equity has ever been brought to recover the amount claimed therein.

<u>Second Cross-Claim Against D'Onofrio General Contractors Corp.</u>

25.    The subcontract agreement by and between D'Onofrio and Coreslab (hereinafter DGCC/Coreslab agreement) provided in part that progress payments would be made in installments of 95% of the value of engineering, start-up and pre-casting work on or before the 15th day of the month following submission on the 25th day of the preceding month.

26.    The DGCC/Coreslab agreement further provided that Coreslab, if directed to work overtime, would be compensated for actual additional wages paid plus taxes plus workers compensation insurance, disability benefits and employers liability insurance and other such costs and levies on such additional wages .

27.    The DGCC/Coreslab agreement specifically incorporated the Coreslab proposal dated October 10, 2005 and all exhibits referenced therein.

28.    The DGCC/Coreslab agreement also provided in part that DGCC would provide:

(a)    Drop zone to Coreslab at no cost.

(b)    Full unobstructed access to all areas of installation required.

(c)    Traffic control flagmen and street access permits for parking

(d)    Stand-by-trades, jobsite teamsters.

(e)    Stabilized level access for trucks into the jobsite and all overhead wires or obstructions which could interfere with erection were to be moved prior to erection.

2132938v1

    (f) Space for parking a minimum of 12-15 semi-trucks in space adjacent to the
       building in erection area.

    (g) Full access to all areas pertaining to installation of work for Coreslab trucks,
       workmen, equipment.

    (h) Shoring, protection of sidewalks, subterranean facilities and stabilization of
       soil as required for cranes and trucks sufficient for them to work under their
       own power.

    (i) Installation of CMU walls which support pre-cast in a timely/coordinated
       fashion so as not to interrupt continuous installation of Coreslab product.

29. DGCC in breach of the DGCC/Coreslab subcontract failed to make proper

payment when due as set forth above and failed to provide site requirements as required.

30. Additionally, Coreslab, through no fault of its own, was delayed in starting

fabrication of the pre-cast and thereafter DGCC and/or the Owner Con Edison ordered changes

to the design and fabrication which increased the cost to Coreslab.

31. As a result of the various changes to the scope of the project and the delays and

interruptions and other substantial breaches, Coreslab suffered and continues to suffer substantial

damages.

<u>Third Cross-Claim Against Builders Resource, Inc.</u>

32. In or about May 2006, Coreslab subcontracted certain of its project pre-cast concrete

erection work to defendant Builders Resourse, Inc. ("BRI").

33. On information and belief, BRI subcontracted with or otherwise engaged various

vendors ("project vendors") for certain labor, materials, equipment and/or services in connection

with the performance of BRI's aforesaid erection work.

34. Coreslab's subcontract with BRI obliged BRI to establish to Coreslab's satisfaction

that BRI has paid or satisfied all bills obligations, debts, claims, and liens incurred in connection

with BRI's project work, to cause such bills, etc., to be paid, satisfied, removed or discharged at BRI's own expense, and to indemnify, protect, save harmless, and/or reimburse Coreslab from and/or for any loss or expense incurred by Coreslab (including legal expense) in connection with such bills, etc.

35. Additionally, Coreslab's subcontract with BRI conditioned BRI's right to payment upon BRI's performance of the aforesaid obligations.

36. Several of BRI's project vendors have asserted claims and/or liens for payment with respect to their asserted project work, some of whom are parties in this action.

37. Coreslab has incurred and/or may in the future incur losses and expenses (including legal expenses) from BRI's failure(s) to perform its aforesaid obligations with respect to its project vendors.

38. Such losses and expenses may include, but would not be limited to, possible loss or delay in payment from D'Onofrio or possible backcharge from D'Onofrio by reason of unresolved claims or liens of BRI's project vendors.

<u>Fourth Cross-Claim Against Builders Resource, Inc.</u>

39. Coreslab repeats and realleges each and every allegation contained in paragraphs 12 through 38 as if more fully set forth at length herein.

40. The Coreslab/BRI subcontract provided that BRI was bound to Coreslab and assumed towards Coreslab all the obligations and responsibilities that Coreslab assumed through written documents toward the General Contractor.

41. The Coreslab/BRI subcontract further provided that all work was to be done by skilled craftsmen, in a good and workmanlike manner to the full satisfaction of Coreslab,

7

D'Onofrio, and the owner Con Edison.

42. BRI failed to perform its work in a good and workmanlike manner and Coreslab has had and continues to correct BRI defective work and as a result has suffered and continues to incur damages.

43. Coreslab is entitled to be reimbursed for all damages incurred.

<u>Fifth Cross-Claim Against Builders Resource, Inc.</u>

44. Coreslab repeats and re-alleges each and every allegation contained in paragraphs 12 through 43 as if more fully set forth at length herein.

45. The Coreslab/BRI subcontract required BRI to pay promptly when due bills and charges for labor, materials and rental of equipment used in the performance of BRI's subcontract.

46. As a furtherance of the above subcontract condition, BRI was required to complete and submit with each periodic application for payment a Partial Waiver/Release of Lien Form completed and duly executed by an authorized representative of BRI.

47. The Partial Waiver/Release of Lien Form provided in part that BRI waived, released and forever relinquished any and all claims, demands, liens, and/or right(s) of action whether legal or equitable against the Project and against the Owner and Coreslab up to the period set forth.

48. The Partial Waiver/Release of Lien Form also contained an express representation and warranty by BRI that all labor, material, services, equipment and/or machinery used or provided by or through the Trades Contractor or its sub-subcontractors, suppliers, and/or material men through the date identified were paid in full.

8

49. BRI was aware and/or should have been aware that Coreslab relied upon the proper and truthful execution of the Partial Waiver/Release of Lien Form.

50. Coreslab did in fact rely upon BRI's execution and representations of the Partial Waiver/Release of Liens and was induced to make continual progress payments to BRI in the amounts of millions of dollars.

51. BRI, engaging in multiple acts of fraud, fraudulently misrepresented that it had made payments to its sub-subcontractors, equipment suppliers and materialmen.

52. As a result of the multiple acts of fraud and fraudulent misrepresentations by BRI, Coreslab was forced to incur substantial damages and costs that included costs of lien bonds by D'Onofrio, delay in payments and substantial attorneys fees.

<u>Third-Party Complaint Against Steve Allard</u>

Defendant and Third-Party Plaintiff Coreslab Structures (Conn), Inc. (Coreslab) as and for its third-party complaint by its attorneys Lindabury McCormick Estabrook & Cooper alleges upon information and belief as follows.

53. Upon information and belief third party defendant Steve Allard at all times mentioned herein was and is the Chief Financial Officer (CFO) of BRI.

54. Upon information and belief, as CFO Mr. Steve Allard had full and complete knowledge of all payments BRI received from Coreslab on this project.

55. Upon information and belief, as CFO Mr. Steve Allard had full and complete knowledge of subcontracts let equipment rented and material purchased by BRI.

56. Coreslab incorporates, repeats and re-alleges paragraphs 44 through 52 of its cross claim against BRI related to the execution of Partial Waiver/Release of Lien and Full and Final

9

Waiver/Release of Lien, which were executed by Mr. Allard as if more fully set forth at length herein.

57. Mr. Steve Allard executed the Partial Waiver/Release of Lien Form(s) as notarized certifying under oath in order to induce Coreslab to rely upon the statement and certifications that BRI paid its sub-subcontractors, equipment suppliers and materialmen on this project in full.

58. Upon information and belief, Mr. Steve Allard who possessed a direct financial interest in BRI knew or should have known that such certifications were false and untruthful and despite this knowledge executed these documents in order to induce Coreslab to pay millions of dollars to BRI.

59. By BRI's own admission, BRI has failed to pay many of its sub-subcontractors, equipment suppliers, materialmen and laborers and these entities have asserted liens and claims against the Project.

60. As a direct result of these false, misleading and untruthful representations by Mr. Steve Allard, Coreslab has suffered and will continue to suffer damages.

WHEREFORE, Coreslab demands judgment as follows:

1. On its Counterclaim and First Cross-Claim:

A. Coreslab be adjudged to have a valid and enforceable lien on and against the Property and the project monies constituting the lien fund.

B. The validity and extent of each and all of the liens and claims that may be presented and asserted herein be determined, and the equities of all the parties to this action and the order of priority of the different liens be adjusted.

10

2132938v1

C.  The interest of the defendant owner in the real property be sold according to law and from the proceeds of such sale Coreslab be paid in the amount of its lien, and interest thereon together with the expenses of such sale and the costs of this action.

D.  Coreslab have a judgment against defendant D'Onofrio for any deficiency that may remain after such payment, or for the entire sum of $6,169,093 should it be determined and adjudged that Coreslab does not have a valid and subsisting lien upon said real property, together with interest thereon.

E.  The plaintiff, the defendants, and all persons claiming under or through them be forever barred and foreclosed of all right and equity of redemption or other interest in the above mentioned premises of the defendant owner.

F.  Coreslab have such other and further relief as to the court may seem just and proper, together with the costs of this action.

2.  On its Second Cross-Claim that Coreslab have judgment against defendant D'Onofrio for the entire sum of the contract balance and extra scope work incurred.

3.  On its Third, Forth and Fifth Cross-Claim, that Coreslab have judgment against BRI for compensatory, consequential an punitive damages in an amount to be determined at trial, and for declaratory relief with respect to BRI's obligations as to its project vendors, together with interest, costs of suit, and such other or further relief as the court may award.

4.  On its Third Party Complaint against Mr. Steve Allard that Coreslab have judgment against Steve Allard individually for compensatory, consequential and punitive damages including but not limited to delays in payment by D'Onofrio and/or owner, attorneys fees and any payments ordered to be made or made to BRI's

11

subcontractors, equipment suppliers or materialmen over and above any contract balance owed

to BRI.

Demand for Jury

Coreslab demands a jury as to all issues triable by jury.

Dated: New York, New York
       June 26, 2007

LINDABURY, MCCORMICK, ESTABROOK & COOPER, P.C.

By:_____
               Scott M. Yaffe (4344)
*Attorneys for Defendant Coreslab Structures(CONN), Inc.*
26 Broadway, Suite 2300
New York, New York 10004
(212) 742-3390

2132938\1

**Exhibit "E"**

# NOTICE UNDER MECHANIC'S LIEN LAW

To the Clerk of the County of <u>the Bronx</u> and all others whom it may concern:

**PLEASE TAKE NOTICE**, that <u>Coreslab Structures (CONN) Inc.</u>, as lienor has and claims a lien on the real property hereinafter described as follows:

(1) The name and residence of the lienor is <u>Coreslab Structures (CONN) Inc., 1023 Waterbury Road, Thomaston, Connecticut</u>, being a corporation of the <u>State of Connecticut</u>, whose business address is <u>1023 Waterbury Road, Thomaston, Connecticut</u> and whose principal place of business is <u>1023 Waterbury Road, Thomaston, Connecticut</u>.

(1-a) The name and address of lienor's attorney is <u>Lindabury, McCormick, Estabrook & Cooper, P.C., 26 Broadway, Suite 2300, New York, New York 10004, (212) 742-3390</u>.

(2) The owner of the real property is <u>Consolidated Edison Company of New York, Inc.</u>, and the interest of the owner as far as known to the lienor is <u>fee simple</u>.

(3) The name of the person by whom the lienor was employed is <u>D'Onofrio General Contractors Corp</u>. The name of the person to whom the lienor furnished or is to furnish materials or for whom the lienor performed or is to perform professional services is <u>D'Onofrio General Contractors Corp</u>. The name of the person with whom the contract was made is <u>D'Onofrio General Contractors Corp</u>. The name of the person for whom professional services were rendered is <u>N/A</u>.

(4) The labor performed was <u>installation of architectural and structural precast/prestressed concrete products</u>. The material furnished was <u>architectural and structural precast/prestressed concrete products</u>. The materials actually manufactured for but not delivered to the real property are <u>architectural and structural precast/prestressed concrete products</u>. The agreed upon price and value of the labor performed and of the material furnished is $<u>15,518,518.00</u>. The agreed price and value of the material actually manufactured for but not delivered to the real property is $<u>150,000.00</u>. The agreed fee for professional services is $<u>N/A</u>. Total agreed price and value $<u>15,668,518.00</u>.

(5) The amount unpaid to the lienor for said labor performed and material furnished is $<u>6,019,093.00</u>. The amount unpaid to the lienor for material actually manufactured for but not delivered to the real property is $<u>150,000.00</u>.

Total amount unpaid $<u>6,169,093.00</u>.

(6) The time when the first item of work was performed was <u>10/14/05</u>.
The time when the first item of material was furnished was <u>12/28/05</u>.
The time when the last item of work was performed was <u>10/20/06</u>.
The time when the last item of material was furnished was <u>12/19/06</u>.

(7) The property subject to the lien is situated in <u>the County of the Bronx, City of New York, State of New York, and is known as Consolidated Edison Mott Haven Substation, 415 Bruckner Blvd., Block 2599, Lot 5</u>.

Said labor and materials were performed and furnished for and used, and the professional services rendered were used, in the improvement of the real property hereinbefore described. Eight months have not

894474

1

elapsed dating from the last item of work performed, or from the last items of materials furnished, or since the completion for the contract, or since the final performance of the work, or since the final furnishing of the materials for which this lien is claimed.

Dated: January 17, 2007

_Scott M. Yaffe_
Scott M. Yaffe, Agent

State of New York, County of **New York** ss.:

Scott M. Yaffe, being duly sworn, says that deponent is the **agent** of the lienor herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is the **agent** of **Coreslab Structures (CONN) Inc.**, which is a **foreign** corporation, and deponent is familiar with the facts and circumstances herein.

The sources of deponent's information and the grounds of deponent's belief as to all matters not therein stated upon deponent's knowledge are as follows: conversations with lienor's personnel and a review of lienor's books and records.

_Scott M. Yaffe_
Scott M. Yaffe

Sworn to before me on
January 17, 2007

_Joseph F. Donohue_
Notary Public

JOSEPH F. DONOHUE, JR.
Notary Public, State of New York
No. 31-4698434
Qualified in New York County
Commission Expires October 31, 2009

Lindabury, McCormick, Estabrook & Cooper, P.C.
*Attorneys for Lienor*
26 Broadway, Suite 2300
New York, New York 10004
(212) 742-3390

2

# Exhibit "F"

# NYS Department of State

# Division of Corporations

**Entity Information**

---

Selected Entity Name: BUILDERS RESOURCE, INC.

Selected Entity Status Information

**Current Entity Name:** BUILDERS RESOURCE, INC.
**Initial DOS Filing Date:** NOVEMBER 09, 2006
**County:** BRONX
**Jurisdiction:** MASSACHUSETTS
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
BUILDERS RESOURCE, INC.
180 MAIN ST.
BLACKSTONE, MASSACHUSETTS, 01504-1539
**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results                    New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page