UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

                Plaintiff,

-against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL CONTRACTORS CORP., CONSOLIDATED EDISON OF NEW YORK, INC., TERRA DINAMICA, LLC, CORESLAB STRUCTURES, and NICOLSON CONSTRUCTION CO.,

                Defendants.
-------------------------------------------------------------------X
BUILDERS RESOURCE, INC.,

                Third-Party Plaintiff,

-against-

BAY CRANE SERVICE INC.,

                Third-Party Defendant.
-------------------------------------------------------------------X

Docket No.: 07 CV 3148 (LAK)

# BRI'S MEMORANDUM OF LAW IN OPPOSITION TO ALF'S MOTION TO REMAND

# INTRODUCTION

This memorandum of law is submitted by defendant Builders Resource, Inc. ("BRI") in opposition to plaintiff ALF's motion to remand this action the State Court.

# STATEMENT OF FACTS

Plaintiff moves to remand its action the State Court on the grounds remand is required by reason of an earlier lien foreclosure action commenced in Bronx County by defendant Terra Dinamica.

Plaintiff's motion to remand should be denied in all respects. The mechanic's liens of both of the plaintiff and of the co-defendant Terra Dinamica have been replaced by individual lien discharge bonds. Thus, the actions are in reality suits against bonds which are each contracts assumed by the surety on the bonds. In addition, Terra Dinamica has asserted its own lien claim by counterclaim in the ALF suit. Therefore, all parties and claims are before this Court, and remand is unjustified.

# ARGUMENT

## POINT I

### ALF'S MOTION TO REMAND SHOULD BE DENIED IN ALL RESPECTS

Plaintiff contends that since its action is to foreclose on a mechanic's lien, and since a prior action to foreclose on a lien was commenced in the State Court before the instant suit, this Court should remand this action to the State Court. Plaintiff relies on <u>York Hunter Construction, Inc. v. Avalon Properties, Inc.</u>, 104 F.Supp.2d 211 (S.D.N.Y., 2000).

Without conceding that ALF even has a valid mechanic's lien (and BRI contends otherwise), plaintiff's reliance upon <u>York Hunter</u> is misplaced, since all of the liens filed by

Terra Dinamica and ALF, the instant plaintiff, have been discharged by lien bonds. Each lien has been separately bonded by a separate surety obligation.

By reason of these bonds, "a 'shifting' occurs and the lien detaches from its original adherence (appropriated funds or property) and attaches to the substitute, the bond. A surety obligation is then substituted (citation omitted)." Tri-City Electric Co., Inc. v. State of New York, 96 A.D.2d 146, 468 N.Y.S.2d 283 (4th Dept. 1983); aff'd, 63 N.Y.2d 969, 483 N.Y.S.2d 990 (1984); Outrigger Const. Co. Inc. v. Nostrandt Avenue Development Corp., 217 A.D.2d 689, 630 N.Y.S.2d 332 (2d Dept. 1995).

Plaintiff's argument that the Terra Dinamica suit and the action at bar involve the "same property" is in error. "The very end to be achieved by the filing of undertakings ... is to relieve the real estate from incumbrances, so that the same may freely be alienated by the owner". White Plains Sash & Door Co., Inc. v. Doyle, 262 N.Y. 16 (1933); see also, Western Woodworking Co., Inc. v. Kaskel, 133 N.Y.S.2d 632 (S. Ct. Sp. T. Qu. 1954) (once an undertaking is filed the lis pendens is to be discharged). "The bond takes the place of the real property on which the lien was asserted." Brescia Const. Co., Inc. v. Walart Const. Co., Inc., 238 A.D. 360, 264 N.Y.S. 862 (1st Dept. 1933).

Since separate surety bonds are substitutes for the liens on realty, neither the Terra Dinamica nor the ALF lien foreclosure action implicates realty. Instead, the actions distill to suits under contracts of suretyship. "The interpretation of a contract of suretyship is governed by the standards which govern the interpretation of contracts in general." General Phoenix Corp. v. Cabot, 300 N.Y. 87, 92, 89 N.E.2d 238, 241 (1949).

Since the lien ceased to exist upon the giving of the bond, a suit to enforce the mechanic's lien is not an action in rem but "is simply an in personam contract claim." Pax, Inc.

2

v. Veolia Water North American Operating Services, Inc., 347 F.Supp.2d 281 (W.D.Va. 2004). In Pax, the material supplier sued the contractor and the surety in State Court. Defendants then removed the suit. Plaintiff in turn filed a motion to remand arguing that since the surety bond discharging plaintiff's mechanic's lien was under the control of the State Court federal abstention was required. The District Court denied the motion since the mechanic's lien no longer existed, and the claim against the discharge or lien bond was merely an action against a contract.

Since the mechanic's liens have been substituted by surety bonds, and the lienors' claims are against separate surety bonds, the state court does not have jurisdiction over a *res*. Moreover, the federal forum is not inconvenient and removal does not result in piecemeal litigation since the lienors' claims are against different surety bonds and all the lienors are before this forum.

For these reasons, this Court should not abstain under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

Where a federal district court has subject matter jurisdiction over a case, it has a "virtually unflagging obligation" to exercise that jurisdiction, even if a parallel state court action is pending. In addition, there is a "heavy presumption favoring the exercise of [federal] jurisdiction." Bethlehem Contracting Co. v. Lehrer/McGovern, Inc., 800 F.2d 325 (2d Cir. 1986). Furthermore, "the liens having been discharged, neither court presently has jurisdiction over any res or property, and the federal forum is not less convenient than the state forum." Bethlehem, supra.

In addition, Terra Dinamica and CSCI assert the existence of their liens as counterclaims and cross-claims in this action. Therefore, Terra Dinamica, CSCI, and ALF are before this forum, and all controversies may be adjudicated by this Court.

## POINT II

## IN THE EVENT THAT ALF IS REMANDED, CSCI'S CROSS-CLAIMS AGAINST BRI AND ALLARD ALONE SHOULD REMAIN IN THIS COURT

Federal jurisdiction over CSCI's cross-claims against BRI alone, and CSCI's third-party complaint against Allard is supported by diversity of citizenship. If these claims are not dismissed on the grounds of prior action pending, <u>forum non conveniens</u>, and lack of personal jurisdiction under New York's long arm statute (CPLR § 302), then these claims should remain in this District Court and not be remanded with <u>ALF</u> to the State Court. CSCI's claims are at their core unrelated to ALF's claim. And even if they were not "as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction …'" <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976).

Accordingly, CSCI's cross-claims against BRI alone and CSCI's third-party claim against Allard should remain in this District Court.

## CONCLUSION

By reason of the foregoing, ALF's motion to remand should be denied in all respects. However, if ALF's action is remanded and CSCI's cross-claims against BRI and Allard are not dismissed, then CSCI's third, fourth, and fifth cross-claims against BRI, and CSCI's third-party claim against Allard should remain in this District Court. These claims are separate and distinct from ALF's claim, and there is an independent basis for Federal jurisdiction of these claims.

Dated: New York, New York
       July 17, 2007

                              Yours, etc.

                              LAMBERT & WEISS
                              *Attorneys for Defendant and*
                              *Third-Party Plaintiff Builders Resource, Inc.,*
                              *and Third-Party Defendant Steven Allard*

                        By:   _____
                              STEPHEN H. MARCUS (SHM 2370)
                              61 Broadway, Suite 2020
                              New York, New York 10006
                              (212) 344-3100