UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

        Plaintiff,

 -against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL CONTRACTORS CORP., CONSOLIDATED EDISON OF NEW YORK, INC., TERRA DINAMICA, LLC, CORESLAB STRUCTURES, and NICOLSON CONSTRUCTION CO.,

        Defendants.
-------------------------------------------------------------------X
BUILDERS RESOURCE, INC.,

        Third-Party Plaintiff,

 -against-

BAY CRANE SERVICE INC.,

        Third-Party Defendant.
-------------------------------------------------------------------X

Docket No.: 07 CV 3148 (LAK)

# THIRD PARTY DEFENDANT ALLARD'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS CORESLAB'S THIRD-PARTY COMPLAINT

## INTRODUCTION

This memorandum of law is submitted in support of the motion of third-party defendant Steven Allard to dismiss the third-party complaint asserted by co-defendant Coreslab Structures (Conn.) Inc. ("CSCI") against Allard.

CSCI's expansive allegations against Allard, blaming him for allegedly causing the general contractor D'Onofrio to delay its payments to CSCI, best belong in the context of a prior action pending between BRI and CSCI in Massachusetts. In the Massachusetts action Allard would be an "additional party" in CSCI's counterclaim pursuant to FRCP Rule 13(h). Moreover, CSCI's third-party action against Allard is not contingent upon the outcome of plaintiff's action, and it is therefore impermissible under FRCP Rule 14(a). Finally, Allard is not a New York resident and there is no jurisdiction over him under CPLR § 302.

## STATEMENT OF FACTS

BRI is a Massachusetts corporation with offices in Massachusetts and Rhode Island. CSCI is a Connecticut corporation with offices in Thomaston, Connecticut. Allard is a resident of Rhode Island with no office in New York.

In or about March, 2007, BRI commenced an action against CSCI in the U.S. District Court, Massachusetts, Central Division, Civil Action No. 07-40057 FDS (the "Massachusetts Action"). In the Massachusetts Action, BRI alleged that in May, 2006 it entered into an agreement with CSCI to perform certain work at the Mott Haven Substation, Bronx, New York. BRI alleged that CSCI breached its agreement with BRI and is liable to BRI for that breach and account stated.

On or about June 28, 2007, in the matter at bar, CSCI asserted cross-claims against BRI relating to the BRI-CSCI agreement and which would be compulsory counterclaims in the prior Massachusetts Action under FRCP Rule 13(a).

CSCI's cross-claims are as follows:

CSCI's first cross-claim is to enforce a mechanic's lien as subcontractor for the general contractor defendant D'Onofrio General Contractors Corp. CSCI alleges no claim for relief against BRI in its first cross-claim. BRI does not have mechanic's lien on the subject property. Accordingly, there is no basis to include BRI as a party to CSCI's first cross-claim, and it should be dismissed against BRI.

CSCI's third cross-claim alleges that BRI was CSCI's subcontractor and that BRI failed to pay its project vendors. CSCI alleges in an unspecified way that was damaged because of this. Clearly, this would be a compulsory counterclaim under Rule 13(a) in the prior Massachusetts Action.

In CSCI's fourth cross-claim, CSCI alleges that BRI failed to perform its work in a "good and workmanlike manner." This would be a compulsory counterclaim in the prior Massachusetts Action, and should be dismissed.

The fifth cross-claim alleges that BRI mislead CSCI as to the status of payments that BRI had made, or not made to BRI's project vendors. CSCI claims that it was damaged because of this in an unspecified manner. Again, this would be a compulsory counterclaim in the prior Massachusetts Action.

CSCI's purported third-party claim against Allard should be dismissed. CSCI claims that Allard mislead CSCI into making payments to BRI and its claims to have suffered unspecified damages. This is similar to CSCI's fifth cross-claim against BRI, which would be a compulsory

2

counterclaim in the prior Massachusetts Action. Allard would therefore be an "additional party" on the counterclaim in the prior Massachusetts Action pursuant to FRCP Rule 13(h).

As shown by Allard, he is not a New York domiciliary, and has no office for business in New York. BRI is a Massachusetts corporation. Allard's office is in Rhode Island. CSCI, by its own admission, is a Connecticut corporation with offices in Thomaston, Connecticut. Therefore, assuming, arguendo, that the events alleged by CSCI actually occurred, Allard's actions took place in Rhode Island, and CSCI was allegedly affected in Connecticut. There is no New York connection to the third-party complaint and it should be dismissed for lack of jurisdiction and forum non conveniens.

# ARGUMENT

## POINT I

### CSCI'S CROSS-CLAIMS AND CSCI'S THIRD-PARTY ACTION AGAINST ALLARD SHOULD BE DISMISSED UPON THE GROUNDS OF PRIOR ACTION PENDING

All of CSCI's cross-claims asserted against BRI alone would be compulsory counterclaims against BRI in the Massachusetts Action under FRCP Rule 13(a). A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ..." Rule 13(a). Furthermore, the third-party complaint against Allard would more properly should be asserted as a counterclaim against Allard in the Massachusetts Action. In that action, Allard would be an "additional party" on CSCI's counterclaim pursuant to FRCP Rule 13(h).

CSCI's cross-claims and third-party action against Allard should be dismissed under the prior action pending doctrine. Lesavoy v. Lane, 304 F.Supp.2d 520 (S.D.N.Y. 2004); Continental Time Corp. v. Swiss Credit Bank, 543 F.Supp. 408 (S.D.N.Y. 1982); Phlo Corp. v.

3

Veryfine Products Inc., 2000 WL 294869 (S.D.N.Y.). Under the prior action pending doctrine, the Court has the inherent power to dismiss or stay an action in favor of the prior litigation presenting the same claims and issues.

In Continental Time, Continental was assigned an interest in a line of credit that was the subject of a prior action against Swiss Credit pending in Switzerland. After the assignment, Continental filed an action in New York District Court against Swiss Credit and other defendants. The court granted Swiss Credit's motion for dismissal and rejected Continental's argument that both actions could proceed simultaneously. Holding that the presence of additional defendants was an insufficient basis to sustain the New York case, the Court dismissed the case to avoid forum shopping, inconsistent judgments, and unfair burdens imposed on the defendant.

"[N]either the addition of defendants nor the expansion of claims is dispositive [to the court's decision to dismiss a suit due to a prior pending action]. Courts have repeatedly ruled that 'parties and issues need not be identical in order for one action to be stayed or dismissed in deference to an earlier action.'" Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs. Inc., 949 F.Supp. 1123, 1127 (S.D.N.Y. 1997) (quoting Caspian Invs., Ltd. v. Vicom Holdings, Ltd., 770 F.Supp. 880, 884).

"As between federal district courts ... the general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

Under the doctrine of prior action pending CSCI's cross-claims against BRI and the third-party action against Allard should be dismissed.

4

## POINT II

## CSCI'S THIRD-PARTY COMPLAINT AGAINST ALLARD IS NOT A CLAIM THAT IS CONTINGENT UPON THE OUTCOME OF THE MAIN CLAIM AND THEREFORE IT SHOULD BE DISMISSED

CSCI's third-party complaint against Allard is not contingent upon the outcome of plaintiff's claim. Therefore, CSCI's third-party claim is beyond the scope of FRCP Rule 14(a) and it should be dismissed. Siemens Westinghouse Power Corp. v. Dick Corp., 299 F.Supp.2d 242 (S.D.N.Y. 2004); amended 219 F.R.D. 326.

ALF's claim is to recover money for allegedly leasing hardwood crane mats to BRI. BRI erected pre-cast slabs for CSCI at the Mott Haven project. ALF also seeks to enforce remedies under the Lien Law. (Ex. E)

CSCI's third-party complaint against Allard goes way beyond the scope of the narrow issues raised by ALF. As against Allard, CSCI alleges that Allard made untruthful statements with respect to payment certifications. CSCI then alleges:

> 59. By BRI's own admission, BRI has failed to pay many of its sub-subcontractors, equipment suppliers, materialmen and laborers and these entities have asserted liens and claims against the project.
>
> 60. As a direct result of these false, misleading and untruthful representations by Mr. Steve Allard, Coreslab has suffered and will continue to suffer damages.

CSCI's ad damnum clause against Allard states:

> 4. On its Third Party Complaint against Mr. Steve Allard that Coreslab have judgment against Steve Allard individually for compensatory, consequential and punitive damages including but not limited to delays in payment by D'Onofrio and/or owner, attorneys fees and any payments ordered to be made or made to BRI's.

5

These expansive allegations have nothing to do with ALF's alleged charges for crane mats and the third-party action against Allard should be dismissed. <u>Siemens Westinghouse Power Corp.</u>, <u>supra</u>.

> [9] Under Rule 14(a), a defendant may bring claims against any person who "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a). "The crucial characteristics of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1446, at 377 (2d ed.1990). In other words, "[t]he outcome of the third-party claim must be contingent on the outcome of the main claim ..." *Nat'l Bank of Canada v. Artex Indus., Inc.*, 627 F.Supp. 610, 613 (S.D.N.Y. 1986) (emphasis added). ...
>
> [10] Even though the third-party claims involve the same power plant project as the principal complaint, "[t]he mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." 6 Wright, *supra*, at 377-79; *see also Int'l Paving Sys., Inc. v. Van-Tulco, Inc.*, 866 F.Supp. 682, 687 (E.D.N.Y. 1994). The fact that the allegations in the third-party complaint may depend on the adjudication of Dick's own counterclaims against SWPC is also insufficient because the plain language of Rule 14(a) requires the third-party claim to depend upon the plaintiff's claim against the third-party plaintiff." Fed.R.Civ.P. 14(a); *see also Baltimore & Ohio R. Co. v. Central Ry. Services, Inc.*, 636 F.Supp. 782, 786 (1986). Accordingly, Dick's first amended third-party complaint must be dismissed.

*Siemens Westinghouse Power Corp.*, <u>supra</u>.

CSCI's third-party complaint is clearly not contingent on the outcome of the main claim. CSCI's third-party complaint asserts allegations beyond that permitted by FRCP Rule 14(a), it should be dismissed.

POINT III

THE THIRD-PARTY COMPLAINT
SHOULD BE DISMISSED AS AGAINST
ALLARD FOR LACK OF LONG-ARM JURISDICTION

Allard is a Rhode Island resident with no place of business in New York. He is not a statutory officer of BRI being neither president, secretary or treasurer of that corporation. M.G.L.A. 156D § 8.40. No jurisdiction lies against Allard under CPLR § 302.

CSCI is a Connecticut corporation with its offices in Thomaston, Connecticut.

CSCI claims that Allard executed certain documents and then mislead CSCI in making payments to BRI and causing unspecified damages to CSCI.

Assuming, arguendo, that any of this actually happened, the alleged tortious act alleged by CSCI would have occurred in Rhode Island, and the alleged damage to CSCI would have occurred in Thomaston, Connecticut. The CSCI purchase order was sent from Thomaston, Connecticut to BRI's office in Harrisville, Rhode Island. Payments would have been made by CSCI in Thomaston, Connecticut. Clearly, there is no New York nexus to these alleged events, and the third-party complaint against Allard should be dismissed. Talbot v. Johnson Newspaper Corp., 71 N.Y.2d 827, 527 N.Y.S.2d 729 (1988).

The New York courts have uniformly held that the situs of a non-physical commercial injury is where the critical events associated with the events took place. Moreover, if even if financial consequence occurred in New York, that would be an insufficient ground for jurisdiction under CPLR § 302(a)(3). Andrew Greenberg, Inc. v. Sir-Tech Software Inc., 297 A.D.2d 834, 746 N.Y.S.2d 736 (3d Dept. 2002); Weiss v. Greenburg, Traurig, Askew, Hoffman, Lipoff, Aventel & Wolff, PA., 85 A.D.2d 861, 446 N.Y.S.2d 447 (3d Dept. 1981); Shakour v. Federal Republic of Germany, 199 F.Supp.2d 8 (E.D.N.Y. 2002).

In addition, assuming arguendo that there was long arm jurisdiction over BRI, such jurisdiction does not extend to BRI's employee Allard. Laufer v. Ostrow, 55 N.Y.2d 305, 449 N.Y.S.2d 456 (1982). In Laufer the Court stated:

> Although a corporation can act only through an employee or agent, the employee or agent being a live rather than a fictional being can act on behalf of himself or his employer or principal. He does not subject himself, individually, to the CPLR 301 jurisdiction of our courts, however, unless he is doing business in our State individually . . . Nor does the claimed conversion cause of action furnish any basis for CPRL 302 jurisdiction over Ostrow individually.

(citations omitted)

## CONCLUSION

By reason of the foregoing, third-party complaint against Allard should be dismissed.

Dated: New York, New York
       August 20, 2007

                                                Yours, etc.

                                                LAMBERT & WEISS
                                                *Attorneys for Defendant and*
                                                *Third-Party Plaintiff Builders Resource, Inc.,*
                                                *and Third-Party Defendant Steven Allard*

                              By: _/s/ Stephen H. Marcus_
                                              STEPHEN H. MARCUS (SHM 2370)
                                                61 Broadway, Suite 2020
                                                New York, New York 10006
                                                (212) 344-3100