FILED ELECTRONICALLY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,                                         :

              Plaintiff,   :   Docket No.
                              07 CV 3148 (LAK)

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL : ANSWER TO CROSS-CLAIMS
CONTRACTORS CORP.,CONSOLIDATED EDISON           OF DEFENDANT
OF NEW YORK, INC., TERRA DINAMICA, LLC,       : CORESLAB STRUCTURES
CORESLAB STRUCTURES, and NICHOLSON
CONSTRUCTION CO.,                             :

              Defendants.   :
------------------------------------------------------------------X
BUILDERS RESOURCE, INC.,                                          :

              Third-Party Plaintiff,   :

  -against-                                                     :

BAY CRANE SERVICE, INC.,                                          :

              Third-Party Defendant.   :
------------------------------------------------------------------X

      Defendant, D'Onofrio General Contractors Corp. (hereafter "D'Onofrio"), by its attorneys, Treacy, Schaffel, Moore & Mueller, answers the cross-claims of co-defendant, Coreslab Structures (Conn.), Inc., sued herein as Coreslab Structures (hereafter "Coreslab"), as follows:

ANSWERING THE FIRST CROSS-CLAIM

      1. Repeats and realleges each and every admission, denial or other averment stated and contained in D'Onofrio's Answer to paragraphs "1" through "6" of the

Complaint as if the same were set forth fully and in their entirety herein, in response to paragraph "12" of the First Cross-Claim.

2. Admits the allegations stated and contained in paragraph "13" of the First Cross-Claim and respectively refers the Court to the Contract between the parties for all its terms and conditions, as if the same were set forth fully and in their entirety herein, as same will be produced upon the trial of this action.

3. Denies the allegations stated and contained in paragraph "14" of the First Cross-Claim.

4. Admits the allegations stated and contained in paragraph "15" of the First Cross-Claim.

5. Admits that BRI was directed to perform extra and additional work, and further admits that BRI has asserted it was required to perform certain other extra and additional work and, except as specifically admitted, denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraph "16" of the First Cross-Claim.

6. Denies each and every allegation stated and contained in paragraphs "17" and "18" of the First Cross-Claim.

7. Admits that as of the date of the First Cross-Claim, D'Onofrio had paid Coreslab the sum of $9,499,425.00, as alleged in paragraph "19" of the First Cross-Claim, but avers that D'Onofrio has made additional payments since that time.

8. Denies each and every allegation stated and contained in paragraph "20" of

the First Cross-Claim.

9. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraph "21" of the First Cross-Claim, and leaves defendant to its proofs therein.

10. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraphs "22", "23" and "24" of the First Cross-Claim, except as the same may appear as of the public record, and leaves defendant to its proofs therein.

## ANSWERING THE SECOND CROSS-CLAIM

12. Denies the allegations stated and contained in paragraphs "25", "26", "27" and "28" of the Second Cross-Claim and respectfully refers the Court to the Contract between the parties for all its terms and conditions as if the same were set forth fully and in their entirety herein, as same will be provided upon the trial of this action.

13. Denies the allegations stated and contained in paragraphs "29", "30" and "31" of the Second Cross-Claim.

## ANSWERING THE THIRD CROSS-CLAIM

14. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraphs "32", "33", "34", "35", "36", "37" and "38" of the Third-Cross Claim, and leaves defendant Coreslab to its proofs therein. In addition, D'Onofrio avers that the allegations stated and contained in those paragraphs are not directed to this answering defendant and

therefore no further response is needed.

## ANSWERING THE FOURTH CROSS-CLAIM

15. D'Onofrio repeats and realleges each and every admission, denial and other averment stated and contained in paragraphs "1" through "14" of the within Answer to Cross-Claims as if the same were set forth fully and in their entirety herein, in response to paragraph "39" of the Fourth Cross-Claim.

16. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraphs "40", "41", "42" and "43" of the Fourth Cross-Claim, and leaves defendant Coreslab to its proofs therein. In addition, D'Onofrio avers that the allegations stated and contained in those paragraphs are not directed to this answering defendant and therefore no further response is necessary.

## ANSWERING THE FIFTH CROSS-CLAIM

17. D'Onofrio repeats and realleges each and every admission, denial and other averment stated and contained in paragraphs "1" through "16" of the within Answer to Cross-Claims as if the same were set forth fully and in their entirety herein, in response to paragraph "44" of the Fifth Cross-Claim.

18. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraphs "45", "46", "47", "48", "49", "50", "51" and "52" of the Fifth Cross-Claim, and leaves defendant Coreslab to its proofs therein. In addition, D'Onofrio avers that the allegations stated

and contained in those paragraphs are not directed to this answering defendant and therefore no further response is necessary.

### FIRST AFFIRMATIVE DEFENSE

19. Defendant Coreslab fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

20. Any damages suffered by Coreslab is the result of its own culpable conduct, or the conduct of others for which defendant D'Onofrio is not liable.

### THIRD AFFIRMATIVE DEFENSE

21. Upon information and belief, the lien filed by Coreslab in this matter includes items that are either not properly the subject of a mechanics' lien under New York law or the amount of the lien is otherwise exaggerated.

22. As a result of the above, Coreslab's lien is void under Section 39 of the Lien Law of the State of New York.

23. D'Onofrio reserves the right to amend its Answer herein to assert a claim against Coreslab for wilful exaggeration of lien under Section 39-a of the Lien Law of the State of New York.

### FOURTH AFFIRMATIVE DEFENSE

24. D'Onofrio repeats and realleges each and every admission, denial, other averment, affirmative defense and cross-claim stated and contained in D'Onofrio's Answer to the Complaint of plaintiff ALF herein as if the same were set forth fully and

in their entirety herein.

    WHEREFORE, defendant D'Onofrio demands judgment against Coreslab:

    1.)    Dismissing Coreslab's Cross-Claims in their entirety;

    2.)    Judgment against Coreslab on the Cross-Claims set forth by D'Onofrio in its Answer to the Complaint of plaintiff;

    3.)    For the costs and disbursements of this action; and

    4.)    For such other, further and different relief as to the court may be just and proper in the premises.

Dated: August 17, 2007

TREACY, SCHAFFEL, MOORE & MUELLER

By: _____
    Gary J. Mueller (GM 1858)
    Attorneys for Defendant,
    D'Onofrio General Contractors Corp.
    Office and P. O. Address
    111 Broadway - Suite 402
    New York, New York 10006
    (212) 227-8150

TO:   Bahn, Herzfeld & Mutler, LLP
      Attorneys for Plaintiff,
      Alf Rental Company, Inc.
      555 Fifth Avenue
      New York, New York 10017
      Attention: Richard L. Herzfeld, Esq.

      Lambert & Weiss
      Attorneys for Defendant and
      Third-Party Plaintiff,
      Builders Resource, Inc. and
      Third-Party Defendant,
      Steven Allard
      61 Broadway
      Suite 2020
      New York, New York 10006
      Attention: Stephen H. Marcus, Esq.

      Richard J. Giglio, Esq.
      Attorney for Defendant,
      Consolidated Edison Company
      4 Irving Place
      New York, New York 10003

      Leonard J. Catanzaro, Esq.
      Attorney for Defendant
      Terra Dinamica
      434 Broadway
      New York, New York 10013

      Lindabury, McCormick, Estabrook & Cooper, P. C.
      Attorneys for Defendant
      Coreslab Structures
      26 Broadway
      New York, New York 10004

      Birnbaum & Birnbaum
      Attorney for Third-Party Defendant
      Bay Crane Service, Inc.
      2 Birchwood Court
      Mineola, New York 11501