UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

                                      Plaintiff,

    -against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL CONTRACTORS CORP., CONSOLIDATED EDISON OF NEW YORK, INC., TERRA DINAMICA, LLC, CORESLAB STRUCTURES, and NICOLSON CONSTRUCTION CO.,

                                        Defendants.
-----------------------------------------------------------------X
BUILDERS RESOURCE, INC.,

                                      Third-Party Plaintiff,

    -against-

BAY CRANE SERVICE INC.,

                                      Third-Party Defendant.
-----------------------------------------------------------------X

Docket No.: 07 CV 3148 (LAK)

**BRI AND ALLARD'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS TO DISMISS CROSS-CLAIMS AND THIRD-PARTY CLAIM**

## INTRODUCTION

This memorandum of law is submitted by Builders Resource, Inc. ("BRI") and Steven Allard ("Allard") in further support of their motions to dismiss Coreslab Structures (Conn.) Inc.'s ("CSCI") cross-claims and third-party complaint.

In sum, BRI's filing in the Massachusetts Action pre-dates CSCI's cross-claims by three and a half months. This Court should therefore defer to the Massachusetts Action. None of the alleged acts of BRI and Allard claimed by CSCI to be fraudulent occurred in New York. In contrast, by CSCI's own contention, some occurred in Massachusetts, BRI's forum of choice. Finally, CSCI's cross-claims and third-party complaint is an appendage of what appears to be a facially defective, unfounded and short-lived action by AFL. This Court should therefore dismiss CSCI's cross-claims and third-party action or transfer them to Massachusetts.

## ARGUMENT

### POINT I

### THIS COURT SHOULD DEFER TO BRI'S FIRST FILED ACTION

BRI's Massachusetts Action pre-dates CSCI's cross-claims by three and a half months. BRI's choice of forum is entitled to be respected and the instant cross-claims and third-party action should be dismissed or stayed.

CSCI's cross-claims should be dismissed under the prior action pending doctrine. Lesavoy v. Lane, 304 F.Supp.2d 520 (S.D.N.Y. 2004); Continental Time Corp. v. Swiss Credit Bank, 543 F.Supp. 408 (S.D.N.Y. 1982); Phlo Corp. v. Veryfine Products Inc., 2000 WL 294869 (S.D.N.Y.).

A plaintiff's choice of forum is entitled to substantial consideration. <u>Warrick v. General Electric, Co.</u>, 70 F3d 736 (2d. Cir. 1995). Massachusetts is BRI's state of incorporation.

A party seeking relief upon the grounds of convenience of witnesses is obliged to name the witnesses who would appear and to describe their relationship so that the court may measure the inconvenience caused by locating a lawsuit in a particular forum. <u>Beatie and Osborn LLP v. Patriot Scientific Corp.</u>, 431 F.Supp2d 367, 396 (S.D.N.Y. 2006). CSCI has not made such a demonstration. For CSCI, whose office and employees are located in Connecticut, appearing in Massachusetts, the first forum, is no more of an inconvenience than appearing in New York.

As to documents, the documents of both CSCI and BRI repose in states <u>other</u> than New York. Furthermore, CSCI alleges fraudulent activity by BRI and Allard in either Connecticut or Massachusetts, BRI's forum of choice. Judicial economy will certainly be advanced by dismissing CSCI's cross-claims and third-party claim, since BRI's breach of contract action is already pending in Massachusetts where CSCI can allege whatever compulsory counterclaim it deems advisable. Since CSCI alleges tortious acts, some of which, according to CSCI, took place in Massachusetts, Massachusetts is the natural and most appropriate forum for the dispute between BRI and CSCI.

BRI's Massachusetts Action is relatively simple. A Massachusetts corporation (BRI) has sued a Connecticut corporation (CSCI) for breach of contract, for work already finished. Discovery in that suit involves documents exchanged and depositions of witnesses located primarily in Connecticut and Rhode Island. The most important witnesses are clearly in New England. BRI does not have a mechanic's lien. Nothing precludes CSCI from litigating its claim with the general contractor in a different forum.

By reason of the foregoing CSCI's cross-claims and third-party claim against BRI and Allard should be dismissed.

## POINT II

### CSCI'S CROSS-CLAIMS ARE BEST LITIGATED AS COMPULSORY COUNTERCLAIMS IN THE MASSACHUSETTS ACTION

Neither BRI nor CSCI maintains offices in New York. Indeed, as CSCI itself has argued in the Massachusetts Action:

> " The standard for general jurisdiction is high; contacts with a state must 'approximate physical presence.' (citation omitted) Put another way, a defendant must not only step through the door, it must also '[sit] down and ]make] itself at home.' (citation omitted) Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1169 (9th Cir. 2006). 'It is abundantly clear that a corporation does not necessary submit to general jurisdiction in every state in which it merely sells a product.' Id. (at 1174)."

This is a verbatim quotation from CSCI's reply brief in the Massachusetts action. (CSCI's Exhibit I, at 4). New York is neither the home of BRI or of CSCI. Massachusetts, however, is the home of BRI. By CSCI's own reasoning, CSCI's cross-claims should not be litigated in New York.

A court sitting in diversity applies the law of the forum state in determining whether it has personal jurisdiction over the defendant. Arrowsmith v. United Press International, 320 F.2d 219. 223 (2d Cir. 1963) (en banc).

CSCI charges BRI and Allard with the commission of fraudulent acts by executing "false" lien waivers and releases (CSCI cross-claims at 8-10). However, by CSCI's own presentation, none of those false documents were executed in New York. Indeed, some of those documents alleged to be fraudulent were executed (according to CSCI) in Massachusetts. (Exhibit "H").

3

CPLR § 302(a)(1) requires that the cause of action arise from the New York transaction. Where a plaintiff seeks to invoke long arm jurisdiction under CPLR § 302(a)(1), there must be a substantial relationship between the transaction and the claim asserted. McGowan v. Smith, 52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981). "Essential to the maintenance of a suit against a non-domiciliary under CPLR 302 (Subd. [a], par. 1) is the existence of some articulable nexus between the business transacted and the cause of action sued upon". McGowan, supra.

The New York courts have uniformly held that the situs of a non-physical commercial injury is where the critical events associated with the events took place. According to CSCI some of the critical events, i.e., the execution of "false" documents took place in Massachusetts. None, however, by CSCI's own presentation, were executed in New York. Moreover, if even if financial consequence occurred in New York, that would be an insufficient ground for jurisdiction under CPLR § 302(a)(3). Andrew Greenberg, Inc. v. Sir-Tech Software Inc., 297 A.D.2d 834, 746 N.Y.S.2d 736 (3d Dept. 2002); Weiss v. Greenburg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, PA., 85 A.D.2d 861, 446 N.Y.S.2d 447 (3d Dept. 1981); Shakour v. Federal Republic of Germany, 199 F.Supp.2d 8 (E.D.N.Y. 2002).

In addition, assuming arguendo that there was long arm jurisdiction over BRI, such jurisdiction does not extend to BRI's employee Allard. Laufer v. Ostrow, 55 N.Y.2d 305, 449 N.Y.S.2d 456 (1982). In Laufer the Court stated:

> Although a corporation can act only through an employee or agent, the employee or agent being a live rather than a fictional being can act on behalf of himself or his employer or principal. He does not subject himself, individually, to the CPLR 301 jurisdiction of our courts, however, unless he is doing business in our State individually . . . Nor does the claimed conversion cause of action furnish any basis for CPRL 302 jurisdiction over Ostrow individually.

(citations omitted)

4

Where the alleged tortious act occurred outside of the state, and where there is no New York injury resulting from the act, jurisdiction over the defendant will not lie. Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 469, 527 N.Y.S.2d 195, 200 (1988). Therefore, at a minimum, the third-party complaint against Allard should be dismissed.

## POINT III

### CSCI'S CROSS-CLAIMS ARE AN APPENDAGE TO A FACIALLY DEFECTIVE ACTION BY ALF

ALF's suit for breach of contract against BRI is facially defective. Its alleged contract with BRI is unsigned. BRI obtained its crane mats from Bay Crane and not ALF (Affidavit of Martin Cardon, and Exhibit "F"). Moreover, if, as it appears, ALF supplied mats to Bay Crane, ALF would be an equipment supplier to another equipment supplier. This would make ALF a "remote materialman" under New York law, and thus not entitled to enforce a mechanic's lien. New York Lien Law §§ 2, subd. 12, 3; see, also, A&J Buyers, Inc. v. Johnson, Drake & Piper, Inc., 25 N.Y.2d 265, 303 N.Y.S.2d 841 (1969); Gernatt Asphalt Products Inc. v. Bensal Construction, Inc., 90 A.D.2d 993, 456 N.Y.S.2d 590 (4th Dept. 1982).

Additionally, Terra Dinamica's claim is solely against the general contractor D'Onofrio. Terra Dinamica had no privity with, and has no claim against either CSCI or BRI.

Accordingly, there is no compelling New York nexus for CSCI's cross-claims and they should be dismissed, stayed, or transferred to Massachusetts.

CSCI's claim that there may be New York witnesses who need to be deposed is no reason not to dismiss or transfer the instant cross-claims. FRCP Rule 45 provides the simple mechanism by which depositions may be conducted out of the Massachusetts forum in aid of the litigation pending in that District.

## CONCLUSION

By reason of the foregoing, CSCI's cross-claims against BRI and its third-party complaint against Allard should be dismissed or transferred to the District Court in Massachusetts..

Dated: New York, New York
      September 18, 2007

                                      Yours, etc.

                                      LAMBERT & WEISS
                                      *Attorneys for Defendant and*
                                      *Third-Party Plaintiff Builders Resource, Inc.,*
                                      *and Third-Party Defendant Steven Allard*

                          By: _Stephen H. Marcus_ (signature)
                                      STEPHEN H. MARCUS (SHM 2370)
                                      61 Broadway, Suite 2020
                                      New York, New York 10006
                                      (212) 344-3100

Of Counsel:   Stephen H. Marcus
                  Matthew Stabile

H:\SHM\5790-Private-Builders\Legal\ALF\Reply MOL.doc