UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

                                                                Docket No.:  07 CV 3148 (LAK)
                    Plaintiff,

       -against-                                                **DECLARATION IN SUPPORT**
                                                                **OF BRI'S MOTION TO DISMISS**
BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL
CONTRACTORS CORP., CONSOLIDATED EDISON
OF NEW YORK, INC., TERRA DINAMICA, LLC,
CORESLAB    STRUCTURES,    and    NICOLSON
CONSTRUCTION CO.,

                    Defendants.
------------------------------------------------------------------X
BUILDERS RESOURCE, INC.,

                    Third-Party Plaintiff,

       -against-

BAY CRANE SERVICE INC.,

                    Third-Party Defendant.
------------------------------------------------------------------X

       **STEPHEN H. MARCUS**, an attorney duly admitted to practice before the Courts of the

State and this District Court, declares under penalty of perjury as follows:

       1.      I am of counsel to Lambert & Weiss, attorneys for the defendant Builders

Resource, Inc. ("BRI") and third-party defendant Steven Allard ("Allard").

       2.      I make and submit this declaration for an order dismissing the first, and third

through fifth cross-claims alleged by defendant Coreslab Structures (Conn.) Inc. ("CSCI")

against BRI and CSCI's third-party complaint against Allard.

       3.      A copy of CSCI's answer with cross-claims is annexed hereto as Exhibit "A".

       4.      The bases of this motion are that the venue of the dispute between BRI and CSCI

belongs in the U.S. District Court, Massachusetts, Central Division, where BRI previously

commenced an action against CSCI (the "Massachusetts Action"), and which is the prior action

pending between BRI and CSCI.  A copy of BRI's complaint in that action (Builders Resource, Inc. v. Coreslab Structures (Conn.) Inc., Civil Action No. 07-40059 (FDS)) is annexed hereto as Exhibit "B".

5.    BRI is a Massachusetts corporation with offices in Rhode Island (Exhibit "C").  As shown by its own admission, CSCI is a Connecticut corporation with offices in Thomaston, Connecticut.  (Exhibit "D").

6.    In its complaint (Exhibit "B") BRI asserts claims against CSCI for breach of contract and account stated.  CSCI's cross-claims in the matter at bar would be compulsory counterclaims, under FRCP Rule 13(a), in the Massachusetts Action, since they all arise out of the transaction or occurrence that is the subject matter of the opposing party's (BRI's) claim.

7.    CSCI's first cross-claim is to enforce a mechanic's lien as subcontractor for the general contractor defendant D'Onofrio General Contractors Corp.  CSCI alleges no claim for relief against BRI in its first cross-claim.  BRI does not have mechanic's lien on the subject property.  Accordingly, there is no basis to include BRI as a party to CSCI's first cross-claim, and it should be dismissed against BRI.

8.    CSCI's third cross-claim alleges that BRI was CSCI's subcontractor and that BRI failed to pay its project vendors.  CSCI alleges in an unspecified way that was damaged because of this.  Clearly, this would be a compulsory counterclaim under Rule 13(a) in the prior Massachusetts Action.

9.    In CSCI's fourth counterclaim, CSCI alleges that BRI failed to perform its work in a "good and workmanlike manner."  This would be a compulsory counterclaim in the prior Massachusetts Action, and this cross-claim should be dismissed in the matter at bar.

10.    The fifth cross-claim alleges that BRI mislead CSCI as to the status of payments that BRI had made, or not made to BRI's project vendors.  CSCI claims that it was damaged

because of this in an unspecified manner. Again, this would be a compulsory counterclaim in the prior Massachusetts Action.

11.    Finally, CSCI's purported third-party claim against Allard should be dismissed. CSCI claims that Allard mislead CSCI into making payments to BRI and its claims to have suffered unspecified damages.

12.    As shown by Allard, he is not a New York domiciliary, and has no office for business in New York. BRI is a Massachusetts corporation. Allard's office is in Rhode Island. CSCI, by its own admission, is a Connecticut corporation with offices in Thomaston, Connecticut.    Therefore, assuming, <u>arguendo</u>, that these events actually occurred, Allard's actions took place in Rhode Island, and CSCI was allegedly affected in Connecticut. There is no New York connection to the third-party complaint and it should be dismissed for lack of jurisdiction and <u>forum non conveniens</u>. In addition, Allard was not served with a process in this action.

**WHEREFORE**, CSCI's first cross-claim against BRI, and CSCI's third through fifth cross-claims and its third-party complaint should be dismissed.

Dated: New York, New York
      July 17, 2007

STEPHEN H. MARCUS (SHM 2370)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

                          Plaintiff,

      -against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL
CONTRACTORS CORP., CONSOLIDATED EDISON
OF NEW YORK, INC., TERRA DINAMICA, LLC,
CORESLAB STRUCTURES, and NICOLSON
CONSTRUCTION CO.,

                       Defendants.
-------------------------------------------------------------------X
BUILDERS RESOURCE, INC.,

                       Third-Party Plaintiff,

      -against-

BAY CRANE SERVICE INC.,

                       Third-Party Defendant.
-------------------------------------------------------------------X

Docket No.: 07 CV 3148 (LAK)

**AFFIDAVIT**

STATE OF RHODE ISLAND     )
                                 ) SS.:
COUNTY OF PROVIDENCE    )

       **STEVEN ALLARD**, being duly sworn, deposes and says:

       1.     I am a resident of Rhode Island.  I do not have a place of business in New York.

Builders Resource, Inc. ("BRI") is a Massachusetts corporation.  I am neither the president,

secretary, or treasurer of BRI and therefore I am not a statutory officer of that corporation.

Neither am I, as alleged by Coreslab, BRI's chief financial officer.

       2.     I have never been served with the third-party summons and complaint of defendant

Coreslab Structures (Conn.) Inc.

                                                                _____
                                                                STEVEN ALLARD

Sworn to before me this
___ day of July, 2007

_____
     NOTARY PUBLIC

# Exhibit "A"

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ALF RENTAL COMPANY, INC.,                          Docket No.: 07 CV 3148 (KMK)

        Plaintiff,

vs.

BUILDERS RESOURCE, INC., D'ONOFRIO
GENERAL CONTRACTORS CORP.,                         **ANSWER, COUNTERCLAIM,**
CONSOLIDATED EDISON OF NEW YORK, INC.,             **CROSS CLAIMS, THIRD**
TERRA DINAMICA, LLC, CORESLAB                      **PARTY COMPLAINT AND**
STRUCTURES, and NICOLSON CONSTRUCTION             **DEMAND FOR JURY**
CO.,

        Defendants,
-------------------------------------------------------------X

CORESLAB STRUCTURES (CONN), INC.
(MISNAMED AS CORESLAB STRUCTURES),

        Defendant/Third Party Plaintiff,

vs.

STEVE ALLARD, individually,

        Third Party Defendant.
-------------------------------------------------------------X

      The defendant Coreslab Structures (Conn), Inc. ("Coreslab"), misnamed in the Verified

Complaint ("complaint") as Coreslab Structures, by way of answer thereto, says:

      1.    Coreslab  is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the complaint.

      2.    Coreslab is without knowledge or information sufficient to form a belief as to the

truth of these allegations contained in paragraph 2 of the complaint, except it admits that

defendant Builders' Resources, Inc. ("BRI") has done business in the State of New York.

3.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of these allegations contained in paragraph 3 of the complaint.

4.    Coreslab admits on information and belief the allegations contained in paragraph 4 of the complaint.

5.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, except it admits that it has an interest in the Property by the filing of a mechanic's lien.

6.    Coreslab admits the allegations contained in paragraph 6 of the complaint with respect to the so-called Mott Haven Substation project (as the "project"); otherwise, it is without knowledge or information sufficient to form a belief as to the truth of these allegations.

7.    Coreslab states that it was a project subcontractor to defendant D'Onofrio General Contractors Corp. ("D'Onofrio") and that BRI was a subcontractor to Coreslab; otherwise the allegations are denied.

8.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8 through 24 of the complaint.

9.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint, except it admits on information and belief that a record search has shown the filing of such notices of mechanic's liens.

10.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint.

2

11.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint, except it denies the allegation as to "not . . . discharged of record."

<u>Affirmative Defense, Counterclaim and First Cross-Claim Against All Parties</u>

The defendant Coreslab Structures (Conn), Inc. ("Coreslab"), by its attorneys, Lindabury, McCormick, Estabrook & Cooper, P.C., as an affirmative defense, and as a counterclaim against the plaintiff and cross-claim against all co-defendants, says:

12.    Coreslab repeats and re-alleges upon information and belief the allegations contained in paragraphs 1 through 6 of the complaint as if the same were set forth herein.

13.    In or about August 2005 by written contract, D'Onofrio subcontracted certain of the project's pre-cast concrete work to Coreslab at the stated price of $11,900,000.

14.    Coreslab performed all work for which it was obliged under its subcontract with D'Onofrio with the exception of certain work consisting of the pre-cast fence that it is currently performing that has a fair and reasonable value of $624,080 for a balance performed of $11,275,920.

15.    While performing its work Coreslab was directed and at times required to perform extra and additional work and to furnish extra and additional materials which were in excess of the work and materials required under the base contract between Coreslab and D'Onofrio.

16.    Coreslab's subcontractor (BRI) was directed to perform extra and additional work which included certain premium time work ordered by the Owner Con Edison, and in addition BRI has asserted that it was required to perform extra and additional work and to furnish extra and additional materials throughout the course of the project for which it seeks compensation.

3

17.    By virtue of the extra and additional work and extra and additional materials as aforesaid, Coreslab is entitled to the fair and reasonable value of the amount in excess of $4,392,598 as set forth in the change orders and request for change orders issued to and/or submitted by Coreslab to D'Onofrio.

18.    The aforesaid amount of $4,392,598 being added to the base contract balance performed of $11,275,920 results in an adjusted subcontract balance performed amount between Coreslab and D'Onofrio of $15,668,518.

19.    The amount paid to date by D'Onofrio to Coreslab is the sum of $9,499,425.

20.    There remains due and owing from D'Onofrio to Croeslab the sum of $6,169,093.

21.    The work, labor and services performed and the materials furnished by Coreslab were performed and furnished for the improvement of the said real property described above and in the Complaint and, upon information and belief, were performed and furnished with the knowledge and consent of defendant Consolidated Edison of New York, Inc. (Con Edison).

22.    On January 18, 2007, and within eight months after last performing work and furnishing materials, Coreslab filed in the Office of the Clerk of the County of Bronx, New York, in compliance with Lien Law Section 9, a notice of lien for the sum due of $6,169,093. A copy of the notice of lien is annexed as Exhibit A.

23.    On February 1, 2007, Coreslab served on Con Ed as owner and D'Onofrio as general contractor copies of the notice of lien in accordance with the New York Lien Law, and proof of service was duly and timely filed in the Office of the Clerk of the County of the Bronx, New York.

4

2132938v1

24.    The lien has not been paid, canceled, waived or discharged, and no other action or proceeding either at law or in equity has ever been brought to recover the amount claimed therein.

<u>Second Cross-Claim Against D'Onofrio General Contractors Corp.</u>

25.    The subcontract agreement by and between D'Onofrio and Coreslab (hereinafter DGCC/Coreslab agreement) provided in part that progress payments would be made in installments of 95% of the value of engineering, start-up and pre-casting work on or before the 15th day of the month following submission on the 25th day of the preceding month.

26.    The DGCC/Coreslab agreement further provided that Coreslab, if directed to work overtime, would be compensated for actual additional wages paid plus taxes plus workers compensation insurance, disability benefits and employers liability insurance and other such costs and levies on such additional wages .

27.    The DGCC/Coreslab agreement specifically incorporated the Coreslab proposal dated October 10, 2005 and all exhibits referenced therein.

28.    The DGCC/Coreslab agreement also provided in part that DGCC would provide:

(a)    Drop zone to Coreslab at no cost.

(b)    Full unobstructed access to all areas of installation required.

(c)    Traffic control flagmen and street access permits for parking

(d)    Stand-by-trades, jobsite teamsters.

(e)    Stabilized level access for trucks into the jobsite and all overhead wires or obstructions which could interfere with erection were to be moved prior to erection.

5

(f) Space for parking a minimum of 12-15 semi-trucks in space adjacent to the building in erection area.

(g) Full access to all areas pertaining to installation of work for Coreslab trucks, workmen, equipment.

(h) Shoring, protection of sidewalks, subterranean facilities and stabilization of soil as required for cranes and trucks sufficient for them to work under their own power.

(i) Installation of CMU walls which support pre-cast in a timely/coordinated fashion so as not to interrupt continuous installation of Coreslab product.

29. DGCC in breach of the DGCC/Coreslab subcontract failed to make proper payment when due as set forth above and failed to provide site requirements as required.

30. Additionally, Coreslab, through no fault of its own, was delayed in starting fabrication of the pre-cast and thereafter DGCC and/or the Owner Con Edison ordered changes to the design and fabrication which increased the cost to Coreslab.

31. As a result of the various changes to the scope of the project and the delays and interruptions and other substantial breaches, Coreslab suffered and continues to suffer substantial damages.

<u>Third Cross-Claim Against Builders Resource, Inc.</u>

32. In or about May 2006, Coreslab subcontracted certain of its project pre-cast concrete erection work to defendant Builders Resourse, Inc. ("BRI").

33. On information and belief, BRI subcontracted with or otherwise engaged various vendors ("project vendors") for certain labor, materials, equipment and/or services in connection with the performance of BRI's aforesaid erection work.

34. Coreslab's subcontract with BRI obliged BRI to establish to Coreslab's satisfaction that BRI has paid or satisfied all bills obligations, debts, claims, and liens incurred in connection

6

with BRI's project work, to cause such bills, etc., to be paid, satisfied, removed or discharged at BRI's own expense, and to indemnify, protect, save harmless, and/or reimburse Coreslab from and/or for any loss or expense incurred by Coreslab (including legal expense) in connection with such bills, etc.

35. Additionally, Coreslab's subcontract with BRI conditioned BRI's right to payment upon BRI's performance of the aforesaid obligations.

36. Several of BRI's project vendors have asserted claims and/or liens for payment with respect to their asserted project work, some of whom are parties in this action.

37. Coreslab has incurred and/or may in the future incur losses and expenses (including legal expenses) from BRI's failure(s) to perform its aforesaid obligations with respect to its project vendors.

38. Such losses and expenses may include, but would not be limited to, possible loss or delay in payment from D'Onofrio or possible backcharge from D'Onofrio by reason of unresolved claims or liens of BRI's project vendors.

<u>Fourth Cross-Claim Against Builders Resource, Inc.</u>

39. Coreslab repeats and realleges each and every allegation contained in paragraphs 12 through 38 as if more fully set forth at length herein.

40. The Coreslab/BRI subcontract provided that BRI was bound to Coreslab and assumed towards Coreslab all the obligations and responsibilities that Coreslab assumed through written documents toward the General Contractor.

41. The Coreslab/BRI subcontract further provided that all work was to be done by skilled craftsmen, in a good and workmanlike manner to the full satisfaction of Coreslab,

7

D'Onofrio, and the owner Con Edison.

42. BRI failed to perform its work in a good and workmanlike manner and Coreslab has had and continues to correct BRI defective work and as a result has suffered and continues to incur damages.

43. Coreslab is entitled to be reimbursed for all damages incurred.

<u>Fifth Cross-Claim Against Builders Resource, Inc.</u>

44. Coreslab repeats and re-alleges each and every allegation contained in paragraphs 12 through 43 as if more fully set forth at length herein.

45. The Coreslab/BRI subcontract required BRI to pay promptly when due bills and charges for labor, materials and rental of equipment used in the performance of BRI's subcontract.

46. As a furtherance of the above subcontract condition, BRI was required to complete and submit with each periodic application for payment a Partial Waiver/Release of Lien Form completed and duly executed by an authorized representative of BRI.

47. The Partial Waiver/Release of Lien Form provided in part that BRI waived, released and forever relinquished any and all claims, demands, liens, and/or right(s) of action whether legal or equitable against the Project and against the Owner and Coreslab up to the period set forth.

48. The Partial Waiver/Release of Lien Form also contained an express representation and warranty by BRI that all labor, material, services, equipment and/or machinery used or provided by or through the Trades Contractor or its sub-subcontractors, suppliers, and/or material men through the date identified were paid in full.

8

49. BRI was aware and/or should have been aware that Coreslab relied upon the proper and truthful execution of the Partial Waiver/Release of Lien Form.

50. Coreslab did in fact rely upon BRI's execution and representations of the Partial Waiver/Release of Liens and was induced to make continual progress payments to BRI in the amounts of millions of dollars.

51. BRI, engaging in multiple acts of fraud, fraudulently misrepresented that it had made payments to its sub-subcontractors, equipment suppliers and materialmen.

52. As a result of the multiple acts of fraud and fraudulent misrepresentations by BRI, Coreslab was forced to incur substantial damages and costs that included costs of lien bonds by D'Onofrio, delay in payments and substantial attorneys fees.

<u>Third-Party Complaint Against Steve Allard</u>

Defendant and Third-Party Plaintiff Coreslab Structures (Conn), Inc. (Coreslab) as and for its third-party complaint by its attorneys Lindabury McCormick Estabrook & Cooper alleges upon information and belief as follows.

53. Upon information and belief third party defendant Steve Allard at all times mentioned herein was and is the Chief Financial Officer (CFO) of BRI.

54. Upon information and belief, as CFO Mr. Steve Allard had full and complete knowledge of all payments BRI received from Coreslab on this project.

55. Upon information and belief, as CFO Mr. Steve Allard had full and complete knowledge of subcontracts let equipment rented and material purchased by BRI.

56. Coreslab incorporates, repeats and re-alleges paragraphs 44 through 52 of its cross claim against BRI related to the execution of Partial Waiver/Release of Lien and Full and Final

9

2132938v1

Waiver/Release of Lien, which were executed by Mr. Allard as if more fully set forth at length herein.

57. Mr. Steve Allard executed the Partial Waiver/Release of Lien Form(s) as notarized certifying under oath in order to induce Coreslab to rely upon the statement and certifications that BRI paid its sub-subcontractors, equipment suppliers and materialmen on this project in full.

58. Upon information and belief, Mr. Steve Allard who possessed a direct financial interest in BRI knew or should have known that such certifications were false and untruthful and despite this knowledge executed these documents in order to induce Coreslab to pay millions of dollars to BRI.

59. By BRI's own admission, BRI has failed to pay many of its sub-subcontractors, equipment suppliers, materialmen and laborers and these entities have asserted liens and claims against the Project.

60. As a direct result of these false, misleading and untruthful representations by Mr. Steve Allard, Coreslab has suffered and will continue to suffer damages.

WHEREFORE, Coreslab demands judgment as follows:

1. On its Counterclaim and First Cross-Claim:

A. Coreslab be adjudged to have a valid and enforceable lien on and against the Property and the project monies constituting the lien fund.

B. The validity and extent of each and all of the liens and claims that may be presented and asserted herein be determined, and the equities of all the parties to this action and the order of priority of the different liens be adjusted.

10

2132938v1

C.    The interest of the defendant owner in the real property be sold according to law and from the proceeds of such sale Coreslab be paid in the amount of its lien, and interest thereon together with the expenses of such sale and the costs of this action.

D.    Coreslab have a judgment against defendant D'Onofrio for any deficiency that may remain after such payment, or for the entire sum of $6,169,093 should it be determined and adjudged that Coreslab does not have a valid and subsisting lien upon said real property, together with interest thereon.

E.    The plaintiff, the defendants, and all persons claiming under or through them be forever barred and foreclosed of all right and equity of redemption or other interest in the above mentioned premises of the defendant owner.

F.    Coreslab have such other and further relief as to the court may seem just and proper, together with the costs of this action.

2.    On its Second Cross-Claim that Coreslab have judgment against defendant D'Onofrio for the entire sum of the contract balance and extra scope work incurred.

3.    On its Third, Forth and Fifth Cross-Claim, that Coreslab have judgment against BRI for compensatory, consequential an punitive damages in an amount to be determined at trial, and for declaratory relief with respect to BRI's obligations as to its project vendors, together with interest, costs of suit, and such other or further relief as the court may award.

4.    On its Third Party Complaint against Mr. Steve Allard that Coreslab have judgment against Steve Allard individually for compensatory, consequential and punitive damages including but not limited to delays in payment by D'Onofrio and/or owner, attorneys fees and any payments ordered to be made or made to BRI's

11

subcontractors, equipment suppliers or materialmen over and above any contract balance owed

to BRI.

Demand for Jury

Coreslab demands a jury as to all issues triable by jury.

Dated: New York, New York
June 26, 2007

LINDABURY, MCCORMICK, ESTABROOK & COOPER, P.C.

By: _____ _Scott M. Yaffe_ _____

Scott M. Yaffe (4344)
*Attorneys for Defendant Coreslab Structures(CONN), Inc.*
26 Broadway, Suite 2300
New York, New York 10004
(212) 742-3390

12

2132938v1

# Exhibit "B"

Robert N. Meltzer
*Attorney At Law*

P.O. Box 1459
Framingham, MA 01701
508.872.7116
robmeltzer@aol.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION

---

BUILDERS RESOURCE, INC.                     )
                                            )
                      **Plaintiff**         )
                                            )
v.                                          )         Civil Action No. _____
                                            )
CORESLAB STRUCTURES                         )
CONN, INC.                                  )
                                            )
                      **Defendant**         )
                                            )

---

## COMPLAINT BASED UPON DIVERSITY OF CITIZENSHIP

    This is an action brought by Builders Resource, Inc., a citizen of Massachusetts, against Coreslab Structures (Conn), Inc., for funds due and owing under a construction contract.

1.  Plaintiff, Builder Resource, Inc. ("the Plaintiff") is a business entity with a place of business at 180 Main Street in Blackstone, Worcester County, in the Commonwealth of Massachusetts.

2.  Defendant, Coreslab Structures (Conn), Inc. ("the Defendant") is a business entity with a place of business at 1023 Waterbury Road, Thomaston, in the state of Connecticut

3.  There is complete diversity between the parties, and damages exceed the statutory minimum.

4.  This suit is brought in the venue of the residence of the Plaintiff.

5.  Personal jurisdiction is had over the Defendant, as the Defendant conducts in construction business nationally, and presently is engaged in construction of the same type and nature within the Commonwealth of Massachusetts, including a project at Children's Hospital in Boston, in the Commonwealth of Massachusetts.



The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

P.O. Box 1458
Framingham, MA 01701
508.872.7116
robmeltzer@aol.com

6.  This forum is as convenient as any other, as no particular forum contains all parties, documents or witnesses in this case.

7.  The Plaintiff and the Defendant entered into a contract on May 10, 2006, for certain construction work at the Mott Haven Substation in the Bronx, in the state of New York. ("the Project").

8.  The Plaintiff performed its work for the Defendant in the form of contract work, as well as extras to the contract. The total contract price, including all additions to the contract, total $4,943,099.

9.  Notwithstanding the Plaintiff's performance, the Defendant has not paid the Plaintiff for the Plaintiff's work.

10. The Plaintiff is owed $2,274,264.75.

## COUNT I

## BREACH OF CONTRACT

11. The Plaintiff restates paragraphs 1-10 and incorporates them herein by reference.

12. The Defendant's failure to pay the Plaintiff constitutes a breach of the contract between the Plaintiff and the Defendant.

13. As a result of the Defendant's breach, the Plaintiff has sustained the loss of its expectancy under the contract, and has sustained incidental and consequential damages foreseeable at the time of formation of the contract.

## COUNT II

## ACCOUNT STATED

14. The Plaintiff restates paragraphs 1-13 and incorporates them herein by reference.


The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO
www.themountainstateslawgroup.com

2

Robert N. Meltzer
*Attorney At Law*

P.O. Box 1459
Framingham, MA 01701
508.872.7118
robmeltzer@aol.com

15. The Defendant received the invoice of account stated herein without objection and otherwise promised to pay all obligations.

16. The Defendant has not paid The Plaintiff on its account.

17. The Defendant owes the Plaintiff on account stated.

WHEREFORE, The Plaintiff respectfully prays that this Honorable Court:

1. Enter judgment for the Plaintiff and against the Defendant on all counts;

2. That this court award the Plaintiff its expectancy damages pursuant to Count I together with interest;

3. That this court award the Plaintiff damages in its itemized account stated invoice in Count II together with any interest; and

4. Any further relief deemed just and appropriate by this Honorable Court.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Respectfully Submitted,
**The Plaintiff**

By its attorney,

_____
The Mountain States Law Group
Robert N. Meltzer, BBO #564745
PO Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: March 6, 2007



3

# Exhibit "C"

# NYS Department of State

## Division of Corporations

**Entity Information**

---

Selected Entity Name: BUILDERS RESOURCE, INC.

Selected Entity Status Information

|  |  |
|---|---|
| **Current Entity Name:** | BUILDERS RESOURCE, INC. |
| **Initial DOS Filing Date:** | NOVEMBER 09, 2006 |
| **County:** | BRONX |
| **Jurisdiction:** | MASSACHUSETTS |
| **Entity Type:** | FOREIGN BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
BUILDERS RESOURCE, INC.
180 MAIN ST.
BLACKSTONE, MASSACHUSETTS, 01504-1539

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# Exhibit "D"

# NOTICE UNDER MECHANIC'S LIEN LAW

To the Clerk of the County of <u>the Bronx</u> and all others whom it may concern:

# PLEASE TAKE NOTICE, that <u>Coreslab Structures (CONN) Inc.</u>, the lienor has and claims a lien on the real property hereinafter described as follows:

(1) The name and residence of the lienor is <u>Coreslab Structures (CONN) Inc., 1023 Waterbury Road, Thomaston, Connecticut</u>, being a corporation of the <u>State of Connecticut</u>, whose business address is <u>1023 Waterbury Road, Thomaston, Connecticut</u> and whose principal place of business is <u>1023 Waterbury Road, Thomaston, Connecticut</u>.

(1-a) The name and address of lienor's attorney is <u>Lindabury, McCormick, Estabrook & Cooper, P.C., 26 Broadway, Suite 2300, New York, New York 10004, (212) 742-3390.</u>

(2) The owner of the real property is <u>Consolidated Edison Company of New York, Inc.</u>, and the interest of the owner as far as known to the lienor is <u>fee simple</u>.

(3) The name of the person by whom the lienor was employed is <u>D'Onofrio General Contractors Corp</u>. The name of the person to whom the lienor furnished or is to furnish materials or for whom the lienor performed or is to perform professional services is <u>D'Onofrio General Contractors Corp</u>. The name of the person with whom the contract was made is <u>D'Onofrio General Contractors Corp</u>. The name of the person for whom professional services were rendered is <u>N/A</u>.

(4) The labor performed was <u>installation of architectural and structural precast/prestressed concrete products</u>. The material furnished was <u>architectural and structural precast/prestressed concrete products</u>. The materials actually manufactured for but not delivered to the real property are <u>architectural and structural precast/prestressed concrete products</u>. The agreed upon price and value of the labor performed and of the material furnished is <u>$15,518,518.00</u>. The agreed price and value of the material actually manufactured for but not delivered to the real property is <u>$150,000.00</u>. The agreed fee for professional services is <u>$N/A</u>.
Total agreed price and value <u>$15,668,518.00</u>.

(5) The amount unpaid to the lienor for said labor performed and material furnished is. The amount unpaid to the lienor for material actually manufactured is <u>$6,019,093.00</u>. property is <u>$150,000.00</u>.
Total amount unpaid <u>$6,169,093.00</u>.

(6) The time when the first item of work was performed was <u>10/14/05</u>.
The time when the first item of material was furnished was <u>12/28/05</u>.
The time when the last item of work was performed was <u>10/20/06</u>.
The time when the last item of material was furnished was <u>12/19/06</u>.

(7) The property subject to the lien is situated in <u>the County of the Bronx, City of New York, State of New York, and is known as Consolidated Edison Mott Haven Substation, 415 Bruckner Blvd., Block 2599, Lot 5</u>.

Said labor and materials were performed and furnished for and used, and the professional services rendered were used, in the improvement of the real property hereinbefore described. Eight months have not

894474
AD

1

elapsed dating from the last item of work performed, or from the last items of materials furnished, or since the completion for the contract, or since the final performance of the work, or since the final furnishing of the materials for which this lien is claimed.

Dated: January 17, 2007

_Scott M. Yaffe_
Scott M. Yaffe, Agent


State of New York, County of <u>New York</u> ss.:

    <u>Scott M. Yaffe</u>, being duly sworn, says that deponent is the <u>agent</u> of the lienor herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is the <u>agent</u> of <u>Coreslab Structures (CONN) Inc.</u>, which is a <u>foreign</u> corporation, and deponent is familiar with the facts and circumstances herein.

    The sources of deponent's information and the grounds of deponent's belief as to all matters not therein stated upon deponent's knowledge are as follows: <u>conversations with lienor's personnel and a review of lienor's books and records</u>.

_Scott M. Yaffe_
Scott M. Yaffe


Sworn to before me on
January 17, 2007

_Joseph F. Donohue_
Notary Public

JOSEPH F. DONOHUE, JR.
Notary Public, State of New York
No. 31-4698434
Qualified in New York County
Commission Expires October 31, 2009



Lindabury, McCormick, Estabrook & Cooper, P.C.
*Attorneys for Lienor*
26 Broadway, Suite 2300
New York, New York 10004
(212) 742-3390

2