UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

                              Plaintiff,

Docket No.:  07 CV 3148 (LAK)

    -against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL
CONTRACTORS CORP., CONSOLIDATED EDISON
OF NEW YORK, INC., TERRA DINAMICA, LLC,
CORESLAB STRUCTURES, and NICOLSON
CONSTRUCTION CO.,

                              Defendants.
-------------------------------------------------------------------X
BUILDERS RESOURCE, INC.,

                    Third-Party Plaintiff,

    -against-

BAY CRANE SERVICE INC.,

                  Third-Party Defendant.
-------------------------------------------------------------------X

---

### BRI'S MEMORANDUM OF LAW IN
### SUPPORT OF MOTION TO DISMISS CORESLAB'S
### CROSS-CLAIMS AND THIRD-PARTY COMPLAINT

## INTRODUCTION

This memorandum of law is submitted in support of the motion of defendant Builders Resource, Inc. ("BRI") and third-party defendant Steven Allard to dismiss cross-claims and a third-party complaint asserted by co-defendant Coreslab Structures (Conn.) Inc. ("CSCI") against BRI and Allard.

## STATEMENT OF FACTS

BRI is a Massachusetts corporation with offices in Massachusetts and Rhode Island. CSCI is a Connecticut corporation with offices in Thomaston, Connecticut.

In or about March, 2007, BRI commenced an action against CSCI in the U.S. District Court, Massachusetts, Central Division, Civil Action No. 07-40057 FDS (the "Massachusetts Action"). In the Massachusetts Action, BRI alleged that in May, 2006 it entered into an agreement with CSCI to perform certain work at the Mott Haven Substation, Bronx, New York. BRI alleged that CSCI breached its agreement with BRI and is liable to BRI for that breach and account stated.

On or about June 28, 2007, in the matter at bar, CSCI asserted cross-claims against BRI relating to the BRI-CSCI agreement and which would be compulsory counterclaims in the prior Massachusetts Action under FRCP Rule 13(a).

CSCI's cross-claims are as follows:

CSCI's first cross-claim is to enforce a mechanic's lien as subcontractor for the general contractor defendant D'Onofrio General Contractors Corp. CSCI alleges no claim for relief against BRI in its first cross-claim. BRI does not have mechanic's lien on the subject property. Accordingly, there is no basis to include BRI as a party to CSCI's first cross-claim, and it should be dismissed against BRI.

CSCI's third cross-claim alleges that BRI was CSCI's subcontractor and that BRI failed to pay its project vendors. CSCI alleges in an unspecified way that was damaged because of this. Clearly, this would be a compulsory counterclaim under Rule 13(a) in the prior Massachusetts Action.

In CSCI's fourth cross-claim, CSCI alleges that BRI failed to perform its work in a "good and workmanlike manner." This would be a compulsory counterclaim in the prior Massachusetts Action, and should be dismissed.

The fifth cross-claim alleges that BRI mislead CSCI as to the status of payments that BRI had made, or not made to BRI's project vendors. CSCI claims that it was damaged because of this in an unspecified manner. Again, this would be a compulsory counterclaim in the prior Massachusetts Action.

Since CSCI's cross-claims would be compulsory counterclaims in the Massachusetts Action, they should be dismissed on the grounds of prior action pending.

Finally, CSCI's purported third-party claim against Allard should be dismissed. CSCI claims that Allard mislead CSCI into making payments to BRI and its claims to have suffered unspecified damages.

As shown by Allard, he is not a New York domiciliary, and has no office for business in New York. BRI is a Massachusetts corporation. Allard's office is in Rhode Island. CSCI, by its own admission, is a Connecticut corporation with offices in Thomaston, Connecticut. Therefore, assuming, arguendo, that the events alleged by CSCI actually occurred, Allard's actions took place in Rhode Island, and CSCI was allegedly affected in Connecticut. There is no New York connection to the third-party complaint and it should be dismissed for lack of jurisdiction and forum non conveniens. In addition, Allard was not served with a process in this action.

2

## ARGUMENT

### POINT I

### CSCI'S CROSS-CLAIMS SHOULD BE DISMISSED
### UPON THE GROUNDS OF PRIOR ACTION PENDING

All of CSCI's cross-claims asserted against BRI alone would be compulsory counterclaims against BRI in the Massachusetts Action under FRCP Rule 13(a). A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ..." Rule 13(a).

CSCI's cross-claims should be dismissed under the prior action pending doctrine. Lesavoy v. Lane, 304 F.Supp.2d 520 (S.D.N.Y. 2004); Continental Time Corp. v. Swiss Credit Bank, 543 F.Supp. 408 (S.D.N.Y. 1982); Phlo Corp. v. Veryfine Products Inc., 2000 WL 294869 (S.D.N.Y.). Under the prior action pending doctrine, the Court has the inherent power to dismiss or stay an action in favor of the prior litigation presenting the same claims and issues.

In Continental Time, Continental was assigned an interest in a line of credit that was the subject of a prior action against Swiss Credit pending in Switzerland. After the assignment, Continental filed an action in New York District Court against Swiss Credit and other defendants. The court granted Swiss Credit's motion for dismissal and rejected Continental's argument that both actions could proceed simultaneously. Holding that the presence of additional defendants was an insufficient basis to sustain the New York case, the Court dismissed the case to avoid forum shopping, inconsistent judgments, and unfair burdens imposed on the defendant.

"[N]either the addition of defendants nor the expansion of claims is dispositive [to the court's decision to dismiss a suit due to a prior pending action]. Courts have repeatedly ruled that 'parties and issues need not be identical in order for one action to be stayed or dismissed in

deference to an earlier action.' " <u>Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs.</u> <u>Inc.</u>, 949 F.Supp. 1123, 1127 (S.D.N.Y. 1997) (quoting <u>Caspian Invs., Ltd. v. Vicom Holdings,</u> <u>Ltd.</u>, 770 F.Supp. 880, 884).

"As between federal district courts … the general principle is to avoid duplicative litigation." <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

Under the doctrine of prior action pending CSCI's cross-claims against BRI should be dismissed.

<div align="center">

**POINT II**

**THE THIRD-PARTY COMPLAINT**
**<u>SHOULD BE DISMISSED AS AGAINST ALLARD</u>**

</div>

Allard is a Rhode Island resident with no place of business in New York. He is not a statutory officer of BRI being neither president, secretary or treasurer of that corporation. M.G.L.A. 156D § 8.40. Additionally, he was never served with process in the third-party action.

CSCI is a Connecticut corporation with its offices in Thomaston, Connecticut.

CSCI claims that Allard executed certain documents and then mislead CSCI in making payments to BRI and causing unspecified damages to CSCI.

Assuming, <u>arguendo</u>, that any of this actually happened, the alleged tortious act alleged by CSCI would have occurred in Rhode Island, and the alleged damage to CSCI would have occurred in Thomaston, Connecticut. The CSCI purchase order was sent from Thomaston, Connecticut to BRI's office in Harrisville, Rhode Island. Payments would have been made by CSCI in Thomaston, Connecticut. Clearly, there is no New York nexus to these alleged events, and the third-party complaint against Allard should be dismissed. <u>Talbot v. Johnson Newspaper</u>

<div align="center">

4

</div>

Corp., 71 N.Y.2d 827, 527 N.Y.S.2d 729 (1988).  Moreover, Allard has never been served with process in the third-party action.

## CONCLUSION

By reason of the foregoing, CSCI's first, third, fourth and fifth cross-claims against BRI should be dismissed and CSCI's third-party complaint against Allard should be dismissed.

Dated: New York, New York
       July 17, 2007

<div style="margin-left: 40%;">

Yours, etc.

LAMBERT & WEISS
*Attorneys for Defendant and*
*Third-Party Plaintiff Builders Resource, Inc.,*
*and Third-Party Defendant Steven Allard*

By:  _____
     STEPHEN H. MARCUS (SHM 2370)
     61 Broadway, Suite 2020
     New York, New York 10006
     (212) 344-3100

</div>