UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

                  Plaintiff,

    -against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL
CONTRACTORS CORP., CONSOLIDATED EDISON
OF NEW YORK, INC., TERRA DINAMICA, LLC,
CORESLAB STRUCTURES, and NICOLSON
CONSTRUCTION CO.,

                  Defendants.
-------------------------------------------------------------------X
BUILDERS RESOURCE, INC.,

                  Third-Party Plaintiff,

    -against-

BAY CRANE SERVICE INC.,

                  Third-Party Defendant.
-------------------------------------------------------------------X

Docket No.: 07 CV 3148 (LAK)

**DECLARATION IN SUPPORT
OF BRI'S MOTION TO DISMISS**

    **STEPHEN H. MARCUS**, an attorney duly admitted to practice before the Courts of the
State and this District Court, declares under penalty of perjury as follows:

    1.     I am of counsel to Lambert & Weiss, attorneys for the defendant Builders
Resource, Inc. ("BRI") and third-party defendant Steven Allard ("Allard").

    2.     I make and submit this declaration for an order dismissing defendant Coreslab
Structures (Conn.) Inc.'s ("CSCI") third-party complaint against Allard.

    3.     A copy of CSCI's answer with cross-claims and third-party complaint is annexed
hereto as Exhibit "A".

    4.     By notice of motion dated July 17, 2007, BRI moved to dismiss certain cross-
claims against it and Allard moved to dismiss the third-party complaint against him on the
grounds that he was not served with process. Allard, apparently, has since been served with the

third-party summons and complaint. Allard moves to dismiss the third-party complaint (Exhibit "A") (a) upon the doctrine of prior action pending; (b) upon the grounds that the purported third-party complaint contains allegations that are outside the permissible ambit of FRCP Rule 14(a); and (c) upon the grounds that there is no long arm jurisdiction over Allard pursuant to CPLR § 302. This motion is made without prejudice to BRI and Allard's July, 2007 motion to dismiss.

**Prior Action Pending**

5.     The venue of the dispute between BRI and CSCI belongs in the U.S. District Court, Massachusetts, Central Division, where BRI previously commenced an action against CSCI (the "Massachusetts Action"), and which is the prior action pending between BRI and CSCI. A copy of BRI's complaint in that action (Builders Resource, Inc. v. Coreslab Structures (Conn.) Inc., Civil Action No. 07-40059 (FDS)) is annexed hereto as Exhibit "B".

6.     BRI is a Massachusetts corporation with offices in Rhode Island (Exhibit "C"). As shown by its own admission, CSCI is a Connecticut corporation with offices in Thomaston, Connecticut. (Exhibit "D").

7.     In its complaint (Exhibit "B") BRI asserts claims against CSCI for breach of contract and account stated. CSCI's cross-claims in the matter at bar would be a compulsory counterclaim, under FRCP Rule 13(a), in the Massachusetts Action, since they all arise out of the transaction or occurrence that is the subject matter of the opposing party's (BRI's) claim. Allard would be an "additional party" on CSCI's compulsory counterclaim in the Massachusetts Action pursuant to FRCP Rule 13(h).

8.     CSCI's first cross-claim is to enforce a mechanic's lien as subcontractor for the general contractor defendant D'Onofrio General Contractors Corp. CSCI alleges no claim for relief against BRI in its first cross-claim. BRI does not have mechanic's lien on the subject property. Accordingly, there is no basis to include BRI as a party to CSCI's first cross-claim.

9.      CSCI's third cross-claim alleges that BRI was CSCI's subcontractor and that BRI failed to pay its project vendors. CSCI alleges in an unspecified way that was damaged because of this. Clearly, this would be a compulsory counterclaim under Rule 13(a) in the prior Massachusetts Action.

10.     In CSCI's fourth counterclaim, CSCI alleges that BRI failed to perform its work in a "good and workmanlike manner." This would be a compulsory counterclaim in the prior Massachusetts Action.

11.     The fifth cross-claim alleges that BRI mislead CSCI as to the status of payments that BRI had made, or not made to BRI's project vendors. CSCI claims that it was damaged because of this in an unspecified manner. Again, this would be a compulsory counterclaim in the prior Massachusetts Action.

12.     CSCI claims that Allard mislead CSCI into making payments to BRI and its claims to have suffered unspecified damages. It is similar to CSCI's fifth cross-claim against BRI. These allegations form the basis of a compulsory counterclaim belonging to the prior Massachusetts Action. Allard would thus be an "additional party" on this counterclaim in the prior Massachusetts Action pursuant to FRCP Rule 13(h). Therefore, CSCI's purported third-party claim against Allard should be dismissed.

**CSCI's Third-Party Complaint Against Allard Is Not**

**Contingent Upon the Outcome of the Main Claim**

13.     CSCI's third-party complaint against Allard is not contingent upon the outcome of plaintiff's claim. Therefore, CSCI's third-party claim is beyond the scope of FRCP Rule 14(a) and it should be dismissed.

14.     ALF's claim is to recover money for allegedly leasing hardwood crane mats to BRI. BRI erected pre-cast slabs for CSCI at the Mott Haven project. ALF also seeks to enforce remedies under the Lien Law. (Ex. E)

15.    CSCI's third-party complaint against Allard goes way beyond the scope of the narrow issues raised by ALF. As against Allard, CSCI alleges that Allard made untruthful statements with respect to payment certifications. CSCI then alleges:

> 59. By BRI's own admission, BRI has failed to pay many of its sub-subcontractors, equipment suppliers, materialmen and laborers and these entities have asserted liens and claims against the project.

> 60. As a direct result of these false, misleading and untruthful representations by Mr. Steve Allard, Coreslab has suffered and will continue to suffer damages.

CSCI's <u>ad damnum</u> claus against Allard states:

> 4. On its Third Party Complaint against Mr. Steve Allard that Coreslab have judgment against Steve Allard individually for compensatory, consequential and punitive damages including but not limited to delays in payment by D'Onofrio and/or owner, attorneys fees and any payments ordered to be made or made to BRI's.

16.    These expansive allegations have nothing to do with ALF's alleged charges for crane mats and the third-party action against Allard should be dismissed. Since CSCI's third-party complaint asserts allegations beyond that permitted by FRCP Rule 14(a), it should be dismissed.

**There is No Long Arm Jurisdiction Over Allard**

17.    As shown by Allard, he is not a New York domiciliary, and has no office for business in New York. BRI is a Massachusetts corporation. Allard's office is in Rhode Island. CSCI, by its own admission, is a Connecticut corporation with offices in Thomaston, Connecticut. Therefore, assuming, <u>arguendo</u>, that the events allegedly by CSCI actually occurred, Allard's actions took place in Rhode Island, and CSCI was allegedly affected in Connecticut. There is no New York connection to the third-party complaint and it should be dismissed for lack of jurisdiction and <u>forum non conveniens</u>.

**WHEREFORE**, CSCI's third-party complaint against Allard should be dismissed.

Dated: New York, New York
      August 16, 2007

_____
STEPHEN H. MARCUS (SHM 2370)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,

                Plaintiff,

    -against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL
CONTRACTORS CORP., CONSOLIDATED EDISON
OF NEW YORK, INC., TERRA DINAMICA, LLC,
CORESLAB STRUCTURES, and NICOLSON
CONSTRUCTION CO.,

                Defendants.
-----------------------------------------------------------------X
BUILDERS RESOURCE, INC.,

                Third-Party Plaintiff,

    -against-

BAY CRANE SERVICE INC.,

                Third-Party Defendant.
-----------------------------------------------------------------X

Docket No.:  07 CV 3148 (LAK)

**<u>AFFIDAVIT</u>**

STATE OF RHODE ISLAND    )
                       ) SS.:
COUNTY OF PROVIDENCE    )

    **STEVEN ALLARD**, being duly sworn, deposes and says:

    1.    I am a resident of Rhode Island.  I do not have a place of business in New York.

Builders Resource, Inc. ("BRI") is a Massachusetts corporation.  I am neither the president,

secretary, or treasurer of BRI and therefore I am not a statutory officer of that corporation.

                                  STEVEN ALLARD

Sworn to before me this
_____ day of August, 2007

_____
NOTARY PUBLIC

H:\SHM\5790-Private-Builders\Legal\ALF\Affidavit-Allard.doc

# Exhibit "A"

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ALF RENTAL COMPANY, INC.,                                    Docket No.: 07 CV 3148 (KMK)

        Plaintiff,

vs.

BUILDERS RESOURCE, INC., D'ONOFRIO                           **ANSWER, COUNTERCLAIM,**
GENERAL CONTRACTORS CORP.,                                   **CROSS CLAIMS, THIRD**
CONSOLIDATED EDISON OF NEW YORK, INC.,                       **PARTY COMPLAINT AND**
TERRA DINAMICA, LLC, CORESLAB                                **DEMAND FOR JURY**
STRUCTURES, and NICOLSON CONSTRUCTION
CO.,

        Defendants,

-------------------------------------------------------------X

CORESLAB STRUCTURES (CONN), INC.
(MISNAMED AS CORESLAB STRUCTURES),

        Defendant/Third Party Plaintiff,

vs.

STEVE ALLARD, individually,

        Third Party Defendant.

-------------------------------------------------------------X

The defendant Coreslab Structures (Conn), Inc. ("Coreslab"), misnamed in the Verified

Complaint ("complaint") as Coreslab Structures, by way of answer thereto, says:

1.     Coreslab is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the complaint.

2.     Coreslab is without knowledge or information sufficient to form a belief as to the

truth of these allegations contained in paragraph 2 of the complaint, except it admits that

defendant Builders' Resources, Inc. ("BRI") has done business in the State of New York.

2132938v1

3.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of these allegations contained in paragraph 3 of the complaint.

4.    Coreslab admits on information and belief the allegations contained in paragraph 4 of the complaint.

5.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, except it admits that it has an interest in the Property by the filing of a mechanic's lien.

6.    Coreslab admits the allegations contained in paragraph 6 of the complaint with respect to the so-called Mott Haven Substation project (as the "project"); otherwise, it is without knowledge or information sufficient to form a belief as to the truth of these allegations.

7.    Coreslab states that it was a project subcontractor to defendant D'Onofrio General Contractors Corp. ("D'Onofrio") and that BRI was a subcontractor to Coreslab; otherwise the allegations are denied.

8.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8 through 24 of the complaint.

9.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint, except it admits on information and belief that a record search has shown the filing of such notices of mechanic's liens.

10.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint.

2

11.    Coreslab is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint, except it denies the allegation as to "not . . . discharged of record."

<u>Affirmative Defense, Counterclaim and First Cross-Claim Against All Parties</u>

The defendant Coreslab Structures (Conn), Inc. ("Coreslab"), by its attorneys, Lindabury, McCormick, Estabrook & Cooper, P.C., as an affirmative defense, and as a counterclaim against the plaintiff and cross-claim against all co-defendants, says:

12.    Coreslab repeats and re-alleges upon information and belief the allegations contained in paragraphs 1 through 6 of the complaint as if the same were set forth herein.

13.    In or about August 2005 by written contract, D'Onofrio subcontracted certain of the project's pre-cast concrete work to Coreslab at the stated price of $11,900,000.

14.    Coreslab performed all work for which it was obliged under its subcontract with D'Onofrio with the exception of certain work consisting of the pre-cast fence that it is currently performing that has a fair and reasonable value of $624,080 for a balance performed of $11,275,920.

15.    While performing its work Coreslab was directed and at times required to perform extra and additional work and to furnish extra and additional materials which were in excess of the work and materials required under the base contract between Coreslab and D'Onofrio.

16.    Coreslab's subcontractor (BRI) was directed to perform extra and additional work which included certain premium time work ordered by the Owner Con Edison, and in addition BRI has asserted that it was required to perform extra and additional work and to furnish extra and additional materials throughout the course of the project for which it seeks compensation.

3

17.     By virtue of the extra and additional work and extra and additional materials as aforesaid, Coreslab is entitled to the fair and reasonable value of the amount in excess of $4,392,598 as set forth in the change orders and request for change orders issued to and/or submitted by Coreslab to D'Onofrio.

18.     The aforesaid amount of $4,392,598 being added to the base contract balance performed of $11,275,920 results in an adjusted subcontract balance performed amount between Coreslab and D'Onofrio of $15,668,518.

19.     The amount paid to date by D'Onofrio to Coreslab is the sum of $9,499,425.

20.     There remains due and owing from D'Onofrio to Croeslab the sum of $6,169,093.

21.     The work, labor and services performed and the materials furnished by Coreslab were performed and furnished for the improvement of the said real property described above and in the Complaint and, upon information and belief, were performed and furnished with the knowledge and consent of defendant Consolidated Edison of New York, Inc. (Con Edison).

22.     On January 18, 2007, and within eight months after last performing work and furnishing materials, Coreslab filed in the Office of the Clerk of the County of Bronx, New York, in compliance with Lien Law Section 9, a notice of lien for the sum due of $6,169,093. A copy of the notice of lien is annexed as Exhibit A.

23.     On February 1, 2007, Coreslab served on Con Ed as owner and D'Onofrio as general contractor copies of the notice of lien in accordance with the New York Lien Law, and proof of service was duly and timely filed in the Office of the Clerk of the County of the Bronx, New York.

4

24.     The lien has not been paid, canceled, waived or discharged, and no other action or proceeding either at law or in equity has ever been brought to recover the amount claimed therein.

<u>Second Cross-Claim Against D'Onofrio General Contractors Corp.</u>

25.     The subcontract agreement by and between D'Onofrio and Coreslab (hereinafter DGCC/Coreslab agreement) provided in part that progress payments would be made in installments of 95% of the value of engineering, start-up and pre-casting work on or before the 15th day of the month following submission on the 25th day of the preceding month.

26.     The DGCC/Coreslab agreement further provided that Coreslab, if directed to work overtime, would be compensated for actual additional wages paid plus taxes plus workers compensation insurance, disability benefits and employers liability insurance and other such costs and levies on such additional wages .

27.     The DGCC/Coreslab agreement specifically incorporated the Coreslab proposal dated October 10, 2005 and all exhibits referenced therein.

28.     The DGCC/Coreslab agreement also provided in part that DGCC would provide:

(a)  Drop zone to Coreslab at no cost.

(b)  Full unobstructed access to all areas of installation required.

(c)  Traffic control flagmen and street access permits for parking

(d)  Stand-by-trades, jobsite teamsters.

(e)  Stabilized level access for trucks into the jobsite and all overhead wires or obstructions which could interfere with erection were to be moved prior to erection.

5

(f) Space for parking a minimum of 12-15 semi-trucks in space adjacent to the building in erection area.

(g) Full access to all areas pertaining to installation of work for Coreslab trucks, workmen, equipment.

(h) Shoring, protection of sidewalks, subterranean facilities and stabilization of soil as required for cranes and trucks sufficient for them to work under their own power.

(i) Installation of CMU walls which support pre-cast in a timely/coordinated fashion so as not to interrupt continuous installation of Coreslab product.

29. DGCC in breach of the DGCC/Coreslab subcontract failed to make proper payment when due as set forth above and failed to provide site requirements as required.

30. Additionally, Coreslab, through no fault of its own, was delayed in starting fabrication of the pre-cast and thereafter DGCC and/or the Owner Con Edison ordered changes to the design and fabrication which increased the cost to Coreslab.

31. As a result of the various changes to the scope of the project and the delays and interruptions and other substantial breaches, Coreslab suffered and continues to suffer substantial damages.

<u>Third Cross-Claim Against Builders Resource, Inc.</u>

32. In or about May 2006, Coreslab subcontracted certain of its project pre-cast concrete erection work to defendant Builders Resourse, Inc. ("BRI").

33. On information and belief, BRI subcontracted with or otherwise engaged various vendors ("project vendors") for certain labor, materials, equipment and/or services in connection with the performance of BRI's aforesaid erection work.

34. Coreslab's subcontract with BRI obliged BRI to establish to Coreslab's satisfaction that BRI has paid or satisfied all bills obligations, debts, claims, and liens incurred in connection

6

with BRI's project work, to cause such bills, etc., to be paid, satisfied, removed or discharged at BRI's own expense, and to indemnify, protect, save harmless, and/or reimburse Coreslab from and/or for any loss or expense incurred by Coreslab (including legal expense) in connection with such bills, etc.

35.  Additionally, Coreslab's subcontract with BRI conditioned BRI's right to payment upon BRI's performance of the aforesaid obligations.

36.  Several of BRI's project vendors have asserted claims and/or liens for payment with respect to their asserted project work, some of whom are parties in this action.

37.  Coreslab has incurred and/or may in the future incur losses and expenses (including legal expenses) from BRI's failure(s) to perform its aforesaid obligations with respect to its project vendors.

38.  Such losses and expenses may include, but would not be limited to, possible loss or delay in payment from D'Onofrio or possible backcharge from D'Onofrio by reason of unresolved claims or liens of BRI's project vendors.

<u>Fourth Cross-Claim Against Builders Resource, Inc.</u>

39.  Coreslab repeats and realleges each and every allegation contained in paragraphs 12 through 38 as if more fully set forth at length herein.

40.  The Coreslab/BRI subcontract provided that BRI was bound to Coreslab and assumed towards Coreslab all the obligations and responsibilities that Coreslab assumed through written documents toward the General Contractor.

41.  The Coreslab/BRI subcontract further provided that all work was to be done by skilled craftsmen, in a good and workmanlike manner to the full satisfaction of Coreslab,

7

D'Onofrio, and the owner Con Edison.

42. BRI failed to perform its work in a good and workmanlike manner and Coreslab has had and continues to correct BRI defective work and as a result has suffered and continues to incur damages.

43. Coreslab is entitled to be reimbursed for all damages incurred.

#### Fifth Cross-Claim Against Builders Resource, Inc.

44. Coreslab repeats and re-alleges each and every allegation contained in paragraphs 12 through 43 as if more fully set forth at length herein.

45. The Coreslab/BRI subcontract required BRI to pay promptly when due bills and charges for labor, materials and rental of equipment used in the performance of BRI's subcontract.

46. As a furtherance of the above subcontract condition, BRI was required to complete and submit with each periodic application for payment a Partial Waiver/Release of Lien Form completed and duly executed by an authorized representative of BRI.

47. The Partial Waiver/Release of Lien Form provided in part that BRI waived, released and forever relinquished any and all claims, demands, liens, and/or right(s) of action whether legal or equitable against the Project and against the Owner and Coreslab up to the period set forth.

48. The Partial Waiver/Release of Lien Form also contained an express representation and warranty by BRI that all labor, material, services, equipment and/or machinery used or provided by or through the Trades Contractor or its sub-subcontractors, suppliers, and/or material men through the date identified were paid in full.

8

49. BRI was aware and/or should have been aware that Coreslab relied upon the proper and truthful execution of the Partial Waiver/Release of Lien Form.

50. Coreslab did in fact rely upon BRI's execution and representations of the Partial Waiver/Release of Liens and was induced to make continual progress payments to BRI in the amounts of millions of dollars.

51. BRI, engaging in multiple acts of fraud, fraudulently misrepresented that it had made payments to its sub-subcontractors, equipment suppliers and materialmen.

52. As a result of the multiple acts of fraud and fraudulent misrepresentations by BRI, Coreslab was forced to incur substantial damages and costs that included costs of lien bonds by D'Onofrio, delay in payments and substantial attorneys fees.

Third-Party Complaint Against Steve Allard

Defendant and Third-Party Plaintiff Coreslab Structures (Conn), Inc. (Coreslab) as and for its third-party complaint by its attorneys Lindabury McCormick Estabrook & Cooper alleges upon information and belief as follows.

53. Upon information and belief third party defendant Steve Allard at all times mentioned herein was and is the Chief Financial Officer (CFO) of BRI.

54. Upon information and belief, as CFO Mr. Steve Allard had full and complete knowledge of all payments BRI received from Coreslab on this project.

55. Upon information and belief, as CFO Mr. Steve Allard had full and complete knowledge of subcontracts let equipment rented and material purchased by BRI.

56. Coreslab incorporates, repeats and re-alleges paragraphs 44 through 52 of its cross claim against BRI related to the execution of Partial Waiver/Release of Lien and Full and Final

9

Waiver/Release of Lien, which were executed by Mr. Allard as if more fully set forth at length herein.

57. Mr. Steve Allard executed the Partial Waiver/Release of Lien Form(s) as notarized certifying under oath in order to induce Coreslab to rely upon the statement and certifications that BRI paid its sub-subcontractors, equipment suppliers and materialmen on this project in full.

58. Upon information and belief, Mr. Steve Allard who possessed a direct financial interest in BRI knew or should have known that such certifications were false and untruthful and despite this knowledge executed these documents in order to induce Coreslab to pay millions of dollars to BRI.

59. By BRI's own admission, BRI has failed to pay many of its sub-subcontractors, equipment suppliers, materialmen and laborers and these entities have asserted liens and claims against the Project.

60. As a direct result of these false, misleading and untruthful representations by Mr. Steve Allard, Coreslab has suffered and will continue to suffer damages.

WHEREFORE, Coreslab demands judgment as follows:

1. On its Counterclaim and First Cross-Claim:

A.   Coreslab be adjudged to have a valid and enforceable lien on and against the Property and the project monies constituting the lien fund.

B.   The validity and extent of each and all of the liens and claims that may be presented and asserted herein be determined, and the equities of all the parties to this action and the order of priority of the different liens be adjusted.

2132938v1

C.    The interest of the defendant owner in the real property be sold according to law and from the proceeds of such sale Coreslab be paid in the amount of its lien, and interest thereon together with the expenses of such sale and the costs of this action.

D.    Coreslab have a judgment against defendant D'Onofrio for any deficiency that may remain after such payment, or for the entire sum of $6,169,093 should it be determined and adjudged that Coreslab does not have a valid and subsisting lien upon said real property, together with interest thereon.

E.    The plaintiff, the defendants, and all persons claiming under or through them be forever barred and foreclosed of all right and equity of redemption or other interest in the above mentioned premises of the defendant owner.

F.    Coreslab have such other and further relief as to the court may seem just and proper, together with the costs of this action.

2. On its Second Cross-Claim that Coreslab have judgment against defendant D'Onofrio for the entire sum of the contract balance and extra scope work incurred.

3. On its Third, Forth and Fifth Cross-Claim, that Coreslab have judgment against BRI for compensatory, consequential an punitive damages in an amount to be determined at trial, and for declaratory relief with respect to BRI's obligations as to its project vendors, together with interest, costs of suit, and such other or further relief as the court may award.

4. On its Third Party Complaint against Mr. Steve Allard that Coreslab have judgment against Steve Allard individually for compensatory, consequential and punitive damages including but not limited to delays in payment by D'Onofrio and/or owner, attorneys fees and any payments ordered to be made or made to BRI's

11

subcontractors, equipment suppliers or materialmen over and above any contract balance owed

to BRI.

Demand for Jury

Coreslab demands a jury as to all issues triable by jury.


Dated: New York, New York
        June 26, 2007

                    LINDABURY, MCCORMICK, ESTABROOK & COOPER, P.C.


                    By:_____ Scott M. Yaffe _____
                            Scott M. Yaffe (4344)
                    *Attorneys for Defendant Coreslab Structures(CONN), Inc.*
                    26 Broadway, Suite 2300
                    New York, New York 10004
                    (212) 742-3390

12

**Exhibit "B"**

Robert N. Meltzer
*Attorney At Law*

P.O. Box 1459
Framingham, MA 01701
508.872.7116
robmeltzer@aol.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION

| | |
|---|---|
| BUILDERS RESOURCE, INC.    ) | |
|        ) | |
|        **Plaintiff**    ) | |
|        ) | |
| v.        ) | Civil Action No. _____ |
|        ) | |
| CORESLAB STRUCTURES    ) | |
| CONN, INC.        ) | |
|        ) | |
|        **Defendant**    ) | |
|        ) | |

## COMPLAINT BASED UPON DIVERSITY OF CITIZENSHIP

This is an action brought by Builders Resource, Inc., a citizen of Massachusetts, against Coreslab Structures (Conn), Inc., for funds due and owing under a construction contract.

1. Plaintiff, Builder Resource, Inc. ("the Plaintiff") is a business entity with a place of business at 180 Main Street in Blackstone, Worcester County, in the Commonwealth of Massachusetts.

2. Defendant, Coreslab Structures (Conn), Inc. ("the Defendant") is a business entity with a place of business at 1023 Waterbury Road, Thomaston, in the state of Connecticut

3. There is complete diversity between the parties, and damages exceed the statutory minimum.

4. This suit is brought in the venue of the residence of the Plaintiff.

5. Personal jurisdiction is had over the Defendant, as the Defendant conducts in construction business nationally, and presently is engaged in construction of the same type and nature within the Commonwealth of Massachusetts, including a project at Children's Hospital in Boston, in the Commonwealth of Massachusetts.


The Mountain States Law Group
COLORADO · MASSACHUSETTS · UTAH

Robert N. Meltzer
*Attorney At Law*

P.O. Box 1458
Framingham, MA 01701
508.872.7116
robmeltzer@aol.com

6. This forum is as convenient as any other, as no particular forum contains all parties, documents or witnesses in this case.

7. The Plaintiff and the Defendant entered into a contract on May 10, 2006, for certain construction work at the Mott Haven Substation in the Bronx, in the state of New York. ("the Project").

8. The Plaintiff performed its work for the Defendant in the form of contract work, as well as extras to the contract. The total contract price, including all additions to the contract, total $4,943,099.

9. Notwithstanding the Plaintiff's performance, the Defendant has not paid the Plaintiff for the Plaintiff's work.

10. The Plaintiff is owed $2,274,264.75.

## COUNT I

### BREACH OF CONTRACT

11. The Plaintiff restates paragraphs 1-10 and incorporates them herein by reference.

12. The Defendant's failure to pay the Plaintiff constitutes a breach of the contract between the Plaintiff and the Defendant.

13. As a result of the Defendant's breach, the Plaintiff has sustained the loss of its expectancy under the contract, and has sustained incidental and consequential damages foreseeable at the time of formation of the contract.

## COUNT II

### ACCOUNT STATED

14. The Plaintiff restates paragraphs 1-13 and incorporates them herein by reference.


The Mountain States Law Group

2

Robert N. Meltzer
*Attorney At Law*

P.O. Box 1459
Framingham, MA 01701
508-872-7116
robmeltzer@aol.com

15. The Defendant received the invoice of account stated herein without objection and otherwise promised to pay all obligations.

16. The Defendant has not paid The Plaintiff on its account.

17. The Defendant owes the Plaintiff on account stated.

WHEREFORE, The Plaintiff respectfully prays that this Honorable Court:

1. Enter judgment for the Plaintiff and against the Defendant on all counts;

2. That this court award the Plaintiff its expectancy damages pursuant to Count I together with interest;

3. That this court award the Plaintiff damages in its itemized account stated invoice in Count II together with any interest; and

4. Any further relief deemed just and appropriate by this Honorable Court.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Respectfully Submitted,
**The Plaintiff**

By its attorney,

_____

The Mountain States Law Group
Robert N. Meltzer, BBO #564745
PO Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Dated: March 6, 2007


The Mountain States Law Group

TOTAL P.27

**Exhibit "C"**

# NYS Department of State

## Division of Corporations

**Entity Information**

---

Selected Entity Name: BUILDERS RESOURCE, INC.

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | BUILDERS RESOURCE, INC. |
| **Initial DOS Filing Date:** | NOVEMBER 09, 2006 |
| **County:** | BRONX |
| **Jurisdiction:** | MASSACHUSETTS |
| **Entity Type:** | FOREIGN BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
BUILDERS RESOURCE, INC.
180 MAIN ST.
BLACKSTONE, MASSACHUSETTS, 01504-1539

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results                    New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

**Exhibit "D"**

## NOTICE UNDER MECHANIC'S LIEN LAW

To the Clerk of the County of the Bronx and all others whom it may concern:

**PLEASE TAKE NOTICE** that Coreslab Structures (CONN) Inc., as lienor has and claims a lien on the real property hereinafter described as follows:

(1) The name and residence of the lienor is Coreslab Structures (CONN) Inc., 1023 Waterbury Road, Thomaston, Connecticut, being a corporation of the State of Connecticut, whose business address is 1023 Waterbury Road, Thomaston, Connecticut and whose principal place of business is 1023 Waterbury Road, Thomaston, Connecticut.

(1-a) The name and address of lienor's attorney is Lindberg, McCormick, Estabrook & Cooper, P.C., 26 Broadway, Suite 2300, New York, New York 10004 (212) 742-1900.

(2) The owner of the real property is Consolidated Edison Company of New York, Inc., and the interest of the owner as far as known to the lienor is fee simple.

(3) The name of the person by whom the lienor was employed is D'Onofrio General Contractors Corp. The name of the person to whom the lienor furnished or is to furnish materials or for whom the lienor performed or is to perform professional services is D'Onofrio General Contractors Corp. The name of the person with whom the contract was made is D'Onofrio General Contractors Corp. The name of the person for whom professional services were rendered is N/A.

(4) The labor performed was installation of architectural and structural precast/prestressed concrete products. The material furnished was architectural and structural precast/prestressed concrete products. The materials actually manufactured for but not delivered to the real property are architectural and structural precast/prestressed concrete products. The agreed upon price and value of the labor performed and of the material furnished is $15,518,518.00. The agreed price and value of the material actually manufactured for but not delivered to the real property is $150,000.00. The agreed fee for professional services is $N/A. Total agreed price and value $15,668,518.00.

(5) The amount unpaid to the lienor for said labor performed and material furnished is $6,019,093.00. The amount unpaid to the lienor for material actually manufactured for but not delivered to the real property is $150,000.00.

Total amount unpaid $6,169,093.00.

(6) The time when the first item of work was performed was 10/14/05. The time when the first item of material was furnished was 12/28/05. The time when the last item of work was performed was 10/20/06. The time when the last item of material was furnished was 12/19/06.

(7) The property subject to the lien is situated in the County of the Bronx, City of New York, State of New York, and is known as Consolidated Edison Mott Haven Substation, 415 Bruckner Blvd., Block 2599, Lot 5.

Said labor and materials were performed and furnished for and used, and the professional services rendered were used, in the improvement of the real property hereinbefore described. Eight months have not

894474
AM

1

elapsed dating from the last item of work performed, or from the last items of materials furnished, or since the completion for the contract, or since the final performance of the work, or since the final furnishing of the materials for which this lien is claimed.

Dated: January 17, 2007

Scott M. Yaffe, agent

State of New York, County of New York  ss.:

Scott M. Yaffe, being duly sworn, says that deponent is the agent of the lienor herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is the agent of Coreslab Structures (CONN) Inc., which is a foreign corporation, and deponent is familiar with the facts and circumstances herein.

The sources of deponent's information and the grounds of deponent's belief as to all matters not therein stated upon deponent's knowledge are as follows: conversations with lienor's personnel and a review of lienor's books and records.

Scott M. Yaffe

Sworn to before me on
January 17, 2007

Notary Public

JOSEPH F. DONOHUE, JR.
Notary Public, State of New York
No. 31-4698434
Qualified in New York County
Commission Expires October 31, 2009

Lindabury, McCormick, Estabrook & Cooper, P.C.
*Attorneys for Lienor*
26 Broadway, Suite 2300
New York, New York 10004
(212) 742-3390

**Exhibit "E"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------x
ALF RENTAL COMPANY, INC.                          :
                                                  :   VERIFIED
                              Plaintiff,           :   COMPLAINT
                                                  :
                                                  :   Index No.
          -against-                               :
                                                  :
BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL        :
CONTRACTORS CORP., CONSOLIDATED EDISON OF         :
NEW YORK, INC., TERRA DINAMICA, LLC, CORESLAB     :
STRUCTURES and NICOLSON CONSTRUCTION CO.,         :
                              Defendants           :
-------------------------------------------------x

Plaintiff, ALF RENTAL COMPANY, INC., by its attorneys, BAHN, HERZFELD & MULTER, LLP, for its complaint, alleges as follows:

1.  Plaintiff, ALF RENTAL COMPANY, INC. ("ALF"), is and at all times hereinafter mentioned was, a corporation organized and existing pursuant to the laws of the State of New Jersey.

2.  Upon information and belief, defendant Builders Resource, Inc. ("Builders") is, and at all times hereinafter mentioned was, a corporation organized and exiting under the laws of the State of Rhode Island, doing business within the State of New York.

3.  Upon information and belief, defendant D'Onofrio General Contractors Corp. ("D'Onofrio"), is, and at all times hereinafter mentioned was, a corporation, organized under and existing pursuant to the laws of the State of New York.

4.  Upon information and belief, defendant Consolidated Edison of New York, Inc. ("Con Ed") is, and at all times hereinafter mentioned was, is the fee owner of premises known as Mott Haven Substation, located at 415 Bruckner Blvd., Bronx, NY, Bronx County, City and State of New York, Block 2599, Lot 5 (Exhibit A) (the

"Property").

5.   Upon information and belief, defendants Terra Dinamica, LLC, Coreslab Structures and Nicolson Construction Co. are parties claiming to have some interest in the Property by the filing of a Mechanic's Lien and/or a lis pendens in the Office of the Clerk of the County of the Bronx.

6.   Upon information and belief, D'Onofrio was the general contractor on a project for the improvement of the Property on behalf of Con Ed (the "Project").

7.   Upon information and belief, Builders was a subcontractor to D'Onofrio on the Project.

## FIRST CAUSE OF ACTION AGAINST BUILDERS

8.   On or about May 1, 2006, plaintiff and Builders entered into an agreement whereby plaintiff agreed to furnish certain hardwood crane mats to Builders for use in connection with the Project.

9.   The terms of the agreement were as set forth in the confirmation provided by plaintiff and provided to Builders, annexed as Exhibit B.

10.   Plaintiff's compensation was agreed to as set forth in the confirmation.

11.   Thereafter, plaintiff delivered the mats which were used in connection with the Project.

12.   Rental charges were paid by Builders pursuant to the agreement, but in or about June 1, 2006, Builders failed and refused to pay the monthly charges as they accrued.

13. Unpaid rental charges as of October 1, 2006 totaled $58,538.

14. Additional rental charges of $13,746.30 accrued through March 1, 2007 and continue to accrue at approximately $84 per diem.

15. In addition, in accordance with the parties' agreement, any mats which were not returned were to be paid for at a rate set forth in Exhibit B.

16. 12 mats were not returned and Builders has claimed it cannot locate them. Based upon the parties' agreement, there is due and owing an additional $17,200.

17. Pursuant to the parties' agreement, there is due and owing from Builders to plaintiff, the sum of $89,484.41.

### SECOND CASE OF ACTION AGAINST BUILDERS

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 17 of the complaint as if fully set forth herein.

19. Plaintiff invoiced Builders for the periodic rentals in the total amount of $72,284.41 to date.

20. Builders made no complaint with respect to the amount of the invoices.

21. By reason of the foregoing, there is an account stated and there is due and owing from Builders to plaintiff the sum of $72,284.41.

### THIRD CAUSE OF ACTION AGAINST BUILDERS

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 of the complaint as if fully

3

set forth herein.

23. The amounts set forth above are a fair and reasonable value for the materials supplied by the Plaintiff.

24. By reason of the foregoing, there is due and owing from Builders to plaintiff the sum of $89,484.41.

FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of the complaint as if fully set forth herein.

26. On or about October 5, 2006 and March 5, 2007, each within eight (8) months after the last items of work and materials were furnished to the premises, plaintiff filed Notices of Lien in writing in the Office of the Clerk of the County of Bronx against the Property in the respective amounts of $58,538.11 and $18,611, for an aggregate of $77,149.11 (Exhibit C).

27. Said Notices contained all of the information required by the appropriate sections of the N.Y. Lien Law.

28. Said Liens have not been paid, cancelled or discharged of record, and no other proceeding has heretofore been brought in law or in equity to recover the amount claimed therein.

WHEREFORE, Plaintiff demands judgment as follows:

(1) On the first and third causes of action against BUILDERS, for the sum of $89,484.41, with interest thereon from the June 1, 2006;

(2) On the second cause of action against BUILDERS, for the sum of $72,284.41, with interest thereon from the June 1, 2006;

4

(3) On the fourth cause of action against Defendants, adjudging and determining that the Notices of Lien filed by Plaintiff are good, valid and subsisting liens in the total amount of $77,149.11 against the interest of the Defendants in the real property above described;

(4) That the Defendants and all persons claiming under them or either of them or any of them subsequent to the filing of the Notice of Pendency in this action in the office of the Clerk of the County of the Bronx in which said real property is situate, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, filed, or docketed, be forever barred and foreclosed of all right, claim, lien, and equity of redemption in said real property or any part thereof;

(5) That the interest of the Defendants as of the date of filing of said Notices of Lien may be decreed to be sold according to law:

(6) That the moneys arising from said sale may be brought into court;

(7) That Plaintiff may be paid therefrom the amount adjudged to be due to the Plaintiff, with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of such sale, so far as the amount of such money properly applicable thereto will pay the same;

(8) That Builders may be adjudged to pay any deficiency which may remain after applying all of such moneys so applicable thereto;

(9) That, in case it be determined and adjudged that Plaintiff

does not have a valid and subsisting lien upon said real property, the Plaintiff may have a personal judgment against Builders for the sum of $89,484.41 with interest thereon from the June 1, 2006; and

(10) That Plaintiff have such other and further relief, or both, as shall be equitable, just and proper.

Dated:  New York, New York
        March 14, 2007

                          BAHN, HERZFELD & MULTER, LLP
                          Attorneys for Plaintiff


                          By: RICHARD L. HERZFELD
                          555 Fifth Avenue
                          New York, N.Y.  10017
                          (212) 818-9019

6

## VERIFICATION

STATE OF NEW YORK:

                s.s.:

COUNTY OF NEW YORK:

    RICHARD L. HERZFELD, being duly sworn, deposes and says:

    I am the attorney for plaintiff in this action and the foregoing complaint is true to my own knowledge, except as to matters therein stated on information and belief and as to those matters I believe to be true; the grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by plaintiff and interviews with officers and employees of plaintiff; and the reason why the verification is not made by plaintiff is that the plaintiff is not in the county where I maintain my office.

                                                          _____

                                                   RICHARD L. HERZFELD

Sworn to before me this

14th day of March, 2007

_____

Notary Public

ANDREW JAY MULTER
Notary Public, State of New York
No. 02MU5066724
Qualified in New York County
Commission Expires 09/30/20 10

EXHIBIT A

**HARVEY-GEARY ASSOCIATES, INC.**
**387 Sixth Avenue**
**Brooklyn, New York 11215**

(718)768-3500.                                    Fax: (718)768-2550

### SCHEDULE "A"

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of The Bronx, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northwesterly side of Bruckner Boulevard with the southerly side of East 144th Street;

RUNNING THENCE westerly along the southerly side of East 144th Street, 360.45 feet to a point;

RUNNING THENCE southerly along a line forming an angle of 90 degrees 17 minutes 00 seconds on the southwest with the southerly side of East 144th Street, part of the distance through a party wall, 37.56 feet to a point;

RUNNING THENCE easterly at right angles to the last mentioned course, part of the distance through a party wall, 14.67 feet to a point;

RUNNING THENCE southerly at right angles to the last mentioned course, part of a distance through a party wall, 220.07 feet to a point;

RUNNING THENCE westerly at right angles to the last mentioned course, part of a distance through a party wall, 30.00 feet to a point;

RUNNING THENCE southerly at right angles to the last mentioned course, part of a distance through a party wall, 1.16 feet to a point;

RUNNING THENCE westerly at right angles to the last mentioned course, 259.55 feet to the easterly side of Southern Boulevard;

RUNNING THENCE southerly along the easterly side of Southern Boulevard, 378.19 feet to the land now or formerly of New York and Harlem Rail Road;

RUNNING THENCE southeasterly along the land now or formerly of New York and Harlem Rail Road along a line forming an angle of 122 degrees 41 minutes 38 seconds on the northeast with the easterly side of Southern Boulevard, 138.78 feet to the northwesterly side of Bruckner Boulevard;

## HARVEY-GEARY ASSOCIATES, INC.
### 387 Sixth Avenue
### Brooklyn, New York 11215

(718)768-3500                                    Fax: (718)768-2550

SCHEDULE "A" (continued)

RUNNING THENCE northeasterly along the northwesterly side of Bruckner Boulevard, along a curve bearing to the left having a radius of 1000 feet an arc length of 362.88 feet to a point of tangency;

RUNNING THENCE northeasterly along the northwesterly side of Bruckner Boulevard, 521.94 feet to the corner the point or place of BEGINNING.

EXHIBIT B

**ALF RENTAL COMPANY INC.**
122 W. Sheffield Avenue
Englewood, New Jersey 07631
(201) 871-8888 • Fax (201) 871-9888

## EQUIPMENT
## RENTAL AGREEMENT

BUILDERS RESOURCE INC.
101 Nasonville Road
Nasonville, RI 02830

Tel.#401-762-0262
Fax#401-762-0312

Attention:  Steve Allard (Cell#401-623-6135)

WE PROPOSE to rent you the following equipment subject to terms and conditions hereinafter stated:
Seventy Eight (78) Hardwood Crane Mats:  (50) 24'x4'x1', (20) 26'x4'x1' & (8) 30'x4'x1'.
If rented equipment is not returned or returned in a damaged condition, you are responsible for the amount of
$1,300.00 per 24' Mat, $1,450 per 26' Mat & $1,700 per 30' Mat.

RENTAL is to be at the rate of $6.00 per 24' Mat/Day, $7.50 per 26' Mat/Day & $9.00 per 30' Mat/Day from the date of delivery
until equipment is returned to us.  Rental rate based on (7) day work week with a minimum of a (7) day rental.

TERMS: NET 30 DAYS FOB OUR YARD.

DELIVERY of equipment is to be made to you on:  Rental on all Mats began on May 1, 2006 (Mats held for this job), for use at
Mott Haven (Bronx).
    ALL TRANSPORTATION CHARGES from point of delivery to destination and return charges to point of delivery are to be
paid by you.  Loading Charge of $150 per trailer and an Unloading Charge of $150 per trailer in our yard.

    YOU ARE TO ASSUME full responsibility for equipment during rental period, and are to return it to us in as good condition as
received less wear incident to normal use.  An $80 per Unit cleaning and/or maintenance charge will be incurred if the item is returned
to us with debris (dirt, garbage, steel, etc.).  If wood dunnage (spacers) are not returned, a charge of $6.00 per unit will be incurred.

    WE ASSUME NO LIABILITY for loss or damage on account of accidents, delays due to defective material or delays in the
delivery or removal of equipment.
    YOU REPRESENT THAT YOU ARE FULLY RESPONSIBLE with proper methods for installation, use and maintenance of
the equipment.  You are solely responsible for its installation, use and maintenance and agree to do so in a proper and safe manner.
    YOU SHALL INDEMNIFY US AND HOLD US HARMLESS against all losses, claims, suits, damages, expenses and/or
penalties, including attorney's fees, arising out of any matter concerning the equipment occurring during the rental period or while the
equipment is otherwise in your possession, including but not limited to claims of personal injury or property damage.
    YOU SHALL SECURE general liability insurance policy, naming us as a coinsured, to afford protection with limits, for each
occurrence, of not less than Two Million Dollars ($2,000,000.00) with respect to personal injury and death, and Five Hundred
Thousand Dollars ($500,000.00) with respect to property damage.

    WE RESERVE THE RIGHT, if rental is in default under the terms of this agreement, or if in our opinion equipment is being
damaged in excess of ordinary wear and tear, to take possession of our property at once.

    ENTIRE AGREEMENT. This agreement sets forth the entire agreement and understanding between the parties on the subject
matter thereof, and merges all prior discussions and negotiations between them. Neither of the parties shall be bound by any
conditions, definitions, representatives or warranties with respect to the subject matter of this agreement other than as expressly
provided herein or as duly set forth on or subsequent to the date hereof in a writing signed by a duly authorized representative of the
party to be bound thereby.

    ATTORNEYS FEES. In the event of a breach of this agreement, the injured party shall be entitled to recover reasonable
attorneys' fees and costs of collection.

NOTICE: - If shipment of this equipment is ordered by Lessee who neglects to return this contract signed, it shall be considered as in
full effect when such shipment is made.
NOTE: Please sign copy of  this contract & return to,  ALF RENTAL COMPANY, INC.

By: _____

VICE PRESIDENT

## ACCEPTANCE

Accepted this, on the 1st. day of May, 2006.
    Accepted by (Builders Resource Inc.):

_____
Signature

_____
Print Name

_____
Title

EXHIBIT C

107 – Notice of mechanic's lien, affidavit of service, individual, partnership or corporation, New York City-to be filed with County Clerk. Lien Law, § et seq. 9-96

BlumbergExcelsior, Publisher, NYC 10013
www.blumberg.com

## NOTICE OF MECHANIC'S LIEN

To the Clerk of the County of Bronx                                and all others whom it may concern:

**Please Take Notice,** that ALF Rental Company, Inc.

                                   as lienor(s) have and claim a lien on the real property hereinafter described as follows:

(1) The names and residences of the lienor(s) are
ALF Rental Company, Inc.

being a (partnership)■(corporation) composed of 3 shareholders

whose business address is at 122 W. Sheffield Avenue, Englewood, NJ 07631
and whose principal place of business is at same

(1a) The name and address of lienor's attorney, if any Bahn Herzfeld & Multer, LLP
555 Fifth Avenue, NY NY 10017
(2) The owner of the real property is Consolidated Edison Co. of NY, Inc.
and the interest of the owner as far as known to the lienor(s) is fee
(3) The name of the person by whom the lienor(s) was (were) employed is Builders Resource, Inc.
The name of the person to whom the lienor(s) furnished or is (are) to furnish material or for whom the lienor(s)
performed or is (are) to perform professional services is Builders Resource Inc.
The name of the person with whom the contract was made is Builders Resource
The labor performed was

The material furnished was timber mats to support cranes

The materials actually manufactured for but not delivered to the real property are

The agreed price and value of the labor performed is $
The agreed price and value of the material furnished is $
The agreed price and value of the material actually mfd. for but not delivered to the real prop. is $
                                   Total agreed price and value    $
(5) The amount unpaid to the lienor(s) for said labor performed is $
The amount unpaid to the lienor(s) for said material finished is $ 58,538 to 10/1/06
The amount unpaid to lienor(s) for material actually mfd. for but not delivered to the real prop. is $
                                   Total amount unpaid    $
The total amount claimed for which this lien is filed is $58,538
(6) The time when the first item of work was performed was
The time when the first item of material was furnished was 5/9/06
The time when the last item of work was performed was
The time when the last item of material was furnished was open
(7) The property subject to the lien is situated in the Borough of Bronx          County of Bronx
City of New York, on the          side of                              feet and
          inches          of                    , being          feet
and          inches wide, front and rear by          feet and          inches deep on each side,
and known as Number 415 Bruckner Blvd., Bronx, NY, Lot 5, Block 2599

That said labor and materials were performed and furnished for and used in the improvement of the real property
hereinbefore described. That 8 months (4 months if a single family dwelling) have not elapsed dating from the last item of work
performed, or from the last items of materials furnished, or since the completion of the contract, or since the final performance
of the work, or since the final furnishing of the materials for which this lien is claimed.

Dated 10/5/05 06

                                   _Robert L. Gerosa_
                                   The name signed must be printed beneath
                                   Robert L. Gerosa, Jr.

Verification

STATE OF NEW YORK, COUNTY OF        ss.:        INDIVIDUAL OR PARTNER

being duly sworn, says that deponent is (one of the co-partnership named in the within notice of lien and) the lienor(s) mentioned in the foregoing notice of lien; that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

Sworn to before me on ......................................................................................................

STATE OF NEW YORK, ~~YORK~~ *Jersey* COUNTY OF *Bergen*      ss.:        CORPORATION

     Robert L. Gerosa, Jr.      *VICE PRESIDENT*     of ALF Rental Company, Inc.    being duly sworn, says that deponent is the ~~President~~ *VICE PRESIDENT* of ALF Rental Company, Inc. herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is an officer, to wit, the ~~President~~ *VICE PRESIDENT* of Alf Rental Co, Inc. which is a New Jersey      corporation, and deponent is familiar with the facts and circumstances herein.

     The sources of deponent's information and the grounds of deponent's belief as to all matters not therein stated upon deponent's knowledge are as follows: personal knowledge and books and records

Sworn to before me on *10-12-06*      *Bonnie P. Jackson*

OFFICIAL SEAL
**BONNIE P. JACKSON**
NOTARY PUBLIC-NEW JERSEY
My Commission Expires Oct. 28, 2008

Editor's note: Notice of Mechanic's Lien may be filed at any time during progress of the work and the furnishing of the materials, or, within eight months (four months if a single family dwelling) after the completion of the contract, or the final performance of the work, or the final furnishing of the materials. The Notice of Mechanic's Lien must be filed in the Clerk's office of the county where the property is situated. If such property is situated in two or more counties, file the Notice of Mechanic's Lien in the office of the Clerk of each county. See Lien Law §10.

'17 10:08a    Richard L. Herzfeld        212-986-5316            p.2



167 - Notice of mechanic's lien, affidavits of service, individual, partnership or corporation, New York City to be filed with County Clerk. Lien Law, 3 et seq. 9-96

Blumberg Excelsior, Publisher, NYC 10013
www.blumberg.com

## NOTICE OF MECHANIC'S LIEN

To the Clerk of the County of Bronx                                    and all others whom it may concern:

**Please Take Notice,** that ALF Rental Company, Inc.

as lienor(s) have and claim a lien on the real property hereinafter described as follows:

(1) The names and residences of the lienor(s) are
ALF Rental Company, Inc.

being a (partnership) ☒ (corporation) composed of 3 shareholders

whose business address is at 122 W. Sheffield Avenue, Englewood, NJ 07631
and whose principal place of business is at   same

(1a) The name and address of lienor's attorney, if any Bahn Herzfeld & Multer, LLP
555 Fifth Avenue, NY NY 10017

(2) The owner of the real property is Consolidated Edison Co. of NY, Inc.
and the interest of the owner as far as known to the lienor(s) is fee

(3) The name of the person by whom the lienor(s) was (were) employed is Builders Resource, Inc.
The name of the person to whom the lienor(s) furnished or is (are) to furnish material or for whom the lienor(s)
performed or is (are) to perform professional services is Builders Resource Inc.
The name of the person with whom the contract was made is Builders Resource
The labor performed was

The material furnished was timber mats to support cranes

The materials actually manufactured for but not delivered to the real property are

The agreed price and value of the labor performed is $
The agreed price and value of the material furnished is $
The agreed price and value of the material actually mfd. for but not delivered to the real prop. is $
                                                    Total agreed price and value    $

(5) The amount unpaid to the lienor(s) for said labor performed is $
The amount unpaid to the lienor(s) for said material furnished is $   18,611
The amount unpaid to lienor(s) for material actually mfd. for but not delivered to the real prop. is $
                                                    Total amount unpaid    $

The total amount claimed for which this lien is filed is $! 18,611

(6) The time when the first item of work was performed was
The time when the first item of material was furnished was  10/1/06
The time when the last item of work was performed was
The time when the last item of material was furnished was  10/16/06

(7) The property subject to the lien is situated in the Borough of Bronx          County of Bronx
City of New York, on the            side of                                   feet and
            inches        of                          , being            feet
and        inches wide, front and rear by            feet and            inches deep on each side,
and known as Number 415 Bruckner Blvd., Bronx, NY    Lot 5, block 2599

That said labor and materials were performed and furnished for and used in the improvement of the real property
hereinbefore described. That 8 months (4 months if a single family dwelling) have not elapsed dating from the last item of work
performed, or from the last items of materials furnished, or since the completion of the contract, or since the final performance
of the work, or since the final furnishing of the materials for which this lien is claimed.

Dated : 3/1/07

_Robert L. Gerosa, Jr._

The name signed must be printed beneath
Robert L. Gerosa, Jr.

2007 MAR -5  AM 10: 21
COUNTY CLERK
BRONX COUNTY
DOCKET DEPARTMENT

FILED

17 10:08a    Richard L. Herzfeld          212-986-5316             p.3

## Verification

STATE OF NEW YORK, COUNTY OF                          ss.:          INDIVIDUAL OR PARTNER

                                                              being duly sworn, says
that deponent is (one of the co-partnership named in the within notice of lien and) the lienor(s) mentioned in the foregoing
notice of lien; that deponent has read the said notice and knows the contents thereof, and that the same is true to deponent's own
knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent
believes it to be true.

Sworn to before me on   *1st March 2007*

---

STATE OF NEW JERSEY    COUNTY OF BERGEN:               CORPORATION

     Robert L. Gerosa, Jr.                             being duly sworn, says
that deponent is the _ _ _ _ _  Vice President       of ALF Rental Company, Inc.
herein, that deponent has read the foregoing notice of lien and knows the contents thereof, and that the same is true to
deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to
those matters deponent believes it to be true. The reason why this verification is made by deponent is that deponent is an officer,
to wit, the _ _ _ _ _  Vice President                of Alf Rental Co, Inc.
which is a New Jersey                        corporation, and deponent is familiar with the facts and circumstances herein.
     The sources of deponent's information and the grounds of deponent's belief as to all matters not therein stated upon
deponent's knowledge are as follows:
personal knowledge and books and records

Sworn to before me on   *1st*                    *Robert L. Gerosa Jr.*

*March 2007*

*Bonnie P. Jackson*

               OFFICIAL SEAL
           BONNIE P. JACKSON
         NOTARY PUBLIC-NEW JERSEY
       My Commission Expires Oct. 28, 2008

---

Editor's note: Notice of Mechanic's Lien may be filed at any time during progress of the work and the furnishing of the materials,
or, within eight months (four months if a single family dwelling) after the completion of the contract, or the final performance of
the work, or the final furnishing of the materials, The Notice of Mechanic's Lien must be filed in the Clerk's office of the county
where the property is situated. If such property is situated in two or more counties, file the Notice of Mechanic's Lien in the office
of the Clerk of each county. See Lien Law §10.