```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
ALF RENTAL COMPANY, INC.,

                        Plaintiff,

        -against-                                    07 Civ. 3148 (LAK)

BUILDERS RESOURCE, INC., et al.,

                        Defendants.
------------------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/07

## ORDER

LEWIS A. KAPLAN, *District Judge.*

This action arises out of a construction project in the Bronx.

*Facts*

*The Mott Haven Substation Project*

In late 2005 or early 2006, defendant Consolidated Edison of New York, Inc. ("Con Ed") contracted with defendant D'Onofrio General Contractors Corp. ("D'Onofrio"), as general contractor, to perform certain work on the Mott Haven Substation Project in the Bronx. D'Onofrio subcontracted some of the pre-cast concrete work to defendant Coreslab Structures ("Coreslab"), which in turn subcontracted part of the pre-cast concrete erection work to defendant Builders Resource, Inc. ("BRI"). D'Onofrio engaged plaintiff Alf Rental Company, Inc. ("Alf") to furnish certain hardwood crane mats.

*The Massachusetts Action*

In March 2007, BRI sued Coreslab in the District of Massachusetts on claims of breach of contract and account stated. Coreslab has moved to dismiss that action for lack of personal and subject matter jurisdiction and improper venue or, alternatively, to transfer it to this Court pursuant to 28 U.S.C. § 1404(a). That motion is pending.

*The Present Action*

Subsequently, plaintiff filed this action against BRI, D'Onofrio, Con Ed, Terra Dinamica, LLC, Coresland and Nicolson Construction Co. in New York Supreme Court, Bronx County, to foreclose mechanics' liens totaling approximately $77,000. The action was removed on April 19, 2007 and the removal sustained. DI 42. In the meantime, an array of cross-claims and third-party claims was filed.

The matter now is before the Court on (1) a motion by BRI and third-party defendant Steven Allard to dismiss Coreslab's cross-claims and third-party complaint, respectively, and (2) a separate motion by Allard to dismiss Coreslab's third-party complaint against him. The BRI-Allard motion argues that the Coreslab cross-claims against it should be dismissed because they are compulsory counterclaims in the Massachusetts action and that the third-party complaint against Allard should be dismissed for lack of personal jurisdiction. Allard's separate motion seeks dismissal as to him for lack of personal jurisdiction and on the ground that the allegations against him "best belong" in the Massachusetts action. Why two motions were filed on behalf of Allard is something of a mystery.

*Discussion*

*The BRI-Allard Motion*

The long and the short of all this is that these motions, save Allard's attack on personal jurisdiction, are premature. BRI sued Coreslab in Massachusetts. Coreslab has moved to dismiss that action or, alternatively, to transfer it to this district. No useful purpose would be served by spending time deciding whether Coreslab's cross-claims should have been asserted as counterclaims in the Massachusetts action. If the Massachusetts case is dismissed, there would be no reason why they should not be asserted here. If it is not dismissed but transferred here, the entire debate would be academic. And if the Massachusetts case survives the motion to dismiss and remains in that district, the matter would appear in an entirely different light.

*The Allard Jurisdiction Motions*

Coreslab's claim against Allard in substance is that Allard induced Coreslab to pay a great deal of money to BRI by falsely representing that BRI had paid its sub-subcontractors, equipment suppliers and materialmen when in fact that was not so.[1] Allard seeks a jurisdictional

---

[1] Allard contends that the claim is not properly asserted as a third-party complaint. Coreslab has declined to litigate that issue and represented that it will amend its pleadings to assert

dismissal on the basis of a scanty affidavit that asserts only that he resides in Rhode Island, does not have a place of business in New York, and is not an officer of BRI.

A party seeking the benefit of the New York long-arm statute must allege facts that, if true, would be sufficient to demonstrate that the non-resident defendant comes within the statute. The third-party complaint against Allard does not sufficiently do so. At the same time, Allard's affidavit most assuredly does not foreclose the possibility that an amended pleading could make the requisite allegations.

*Conclusion*

For the foregoing reasons:

1.  The motion of defendants BRI and Allard to dismiss Coreslab's cross-claims and third party complaint [docket item 46] is granted to the extent that the third-party complaint against Allard is dismissed for failure to allege facts sufficient to establish personal jurisdiction without prejudice to Coreslab filing an amended answer, on or before November 8, 2007, asserting against Allard by way of cross-claim whatever claims it thinks it has against him.

2.  The motion of third-party defendant Steven Allard to dismiss Coreslab's third-party complaint [docket item 49] is denied as moot.

3.  The action is stayed and transferred to the suspense docket pending further order of the Court. The parties shall notify the Court of any decision in the District of Massachusetts on the pending motion.

SO ORDERED.

Dated:    October 25, 2007

_____
Lewis A. Kaplan
United States District Judge

---

the claim as a cross-claim. That will be sufficient, and there is no need for the Court to address the cross-claim/third-party complaint dispute further.