FILED ELECTRONICALLY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
ALF RENTAL COMPANY, INC.,                                      :

               Plaintiff,                  :  Docket No.
                                                       07 CV 3148 (LAK)

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL:    AMENDED ANSWER TO
CONTRACTORS CORP.,CONSOLIDATED EDISON          CROSS-CLAIMS OF
OF NEW YORK, INC., TERRA DINAMICA, LLC,    :   DEFENDANT
CORESLAB STRUCTURES, and NICHOLSON              <u>CORESLAB STRUCTURES</u>
CONSTRUCTION CO.,                          :

               Defendants.                 :
---------------------------------------------------------------X
BUILDERS RESOURCE, INC.,                                       :

               Third-Party Plaintiff,      :

   -against-                                                  :

BAY CRANE SERVICE, INC.,                                       :

               Third-Party Defendant.      :
---------------------------------------------------------------X

Defendant, D'Onofrio General Contractors Corp. (hereafter "D'Onofrio"), by its attorneys, Treacy, Schaffel, Moore & Mueller, answers the Amended Answer, Counterclaim and Cross-Claims of co-defendant, Coreslab Structures (Conn.), Inc., sued herein as Coreslab Structures (hereafter "Coreslab"), as follows:

<u>ANSWERING THE FIRST CROSS-CLAIM</u>

1. Repeats and realleges each and every admission, denial or other averment stated and contained in D'Onofrio's Answer to paragraphs "1" through "6" of the

Complaint as if the same were set forth fully and in their entirety herein, in response to paragraph "12" of the First Cross-Claim.

2. Admits the allegations stated and contained in paragraph "13" of the First Cross-Claim and respectively refers the Court to the Contract between the parties for all its terms and conditions, as if the same were set forth fully and in their entirety herein, as same will be produced upon the trial of this action.

3. Denies the allegations stated and contained in paragraph "14" of the First Cross-Claim.

4. Admits the allegations stated and contained in paragraph "15" of the First Cross-Claim.

5. Admits that BRI was directed to perform extra and additional work, and further admits that BRI has asserted it was required to perform certain other extra and additional work and, except as specifically admitted, denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraph "16" of the First Cross-Claim.

6. Denies each and every allegation stated and contained in paragraphs "17" and "18" of the First Cross-Claim.

7. Admits that as of the date of the First Cross-Claim, D'Onofrio had paid Coreslab the sum of $9,499,425.00, as alleged in paragraph "19" of the First Cross-Claim, but avers that D'Onofrio has made additional payments since that time.

8. Denies each and every allegation stated and contained in paragraph "20" of

the First Cross-Claim.

9. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraph "21" of the First Cross-Claim, and leaves defendant to its proofs therein.

10. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraphs "22" and "23" of the First Cross-Claim, except as the same may appear as of the public record, and leaves defendant to its proofs therein.

11. Denies each and every allegation stated and contained in paragraph "24" of the First Cross-Claim, and specifically avers that said lien has been satisfied and discharged as of record.

## ANSWERING THE SECOND CROSS-CLAIM

12. Denies the allegations stated and contained in paragraphs "25", "26", "27" and "28" of the Second Cross-Claim and respectfully refers the Court to the Contract between the parties for all its terms and conditions as if the same were set forth fully and in their entirety herein, as same will be provided upon the trial of this action.

13. Denies the allegations stated and contained in paragraphs "29", "30" and "31" of the Second Cross-Claim.

## ANSWERING THE THIRD CROSS-CLAIM

14. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraphs "32", "33", "34",

"35", "36", "37" and "38" of the Third-Cross Claim, and leaves defendant Coreslab to its proofs therein. In addition, D'Onofrio avers that the allegations stated and contained in those paragraphs are not directed to this answering defendant and therefore no further response is needed.

## ANSWERING THE FOURTH CROSS-CLAIM

15. D'Onofrio repeats and realleges each and every admission, denial and other averment stated and contained in paragraphs "1" through "14" of the within Amended Answer to Cross-Claims as if the same were set forth fully and in their entirety herein, in response to paragraph "39" of the Fourth Cross-Claim.

16. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated and contained in paragraphs "40", "41", "42" and "43" of the Fourth Cross-Claim, and leaves defendant Coreslab to its proofs therein. In addition, D'Onofrio avers that the allegations stated and contained in those paragraphs are not directed to this answering defendant and therefore no further response is necessary.

## ANSWERING THE FIFTH CROSS-CLAIM

17. D'Onofrio repeats and realleges each and every admission, denial and other averment stated and contained in paragraphs "1" through "16" of the within Amended Answer to Cross-Claims as if the same were set forth fully and in their entirety herein, in response to paragraph "44" of the Fifth Cross-Claim.

18. Denies having knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations stated and contained in paragraphs "45", "46", "47", "48", "49", "50", "51" and "52" of the Fifth Cross-Claim, and leaves defendant Coreslab to its proofs therein. In addition, D'Onofrio avers that the allegations stated and contained in those paragraphs are not directed to this answering defendant and therefore no further response is necessary.

### FIRST AFFIRMATIVE DEFENSE

19. Defendant Coreslab fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

20. Any damages suffered by Coreslab is the result of its own culpable conduct, or the conduct of others for which defendant D'Onofrio is not liable.

### THIRD AFFIRMATIVE DEFENSE

21. On or about November 14, 2007, a Satisfaction of the Mechics' Lien of Coreslab was filed with the Clerk of the County of Bronx, satisfying and discharging the lien claimed by Coreslab as of record.

22. By virtue of the above, the lien foreclosure cause of action asserted by Coreslab herein may not be maintained.

### FOURTH AFFIRMATIVE DEFENSE

23. D'Onofrio repeats and realleges each and every admission, denial, other averment, affirmative defense and cross-claim stated and contained in D'Onofrio's Answer to the Complaint of plaintiff ALF herein as if the same were set forth fully and

in their entirety herein.

WHEREFORE, defendant D'Onofrio demands judgment against Coreslab:

1.) Dismissing Coreslab's Cross-Claims in their entirety;

2.) Judgment against Coreslab on the Cross-Claims set forth by D'Onofrio in its Answer to the Complaint of plaintiff;

3.) For the costs and disbursements of this action; and

4.) For such other, further and different relief as to the court may be just and proper in the premises.

Dated: November 20, 2007

TREACY, SCHAFFEL, MOORE & MUELLER

By: _____
Gary J. Mueller (GM 1858)
Attorneys for Defendant,
D'Onofrio General Contractors Corp.
Office and P. O. Address
111 Broadway - Suite 402
New York, New York 10006
(212) 227-8150

TO: Bahn, Herzfeld & Mutler, LLP
Attorneys for Plaintiff,
Alf Rental Company, Inc.
555 Fifth Avenue
New York, New York 10017
Attention: Richard L. Herzfeld, Esq.

Lambert & Weiss
Attorneys for Defendant and
Third-Party Plaintiff,
Builders Resource, Inc. and
Third-Party Defendant,
Steven Allard
61 Broadway
Suite 2020
New York, New York 10006

Attention: Stephen H. Marcus, Esq.

Richard J. Giglio, Esq.
Attorney for Defendant,
Consolidated Edison Company
4 Irving Place
New York, New York 10003

Leonard J. Catanzaro, Esq.
Attorney for Defendant
Terra Dinamica
434 Broadway
New York, New York 10013

Lindabury, McCormick, Estabrook & Cooper, P. C.
Attorneys for Defendant
Coreslab Structures
26 Broadway
New York, New York 10004

Birnbaum & Birnbaum
Attorney for Third-Party Defendant
Bay Crane Service, Inc.
2 Birchwood Court
Mineola, New York 11501