UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ALF RENTAL COMPANY, INC.,

                        Plaintiff,

    -against-

BUILDERS RESOURCE, INC., D'ONOFRIO GENERAL
CONTRACTORS CORP., CONSOLIDATED EDISON
OF NEW YORK, INC., TERRA DINAMICA, LLC,
CORESLAB STRUCTURES, and NICOLSON
CONSTRUCTION CO.,

                        Defendants.
-------------------------------------------------------------------X

BUILDERS RESOURCE, INC.,

                        Third-Party Plaintiff,

    -against-

BAY CRANE SERVICE INC.,

                        Third-Party Defendant.
-------------------------------------------------------------------X

Docket No.: 07 CV 3148 (LAK)

**AMENDED ANSWER TO CROSS-
CLAIMS AND CROSS-CLAIMS
AGAINST CSCI AND JURY
DEMAND**

    DEFENDANT BUILDERS RESOURCE, INC. ("BRI") and CROSS-CLAIM

DEFENDANT STEVE ALLARD, as and for their amended answer to the cross-claims

interposed by defendant Coreslab Structures (Conn.) Inc. ("CSCI") in its amended answer, by

their attorneys Lambert & Weiss, respectfully allege upon information and belief as follows:

### IN ANSWER TO THE FIRST CROSS-CLAIM

    1.    Repeat and reallege each and every admission, denial or other averment stated

and contained in BRI's answer to the Complaint as if the same were set forth fully and in their

entirety herein, in response to paragraph "12" of the first cross-claim.

2.      Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "13" of CSCI's amended answer, although the answering defendants believe that Coreslab was a subcontractor of D'Onofrio.

3.      Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "14" of CSCI's amended answer.

4.      Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "15" of CSCI's amended answer.

5.      Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "16" of CSCI's amended answer, although these answering defendants allege that BRI was directed by CSCI to do extra work in connection with its agreement with CSCI reflected in, among other things,  a written change order, or change orders.

6.      Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "17" of CSCI's amended answer.

7.      Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "18" of CSCI's amended answer.

8.      Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "19" of CSCI's amended answer.

9.      Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "20" of CSCI's amended answer.

10.      Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "21" of CSCI's amended answer, although

these answering defendants allege upon information and belief that its work was performed and furnished with the knowledge and consent of defendant Consolidated Edison of New York, Inc.

11.    Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "22" of CSCI's amended answer.

12.    Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "23" of CSCI's amended answer.

13.    Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "24" of CSCI's amended answer.

## IN ANSWER TO THE SECOND CROSS-CLAIM AGAINST D'ONOFRIO

14.    Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "25" of CSCI's amended answer.

15.    Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "26" of CSCI's amended answer.

16.    Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "27" of CSCI's amended answer.

17.    Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "28" of CSCI's amended answer.

18.    Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "29" of CSCI's amended answer.

19.    Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "30" of CSCI's amended answer.

20.    Deny having knowledge or information sufficient to form a belief as to the truth thereof of the allegations contained in paragraph "31" of CSCI's amended answer.

## IN ANSWER TO THE THIRD
## CROSS-CLAIM AGAINST BRI

21.    Deny the allegations contained in paragraph "32" of CSCI's amended answer, except allege that there was a certain agreement between CSCI and BRI pursuant to which BRI did work at the Mott Haven project.

22.    Deny the allegations contained in paragraph "33" of CSCI's amended answer, except these answering defendants allege that BRI engaged certain third-parties with respect to BRI's work at the Mott Haven project.

23.    Deny the allegations contained in paragraph "34" of CSCI's amended answer.

24.    Deny the allegations contained in paragraph "35" of CSCI's amended answer, and refer to the BRI-CSCI agreement for all of its terms and provisions.

25.    Deny the allegations contained in paragraph "36" of CSCI's amended answer, except allege that certain claims have been made against BRI in connection with the Mott Haven project, and that certain claims were also resolved.

26.    Deny the allegations contained in paragraph "37" of CSCI's amended answer.

27.    Deny the allegations contained in paragraph "38" of CSCI's amended answer.

## IN ANSWER TO THE FOURTH
## CROSS-CLAIM AGAINST BRI

28.    In response to paragraph "39" of CSCI's amended answer, these answering defendants repeat and reallege each and every responsive allegation to paragraphs "12" through "38" of CSCI's amended answer, as though fully set forth at length herein.

29.    Deny the allegations contained in paragraph "40" of CSCI's amended answer.

30.    Deny the allegations contained in paragraph "41" of CSCI's amended answer.

31.    Deny the allegations contained in paragraph "42" of CSCI's amended answer.

32.     Deny the allegations contained in paragraph "43" of CSCI's amended answer.

## IN ANSWER TO THE FIFTH
## CROSS-CLAIM AGAINST BRI

33.     In response to paragraph "44" of CSCI's amended answer, these answering defendants repeat and reallege each and every responsive allegation to paragraphs "12" through "43" inclusive of CSCI's amended answer as though fully set forth at length herein.

34.     Deny the allegations contained in paragraph "45" of CSCI's amended answer.

35.     Deny the allegations contained in paragraph "46" of CSCI's amended answer.

36.     Deny the allegations contained in paragraph "47" of CSCI's amended answer.

37.     Deny the allegations contained in paragraph "48" of CSCI's amended answer.

38.     Deny the allegations contained in paragraph "49" of CSCI's amended answer.

39.     Deny the allegations contained in paragraph "50" of CSCI's amended answer.

40.     Deny the allegations contained in paragraph "51" of CSCI's amended answer.

41.     Deny the allegations contained in paragraph "52" of CSCI's amended answer.

## IN ANSWER TO THE SIXTH
## CROSS-CLAIM AGAINST STEVE ALLARD

42.     Deny the allegations contained in paragraph "53" of CSCI's amended answer, although these answering defendants allege that Allard was and is an officer of the corporation.

43.     Deny the allegations contained in paragraph "54" of CSCI's amended answer, and allege that Allard had certain information regarding certain payments.

44.     Deny the allegations contained in paragraph "55" of CSCI's amended answer, except allege Allard had some knowledge of certain expenses incurred by BRI in connection with Mott Haven.

45.    In answer to paragraph "56" of CSCI's amended answer, the answering defendants repeat and reallege each and every responsive allegation to paragraphs "44" through "52" of CSCI's amended answer as though fully set forth at length herein.

46.    Deny the allegations contained in paragraph "57" of CSCI's amended answer.

47.    Deny the allegations contained in paragraph "58" of CSCI's amended answer.

48.    Deny the allegations contained in paragraph "59" of CSCI's amended answer, except allege that certain alleged vendors claim that they are owed money.

49.    Deny the allegations contained in paragraph "60" of CSCI's amended answer.

50.    Deny the allegations contained in paragraph "61" of CSCI's amended answer.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

51.    On or about December 19, 2007, BRI accepted the terms of an agreement offered to BRI by CSCI that day by which all disputes between CSCI and BRI were resolved; by reason of that acceptance by BRI, any and all claims by CSCI against BRI were abrogated, and CSCI's cross-claims should be dismissed.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

52.    The cross-claims against BRI and Allard fail to state claims for which relief may be granted.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

53.    The court is without personal jurisdiction over defendant Allard with respect to CSCI's cross-claims.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

54.    The cross-claims against BRI and Allard should be dismissed by reason of a prior action between BRI and CSCI commenced in the U.S. District Court, Central Division, Massachusetts.

### AS AND FOR A FIFTH
### AFFIRMATIVE DEFENSE

55.    The cross-claims asserted by CSCI against BRI and Allard should be dismissed since they would be compulsory counterclaims in the action between BRI and CSCI which had been commenced in the U.S. District Court, Central Division of Massachusetts.

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE

56.    Upon information and belief, CSCI has waived any and all claims asserted in its cross-claim and is estopped from asserting those claims.

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE

57.    Upon information and belief, to the extent that any alleged loss occurred, and none is hereby conceded, such loss directly and proximately resulted from CSCI's own independent mishandling of its own affairs and any purported damage caused to CSCI is wholly unrelated to any purported acts, statements or alleged obligations of defendants.

### AS AND FOR A EIGHTH
### AFFIRMATIVE DEFENSE

58.    Upon information and belief, CSCI has failed to mitigate its damages.

### AS AND FOR A NINTH
### AFFIRMATIVE DEFENSE

59.    Upon information and belief, CSCI's claims are barred by release, payment and/or waiver.

### AS AND FOR A TENTH

**AFFIRMATIVE DEFENSE**

60.    Upon information and belief, CSCI's claims, or portions thereof, are barred by CSCI's failure to satisfy statutory and/or contractual conditions precedent and/or requirements.

**AS AND FOR A ELEVENTH
AFFIRMATIVE DEFENSE**

61.    Upon information and belief, any monies due or owing to CSCI, if any, are less than pleaded and/or improperly calculated.

62.    By reason of the foregoing, defendants are not liable to CSCI, or in the alternative, CSCI's claim should be reduced and defendant BRI is entitled to set-offs.

**AS AND FOR A TWELFTH
AFFIRMATIVE DEFENSE**

63.    The cross-claims asserted by CSCI in its amended answer are beyond the scope of cross-claims permitted by FRCP Rule 13(g), and therefore should be dismissed.

**AS AND FOR A FIRST
CROSS-CLAIM AGAINST CSCI**

64.    Defendant BRI is a Massachusetts corporation with an office in Blackstone, Massachusetts.

65.    Upon information be belief, CSCI is a Connecticut corporation with offices in Thomaston, Connecticut.

66.    On December 19, 2007 CSCI offered the terms of an agreement to BRI to resolve all outstanding disputes between CSCI and BRI with respect to the ConEd Mott Haven Project, Bronx, New York.

67.    At that time BRI accepted the terms of CSCI's offer.

68.    Pursuant to CSCI's offer, accepted by BRI, CSCI would pay to BRI $800,000, plus an additional $400,000 in additional charge orders, without prejudice to BRI to submit additional change orders within thirty months.

69.    BRI requests judgment against CSCI in accordance with the terms of this agreement.

## AS AND FOR A SECOND
## CROSS-CLAIM AGAINST CSCI

70.    BRI repeats and realleges each and every allegation contained in paragraphs "64" and "65" of the amended answer as though fully set forth at length herein.

71.    BRI and CSCI entered into a contract on or about May 10, 2006, for certain construction work at the Mott Haven Substation in the Bronx, in the state of New York. (the Project").

72.    BRI performed its work for CSCI in the form of contract work, as well as extras to the contract; the total contract price including all additions to the contract, total $4,943,099.

73.    Notwithstanding BRI's performance, CSCI has not paid BRI for the BRI work.

74.    BRI is owed $2,274,264.75 for CSCI.

75.    CSCI's failure to pay BRI constitutes a breach of the contract between BRI and CSCI.

76.    As a result of CSCI's breach, BRI has sustained the loss of its expectancy under the contract, and has sustained incidental and consequential damages foreseeable at the time of formation of the contract.

## AS AND FOR A THIRD
## CROSS-CLAIM AGAINST CSCI

77.    BRI repeats and realleges each allegation contained in paragraphs "70" through "76" inclusive of this amended answer as though fully set forth at length herein.

78.    CSCI received the invoice of account stated herein without objection and otherwise promised to pay all obligations.

79.    CSCI has not paid BRI on its account.

80.    CSCI owes BRI on account stated.

**WHEREFORE**, defendants Builders Resources, Inc. and Steve Allard respectively demand judgment dismissing the cross-claims against them asserted by CSCI with costs, fees and disbursements, and that BRI have judgment on its first cross-claim adjudging that CSCI must specifically perform the agreement of December 19, 2007 between CSCI and BRI; on its second cross-claim for breach of contract, judgment against CSCI for the sum of $2,274,264.75; on its third cross-claim for account stated, judgment against CSCI for the sum of $2,274,264.75.

Dated: New York, New York
          March 4 2008

<u>**JURY DEMAND**</u>

Defendants demand a jury for all counts triable before a jury.

Yours, etc.

LAMBERT & WEISS
*Attorneys for Defendants BRI and Allard*

By:    STEPHEN H. MARCUS (SHM 2370)
       61 Broadway, Suite 2020
       New York, New York 10006
       (212) 344-3100

- 10 -

To:    BAHN, HERZFELD & MUTLER, LLP
*Attorneys for Plaintiff*
*Alf Rental Company, Inc.*
555 Fifth Avenue
New York, New York 10017
Attn: Richard L. Herzfeld

TREACY SCHAFFEL MOORE & MUELLER
*Attorneys for Defendant*
*D'Onofrio General Contractors Corp.*
111 Broadway, Suite 402
New York, New York 10006
Attn: Thomas W. Moore, III

RICHARD J. GIGLIO, ESQ.
*Attorney for Defendant*
*Consolidated Edison Company*
4 Irving Place
New York, New York 10003

LEONARD J. CATANZARO, ESQ.
*Attorney for Defendnat*
*Terra Dinamica*
434 Broadway
New York, New York 10013

LINDABURY, MCCORMICK, ESTABROOK & COOPER, P.C.
*Attorneys for Defendant*
*Coreslab Structures (Conn), Inc.*
26 Broadway, Suite 2300
New York, New York 10004

BIRNBAUM & BIRNBAUM
*Attorney for Third-Party Defendant*
2 Birchwood Court
Mineola, NY 11501

H:\SHM\5790-Private-Builders\Legal\ALF\Answer to Cross-Claims 02-12-08.doc